

MICHAEL E. ALLEN
(Name)

P.O. BOX 5002
(Address)

CALIPATRIA, CA 92283
(City, State, Zip)

H-42389
(CDC Inmate No.)

1254    1983
FILING FEE PAID
Yes    No
IFP MOTION FILED
Yes    No
COPIES SENT TO
Court ✓    Pro Se

FILED
DEC 1 2 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# United States District Court
## Southern District of California

MICHAEL E. ALLEN,
(Enter full name of plaintiff in this action.)

                Plaintiff,

v.

TIMOTHY J. REILLY, DEPUTY
PUBLIC DEFENDER OF
IMPERIAL COUNTY

(Enter full name of each defendant in this action.)

            Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'07 CV 2331 JLS CAB

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
CAUSE OF ACTION OCCURRED WITHIN SOUTHERN DISTRICT OF CALIFORNIA, U.S. CT.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, MICHAEL E. ALLEN
(print Plaintiff's name)
H-42389 , who presently resides at CALIPATRIA STATE PRISON
(mailing address or place of confinement)
P.O. BOX 5002, CALIPATRIA, CA 92233 , were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at By Defendant
TIMOTHY J. REILLY on (dates) 10/18/07 , 9/26/07 , and 8/9/07 .
(institution/place where violation occurred)   (Count 1) PG 3   (Count 2) PG 11   (Count 3) PG 21
                                                   THRU — 10   THRU — 20   THRU — 25

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant __TIMOTHY J. REILLY__ resides in __IMPERIAL COUNTY__ ,
              (name)                              (County of residence)
and is employed as a __IMPERIAL COUNTY PUBLIC DEFENDER__ . This defendant is sued in
                             (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: __An Attorney Hire by the Government to defend and Protect The__
__Legally mentally incompetent IN THE CIVIL MATTER OF MICHAEL E. ALLEN CASE__
__No# EMHC0214 and protect the welfare, care and incompetent Access to courts.__

Defendant _____ resides in _____ ,
              (name)                              (County of residence)
and is employed as a _____ . This defendant is sued in
                             (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _____

_____

_____

Defendant _____ resides in _____ ,
              (name)                              (County of residence)
and is employed as a _____ . This defendant is sued in
                             (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _____

_____

_____

Defendant _____ resides in _____ ,
               (name)                              (County of residence)
and is employed as a _____ . This defendant is sued in
                             (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _____

_____

_____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: IMPEDING AND OBSTRUCTING

ACCESS TO COURTS, WITH ACTUAL INJURY

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

(1) On August 9, 2007 Plaintiff was found to be legally mentally incompetent by a court of competent Jurisdiction Ex # 1

(2) Defendant Timothy J. Reilly, Deputy Public Defender of Imperial County was Appointed by Imperial County Superior Court in the civil matter of Michael E. Allen Case No# EMH00214

(3) Plaintiff Alleges in the matter of Michael E. Allen, Case No# EMH00214, Defendant Reilly has legal care and management of the incompetent Michael E. Allen, who can not act for Himself and to Protect the interest of the incompetent, Care, welfare and access to courts.

(4) Plaintiff Alleges In the matter of Michael E. Allen, case No# EMH00214 in Imperial County, There was no other Guardian or Protector of Rights except officer of the court Defendant Reilly.

(5) Incompetent Plaintiff Michael E. Allen, Have a constitutional Right of Access To courts within Bounds v. Smith 460 U.S. 817 (1977).

(6) The Legally mentally incompetent Michael E. Allen, Has a statutory Procedural Due Process Right Thats Grounded in california welfare and Institutional Code sec. 5325.1, The same Rights and Responsibilities guaranteed by others of The federal Constitution and Laws which includes Access to courts.

(7) On August 9, 2007, Incompetent Plaintiff told Defendant Reilly Plaintiff Have a matter pending in the United States District court, central District of california, Allen v. Barnes case No#95-5429-CAS-RZ and Defendant Reilly need to notify them to protect Access to courts and

To protect the interest of the Legally incompetent. Ex# a, Declaration.

(8) On September 6, 2007 Again incompetent plaintiff told Timothy J. Reilly Defendant. There is a matter in the U.S. District court, central District of California Allen v. Barnes And incompetent plaintiff Access to courts and interest need protecting. Ex# 2 Declaration of Michael 9. Allen.

(9) After Defendant Reilly was informed of pending action on August 9, 2007 and September 6, 2007. in the case of Allen v. Barnes Defendant Reilly took no Action to protect the Legally mentally incompetent Access to courts or Protect the Legally incompetent interest in the case of Allen v. Barnes.

(10) On September 18, 2007. Incompetent Plaintiff was notified by the United States District court, Central District of California a Post settlement Judgment Ex#3. Post Settlement Report.

(11) Plaintiff Receive the letter dated September 18, 2007, from the United States District court on September 25, 2007 Ex# 4 mail log.

(12) On September 25, 2007 Defendant Reilly was written "Ex#5 mail Log" with all the information to the united states District court, Central District of California with a form enclosed for Request for Reasonable Accommodations and to protect the interest of the Legally incompetent Ex#2

(13) On September 26, 2007 The State Bar of california was written on Defendant Reilly Ex#5 mail Log Line 9 and a Inquiry number #07-26345 informing the state Bar How Defendant Reilly is suppressing incompetent evidence that need to ward off wrongful settlement on the incompetent and a Attorney as a member of the state Bar has a legal obligation to Reveal or to produce under california Rules of Professional conduct Rule 5-220 and Promptly comply with Reasonable Request for information and copies of significant documents thats grounded in Rules of Professional conduct Rule 3-500 of the state Bar and california Business and Professional code see. 6068 (m)

(14) At no time from August 9, 2007 To October 29, 2007 Did Defendant Reilly Act on the information plaintiff inform Him 8-9-07 or 9-6-07 OR The Letter written on September 25, 2007 To protect the incompetent Access to courts and Legal interest in Allen v. Barnes.

(15) At no time from August 14. 2007 To october 29, 2007, did Defendant Reilly as a protecter of the incompetent plaintiff's Rights to Access to courts did not file Any type of motion with the U.S. District Court, Central District of california Allen v. Barnes to ward of settlement and Protect the incompetent interest.

(16) on october 18. 2007 The United States District court in the case of Allen v. Barnes Enter Judgment on the incompetent plaintiff with no trail Rights on damages or mondary funds of $10,000 EX#6. Judgment.

(17) On october 18. 2007. The Judgment on plaintiff lost trail Rights and $10.000 Thousand in monetary damages EX# 7 Relief in complaint of of Allen v. Barnes when plaintiff was severly beaten. and knocked unconscious.

(18) Defendant Reilly as a protecter of plaintiff Rights to Access to courts did not notify the The U.S District court Central District of california That no claim on the incompetent shall be enter settled compromised or dismissed. EX# 8 Central Dist. of calif. Rules

(19) On october 31. 2007 while in Imperial county superior court gave open envelope of confidential Attorney and client communication Protected by the first Amendment to a unknown correctional officer of Calipatria State Prison a employee and Agent of the investigating Agency that filed charges on plaintiff. That Have a Linson office with the Imperial County District Attorney office. the open envelope Defendant gave to the investigating Agency was privilege Attorney and client communication of incompetent documents. which falls under Docter and patient privilege Also.

(20) At no time did Defendant Reilly protect the incompetent, Attorney and Client communication grounded within the 1st amendment of the United states constitution when gave open Attorney and Client communication to employee of the Investigating Agency.

(21) At no time did plaintiff consent for confidential Attorney and Client information given open to the investigating Agency to Read.

(22) Defendant Reilly impeded and obstructed Access to courts in failing to protect the incompetent Legal interest. Access to courts that cause the lost of trail Rights and $10,000 in monetary damages.

(23) If it wasn't for Defendant Reilly impeding and obstructing Access to courts and protecting incompetent Plaintiff/client Rights and Access to courts no wrongful settlement would Have been enter on the incompetent loosing trail Rights and $10,000 in monetary damages.

(24) Defendant Reilly from 8-9-07 To 10-29-07 impeded and obstructed Access to courts by suppressing significant incompetent documents and evidence necessary to ward off wrongfull settlement on october 11, 2007. EX#__3__ Post settlement Report deadline date

(25) Defendant Reilly did not protect incompetent Rights or Access to courts by not Referring plaintiff case To Protection and Advocacy To fulfill The Requirements and ASSURANCES of the Federal Protection Advocacy for the mentally ill individuals within the Amendment Act of 1991, contained in chapter 114, commencing with section 10801 of the Title 42 of the united State Code, for the Protection And Advocacy of Rights of people with Disabilities including people with mental illness as defined in section 10802(4) of Title 42 of the United States Code to Protect Access to courts.

(26) Defendant Reilly did not protect incompetents Rights or Access to courts by Referring Plaintiff case to The California state Protection and Advocacy To protect The Rights of Those with Disabilities under California welfare and Institutional Code sec. 4900 a statutory Due Process Precedural Right to protect the incompetent equal Access to courts and people with disabilities.

(26) Defendant Reilly did not file a motion with the united States District Court, Central District of California Federal Rule of Procedure Rule 17(c) for the incompetent plaintiff to be Appointed a Guardian further obstructing Access to courts and not protecting the incompetent equal Access to courts.

(27) On November 12, 2007 Plaintiff filed a Petition for writ of Habeas Corpus, Penal commitment for the illegal confinement and to contest Antipsychotic medication Ex #__9__ Habeas Corpus Penal commitment.

(28) On November 12, 2007 Defendant Reilly failed to protect the incompetent equal Access to courts when its a statutory Procedural Right Defendant Reilly either Represent the issues in Habeas Corpus Penal commitment or make sure a Attorney is Appointed under welfare and Institutional code Sec. 5256.4 Assistance by An Attorney.

(29) At all times mention Defendant Reilly was Acting under color of Authority of state and county law within the scope of his employment as a supervisor and Chief Deputy Public Defender is sued in his individual capacity.

<u>CLAIM</u>

<u>FIRST CAUSE OF ACTION</u>

<u>VIOLATIONS OF FIRST AMENDMENT RIGHTS</u>

<u>OF THE UNITED STATES (CONSTITUTIONAL LAW)</u>

<u>I.</u>

Defendant Reilly, impeded and obstructed Access to courts in Violation of incompetent plaintiff First Amendment Rights of The United states Constitution when:

<u>In Paragraph #9</u>, Defendant Reilly was informed of pending Action on August 9, 2007 and September 6, 2007 in the case of Allen v. Barnes Defendant Reilly took no Action to protect the Legally mentally incompetent Access to courts and Protect the Legally incompetent interest in the case of Allen v. Barnes.

<u>In Paragraph #14</u> At no time from August 9, 2007 to October 24, 2007 Did Defendant Reilly Act on information plaintiff inform him on 8-9-07 or 9-6-07 or letter written on September 25, 2007 To protect the incompetent Access to courts and legal interest in Allen v. Barnes.

IN PARAGRAPH # 16, on October 18, 2007, the United States District court in the case of Allen v. Barnas enter Judgment on the incompetent plaintiff with no trail Rights and lost of $810,000 Thousand in monetary damages.

In paragraph # 23  If it wasn't for Defendant Reilly impeding and obstructing Access to courts and protecting incompetent client/Plaintiff Rights and Access to courts no wrongful settlement would Have been enter on the incompetent loosing Trail Rights and The lost of $810,000 in monetary damages.

In paragraph, # 25, Defendant Reilly did not protect incompetent Rights or Access to courts by not Referring plaintiff case to Protection and Advocacy to fulfill the Requirements and Assurances of the federal Protection Advocacy for the mentally ill individuals within the Amendment Act of 1991, contained in chapter 114, Commencing with Section 10801 of the Title 42 of the United States Code for the Protection and Advocacy of the Rights of people with disabilities including people with mental illness as defined in section 10802 (4) of Title 42 of the United States code That also Protects The Access to courts of These people with disabilities.

In paragraph # 26, Defendant Reilly did not protect incompetent Rights or Access to courts by Referring plaintiff CASE to the California State Protection and Advocacy To Protect the Rights of people with disabilities under California welfare and Institution section 4900 a statutory Due Process Procedural to protect the incompetent equal Access to courts and people with disabilities.

In paragraph # 28 Defendant Reilly did not protect the incompetent equal Access to courts when its a statutory Procedural Right. Defendant Reilly either Represent issues in Habeas Corpus Penal Commitment or make sure a Attorney is Appointed under welfare and Institional code section 5256.4 Assistance by a Attorney

CASE LAW IN SUPPORT of
FIRST CAUSE OF ACTIONS

Prisoners Have Constitutional Right of Access to courts. Bound v. Smith, (1977) 430 U.S. 817, 821, 97 S.Ct. 1441, 1494, 52 Led 2d 72.

The Right of Access to courts includes services needed and to file court papers Gluth v. Kangas, (9th cir. 1991) 951 f.2d 1504, 1509. The court Has since Acknowledge that the Right of Access to courts extends to civil Rights cases. Wolf v. McDonnell, (1974) 418 U.S. 539, 579, 94 s.ct. 2963, 2968, 41 Led 2d 935.

The Legally mentally incompetent has a statutory Procedural Due Process Right. The same Legal Rights, Responsibilities guaranteed all others Persons by federal Constitutional and Laws. California Welfare and Institutional Code sec. 5325.1

### FIRST CAUSE OF ACTION
### SHOWING FIRST AMENDMENT RIGHTS
### VIOLATIONS WITH "ACTUAL INJURY"

Defendant Timothy J. Reilly failure To Protect the incompetent Right to Access to courts grounded within The First Amendment of the United States Constitution caused the Actual injury when:

In paragraph # 16, on October 18, 2007, The United states District court in the case of Allen v. Bonos enter judgment on the incompetent plaintiff with no trail Rights and the lost of $810,000 Thousand in monetary damages

In paragraph # 17 on October 18, 2007 Judgment on plaintiff lost of trail Rights and $810,000 in monetary damages, Relief in complaint when plaintiff was Severely beaten and knocked unconscious.

### CASE LAW IN SUPPORT
### of FIRST AMENDMENT RIGHTS
### VIOLATION SHOWING ACTUAL INJURY

Actual Injury Claim that Raises out of Access to courts are Actionable under Lewis v. Casey.

Prisoners possess Right of Access to Courts not only to pursue Appeals but also Assert Civil Rights Action. Madid v. Gomez, "9th cir 1999' 190 f.3d 990

Plaintiff Have a Right to Access to courts to not be impeded or obstructed.

Access to courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or Appropriate in order to commense or prosecute court proceeding Affecting Access to courts. Hatfield v. Balleaux, 290 f.2d 632, 637 "9th CIR 1987"

## - RELIEF -

WHEREFORE PLAINTIFF HEREBY REQUEST THE FOLLOWING RELIEF FOR IMPEDING and OBSTRUCTING ACCESS TO COURTS WITH ACTUAL INJURY:

I. $ 816,000 in monetary damages in the sum of $810,000 thousand dollars for the Impeding and obstructing The Access to courts with Actual Injury of the Legally mentally incompetent which Defendant Reilly was a protector of the incompetent Michael E. Allen Access to courts and Rights.

Dated 11-28-07

Respectfully Submitted

Michael E. Allen - H42389

## - VERIFICATION -

Plaintiff declare under the penalty of perjury the foregoing is true and Correct under the laws of the State of California. Executed This November 28, 2007, in Calipatria, California, Imperial County

Submitted.

Michael E. Allen - H42389
Declarant

<u>Count 2</u>: The following civil right has been violated: RETALIATION FOR EXERCISING

(E.g., right to medical care, access to courts,

FIRST AMENDMENT RIGHTS WITH REQUEST FOR PUNTIVE DAMAGES

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

(30) On September 26 2007 The STATE BAR of California was written with A complaint on Defendant Reilly on the behalf of plaintiff, for supressing incompetent documents, not protecting incompetent plaintiff Access to courts and allowing the Breach of Attorney and client Communication by the Investigating Agency

(31) On November 2, 2007, A complaint and Claim for Damages was mailed to Imperial County Board of supervisors on Defendant Reilly, for The liability for injury's that occurred in Access to court case Allen v. Barnes

(32) ON November 12, 2007, Plaintiff filed a Petition for writ of Habeas Corpus- penal commitment Ex # 9   on part due to Defendant Reilly fail to correct errors and challenge prior conviction which makes current commitment to mental facility illegal. Ex # 9 writ

(33) ON November 15, 2007, Plaintiff filed a complaint on Defendant Reilly in Imperial County Superior Court, About Breach of Attorney and client Communication, failing to investigate, unlawfull wrongfull Approval of Antipsychotic medication and The Mental Health Report didn't state the likely or potential side effects of the Antipsychotic medication  Ex#10 complaint

(34) Plaintiff have a First Amendment Right to file grievances without Retaliatory Action being taken is clearly established law.

(35) Defendant Reilly Retaliated on the legally mentally incompetent for exercising First Amendment Right to file grievances when:

(36) Defendant Reilly, the Approval and Administration of Antipsychotic <sup>Allowed</sup> mind Altering medication and when it was brought to Defendant Reilly Attention on October 31, 2007 and November 29, 2007, Defendant Reilly Again fail to protect the incompetents Rights.

(37) Defendant Reilly Knew in The Mental Health Evaluation Report state" patient was Appropriately dressed and groomed, free from any easily Recognizable impairments, sat quietly, made good eye contact, cooperative through out interview. Patient spoke in a normal tone of voice, speech Average free PREOCCUPATION, obsession and suicidal and Homicidal ideation. Plans or intent, No Auditory and visual Hallucination and other perceptual Abnormalities. Alert, with stable level of consciousness Thought at interview and was oriented to person, place and Reason for interview Ex# 11 Mental Health Evaluation Report. This Evidence shows Plaintiff Have no Psychotic symtoms and no Psychotic symtoms As stated" in Medline plus Health information as follows:

(38) Medline Plus Trusted Health Information. A service of the United States National Library of Medicine and National Institute of Health, shows all the symtoms of Psychotic" Loss of touch with Reality, seeing, Hearing, feeling or otherwise perceiving things that are not there Hallucinations, Disorganized speech or thoughts, Abnormal emotions, extreme excitement" mania", confusion, Depression and sometimes suicidal thoughts, unfound fear or suspicion, mistaken perception, illusions, false beliefs, delusions and inability to take care of oneself Ex# 12. Medline Plus Trusted Health information

(39) Mental Health Evaluation Report Ex# 11 showed incompetent plaintiff with no psychotic symtoms listed in Medline Plus Trusted Health Information That list psychotic Symtoms. Ex# 12.

(40) Defendant Reilly Retalinted by failing to protect The incompetent Plaintiff Statutory Procedural Due Process Rights under Lanterman-Petris-Short Act of California welfare and Institutional Code Section 5325.1. "A Right to Humane care, A Right to be free from Harm, including unnecessary medication, A Right to be free from Hazardous Procedures and medication shall not be used As A punishment.

(41) Defendant Reilly Retalinted by failing to Protect Incompetent plaintiff constitutional protected liberty interest in Avoiding the wrongfull Administration

And Approving of Antipsychotic medication under the due process clause of The fourteenth Amendment. People v. O'Dell "App 3. Dist. 2005" 23 Cal. Rptr. 3d 902,126 Cal. App. 4th 562. Constitutional Law Key 255(5).

(42) Defendant Reilly, is a officer of the court, a person that pass the state Bar of California, a supervising Attorney in The Imperial County Public Defenders office, a Protector of the Incompetents Rights in the civil matter Michael G. Allen. Retaliated by failing to protect incompetents Rights to be free from wrongful administration of Antipsychotic psychotropic medication when incompetent plaintiff / patient had no psychotic symtoms, and There was competent Reason why Defendant Reilly fail to contest this or challenge the above from August 9. 2007 To November 29, 2007 outside of plaintiff exercising first Amendment Rights and filing complaint on Defendant Reilly, for no other competent Attorney would Allow the Approval of Antipsychotic drug on a patient with no psychotic symtoms.

(43)  Incompetent Plaintiff Have a statutory Procedural Due Process Right under California Penal code 1369 (a) That Psychiatrist inform the court of Their opinions as to Possible side effects likely or potential side effects EX # ___13___ Line. 19-20

     This is crucial to the safety of incompetents Health due to the numerous Health problems and symtoms of Crohns Disease EX #14 and the current medications  as to any Adverse effect for symtoms. EX #14  pg #3

(44) Defendant Reilly Retaliated by failing to protect the incompetent Statutory Due Process Right under California Penal code Section 1369 (a) That mental Health evaluation Report. Psychiatrist inform the court of The opinions as to possible side effects likely or potential side effects of Antipsychotic medication.

(45) At no time did incompetent plaintiff give inform consent to Antipsychotic Medication and did not waive the Right to Accept or Refuse the proposed treatment for Any Reason At any time Prior to or between treatment pursuant statutory Rights in California welfare and Institutional code sec. 5326.2.

(46) At no time did incompetent plaintiff give written consent, written consent

13

for the Approval of Antipsychotic medication for psychotic symtoms plaintiff don't have and written Consent to Antipsychotic medication. psychotropic mind Altering drug was not given pursuant to Statutory Procedural Rights of California welfare and Institution Code section 5326.5 written consent.

(42) Defendant REILLY Retaliated and fail to protect incompetent plaintiff Statutory Procedural Right under California welfare and Institutional code section 5332(a) The Right to Refuse Antipsychopic medication.

(43) Defendant Reilly Retaliated and failed to protect incompetent plaintiff Rights under the first Amendment of the U.S. Constitution Right to equal Access to courts by not Referring the case of Allen v. Barnes or Allen v. Rousseau when the incompetent was subject to sanctions and dismissal. EX#15, order to show CAUSE" To Protection and Advocacy for the mentally ill individuals within the Amendment Act of 1991. Contain in chapter 114 commencing with Section 10801 of Title #42 of The United States Code for the Protection and Advocacy of Rights of people with Disabilities including people with mental illness as defined in Section 10802(4) of Title 42 that also embraces equal Access to courts with people with dischilities.

(44) Defendant Reilly Retaliated and failed to protect incompetent plaintiff's Rights under the first Amendment of the U.S. Constitution Right to equal Access To courts by not Referring The case of Allen v. Barnes and Allen v. Rousseau to California State Protection and Advocacy To protect the Rights of those with disabilities under California welfare and Institutional Code Section 4900, a Statutory Due Process Right to protect the incompetent equal Access to courts and people with disabilities.

(45) Defendant Reilly Retaliated, for he was the protector of the incompetents Rights and At All times, fail to protect the incompetent equal Access to courts causing The case of Allen v. Barnes EX # 6 Judgment to be enter on the incompetent Loosing TRAIL Rights and The lost of $810,000 monetary damages and in the case of Allen v. Rousseau EX#15 Sanctions

dismissal with the lost of $2,350,000 million dollars Ex# 16.

(46) If it wasn't for the complaints on Defendant Reilly to the state Bar, Imperial County Board of supervisors and the court there is no legitimate interest in not protecting the incompetent Rights of equal access to courts or Refer the Civil case of Allen v. Barnes and Allen v. Rousseau to federal Protection and Advocacy or California State Protection and Advocacy outside of callous disregard for federal and state Protected Rights for the incompetents Rights to equal access to courts, for those people with disabilities.

(47) Defendant Reilly Retaliated by not protecting the incompetent equal access to courts in the case of Allen v. Barnes and Allen v. Rousseau, and the only person plaintiff knew of to protect access to court for cases will not be dismissed on the incompetent was Defendant Reilly.

(48) Defendant Reilly Retaliated by not protecting the incompetent First Amendment Right to Attorney and client unobstructed confidential communication with Attorney. Timothy J. Reilly. when:

(49) Incompetent plaintiff Have a First Amendment Right under the First Amendment to unobstructed confidential communication with Attorney Procuniee v. Martinez 410 U.S. 396, 416.

(50) Defendant Reilly further Retaliated when Defendant Reilly had the incompetent to choose between two Constitutional Rights, The First Amendment to unobstructed confidential communication and The fifth Amendment Right not to self incriminate one self, when:

(51) Defendant Reilly been on Notice since June 2007 That All inmate calls place on interfacility and inmate telephones maybe subject to monitering and Recording at the institutional facility by staff Ex# 17

(52) Defendant Reilly after being on Notice that Calipatria state Prison facility A visiting Room inmate telephones are monitered continue to discuss First Amendment Rights of Attorney and client confidential information over inmate telephones subject to monitoring and Recording by the calipatrial

State Prison institution, the investigating Agency who filed charges on plaintiff and Calipatria State Prison Institutional staff are coworkers employee and agents of the Investigating Agency that has a liason office with the Imperial County District Attorneys office. EX# 18

(53) Incompetent plaintiff did not consent to discussing Attorney and Client confidential communication protected by the First Amendment or Have the Investigating Agency monitor or Record Attorney and Client communication.

(54) Defendant Reilly continue to Retaliate and discuss First Amendment Rights of Attorney and Client communication over monitor inmate telephones by the investigating Agency California Department of corrections, when there is A Appropriate Attorney and Client visiting booth to protect Attorney and Client communication under the First Amendment. EX# 19 Declaration of inmates

(55) Defendant Reilly continue since July 2007 to 11-29-07 after being informed of Breaches in Attorney and Client communication protected under the First Amendment continue to discuss Attorney and Client protected communication in Imperial County Superior Court, courtroom, in front of 15 to 20, EX# 20 employee's and agents of the investigating Agency Calipatria State Prison and in front of prisoners that could be informants or debrief for the EX# 19/20 investigating Agency when there is appropriate Attorney and Client visiting booths in Department #5 Imperial County Superior Court El Centro and the courtroom is very small so everything is overheard. EX# 19/20.

(56) Defendant Reilly Retaliated by not protecting incompetent Attorney and client communication under the First Amendment of the U.S. constitution and statutory Procedural Rights of California Penal Code Section 636 that prohibits eavesdropping between prisoners and Attorneys.

(57) Defendant Reilly Retaliatory Actions of failing to protect Attorney and client communication grounded in the First Amendment cause plaintiff to not understand the nature of the proceeding. EX# 21 and EX# 11 pg#2 line #8.

(58) If it wasn't for plaintiff complaining on Defendant Reilly there is no Reason outside Retaliation for exercising First Amendment Rights that

Defendant Reilly to continue to Breach and Allowed the investigating Agency employees and agents to listen to privilege Attorney & Client communication protected by the first Amendment except for a callous disregard for federal protected Rights.

(59) Defendant Reilly continue to Retaliate, when Defendant Reilly failed to protect the incompetents Rights and as Defendant Reilly being a officer of the court and protector of incompetents Rights in the civil matter of Michael E. Allen, fail to contest, challenge unconstitutional conviction and sentence improperly tried and convicted, unconstitutional price convicted for acts perform while suffering from insanity under a drug therapy EX# 22 medical expert report, and suffered Head Trauma, didn't know Right from wrong, issues never raise on Appeal or mental defense present in trail and Defendant Reilly fail to file a writ of cornam Nobis or Habeas Corpus or motion challenging the unlawful sentence and conviction as a officer of the court, protector of the incompetent's Rights. when there is a strong possibility the September 6, 2007 commitment to a mental Health facility is the fruit of the Poisonous Tree Doctrine, the direct products of a illegal convictions for the Law prohibits the conviction of the incompetent under a devasting drug therapy and Head Trauma EX# 23 for not only do fruits of a Poisonous Tree Doctrine apply, for if Plaintiff is wrongfully confined in California Department of Corrections and improperly tried convicted under a drug therapy and for Acts convicted for while suffering from insanity and drug therapy COC can't come and ask Imperial county Superial court to come to its Aid, a court of competent Jurisdiction for Clean Hands Doctrine Apply.

(60) Defendant Reilly continue to Retaliate as a officer of the court Protector of incompetent Rights turn a blind eye to the miscarriage of Justice and fundamental constitutional error in the matter of Michael E. Allen, case No# EMH00214 and if it wasn't for the complaint to the California State Bar, Imperial county Board of Supervisors, the court Complaint in imperial county plaintiff do not believe the callous disregard

for federal protected Rights of the incompetent would have occurred.

## II
## SECOND CAUSE OF ACTION
## RETALIATION FOR EXERCISING FIRST
## AMENDMENT RIGHTS

Defendant Reilly took Retaliatory Actions Against The Legally mentally incompetent for exercising First Amendment Rights, by the failure to protect the incompetents Rights, allowing the Approval of Antipsychatic psychotropic mind altering medication, when incompetent patient has no symtoms of Psychotic, that a chilling effect, further Retalinted by not protecting Access To courts by nd Referring The Case of Allen v. Barnes or Allen V. Russeau To The federal Protection and Advocacy or California State Protection and Advocacy causing obstruction and impedeing the Access to courts by people with disabilities that have equal Access to courts.

In paragraph#s 37 Through 47 Retaliation Issues for exercising First Amendment Rights.

Defendant Reilly Continue to take Retaliatory Action by not protecting the incompetent First Amendment Right to Attorney and client unobstructed Communication. Had incompetent plaintiff choose between two constitutional Rights. The 1st Amendment to unobstructed Communication and 5th Amendment Right Against self incrimination and failed to protect incompetent Rights, fruit of Poiscnous Tree and clean Hands Doctrine when incompetent plaintiff was improperly tried. Convicted for Acts perform under insanity, incompetent didn't Know Right from wrong under a drug therapy and Head Trauma that makes a misscarriage of Justice and fundamental constitutional error, which Defendant Reilly is Retalinting ^by not filing any type of writ of coram nobis or Habeas Corpus leaving incompetent to die in mental facility under a injustice.

In paragraph# 48 Through 60 Retaliation Issues occurred for exercising First Amendment Rights where there a callous disregard for federal protected Rights and a Reckless indifference.

II

CASE LAW FOR

RETALIATION FOR EXERCISING

FIRST AMENDMENT RIGHTS

Pure Retaliatory Action taken against a prisoner "incompetent" for exercising 1st Amendment Rights undermine those procedural protections and such action violates the constitution. Pratt v. Rowland. 65 f.3d 802,806 (9th cir 1995) citing RHODES V. ROBINSON, (9th cir 2004) 380 f.3d 1130.

The prohibition against Retaliatory punishment is clearly established in the Ninth circuit and Retaliatory Action for exercising 1st Amendment Rights is Cognizable under 1983 and Has been widely Accepted in other circuits. Shroeder v. McDonald, 55 f.3d 454, 461; Barnett v. Centoni, 31 f.3d 813 815.

In this here in case plaintiff is not only a prisoner but invokes the Rights of the Legally mentally incompetent and Defendants Reilly action was not tailored to Advance legitimate goals. Resnick v. Hayes 213 f.3d 443, 449 (9th cir 2000).

II

CASE LAW IN SUPPORT OF

— PUNITIVE DAMAGES —

FOR CAUSE OF ACTION II.

Defendant Reilly acted with evil motive. Intent and callous disRegard for federal protected right. Reckless indifference to federal Protected Rights of incompetent plaintiff constitutional Rights when:

Allowed the Approval of a Antipsychotic medication on a incompetent patient with no psychotic symtems. fail to protect the incompetents Rights, disRegarded incompetent equal Access to courts and did not Refer the case of Allen v. Barnes. Allen v. Russeau to the federal Protection and Advocacy or state Protection and Advocacy, allowed incompetent to choose between two protected constitutional Rights of the 5th Amendment not to incriminate one Self and the Right to 1st Amendment unobstructed communication with Attorney and As Defendant Reilly being a officer of the court turn

19

a blind eye to the miscarriage of Justice and fundamental constitutional errors and mental Defense never Raise in trail or Appeal when incompetent was wrongfully convicted and sentence under a drug therapy and side effects didn't no Right from wrong and Head trauma and if it wasn't for the exercise of 1st Amendment Rights This Retaliation by Defendant Reilly would not have occurred and This is a claim for punitive damages for Retaliation and Reckless disregard of Federal Protected Rights.

IN Paragraph # 37 through 60, punitive damages are need for violating clearly established law and callous disregard for federal protected Rights of incompetent plaintiff.

Punitive damages are Appropriate in Action under 42 u.s.c. 1983, where there is a showing of defendants evil motive or intent or callous disregard for Federal protected Rights of plaintiff. Smith v. Wade (1983) 461 U.S. 30, 103 S.Ct. 1625, 75 Led 2d 632; citing Armster v. City of Riverside 611 f. Supp. 103 (Central Dist. Cal. 1985).

The Jury may Award punitive damages in civil Rights Action under 1983 when defendant conduct was driven by evil motive, or intent or when it involves Reckless or callous indifference to constitution Rights of others. Morgan v. Woessner, 997 f.2d 1244 (9th cir. 1993).

## - RELIEF -

Wherefore plaintiff pray for punitive damages for Reckless and callous disregard for Federal Protect Rights of plaintiff as follows:

II. $2,350,000 million dollars Against Defendant Reilly for the callous disregard for federal protected Rights on the incompetent plaintiff.

Dated: 11-28-07

Respectfully submitted,

Michael G. Allen #42389

## - VERIFICATION -

I declare the foregoing is true and correct under the penalty of perjury

Dated: 11-28-07

Submitted,

Michael G. Allen H42389 Declarant

20

Count 3: The following civil right has been violated: FORCE THE LEGALLY MENTALLY

(E.g., right to medical care, access to courts,

INCOMPETENT TO CHOOSE BETWEEN TO CONSTITUTIONAL RIGHTS AND MENTAL.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

AND EMOTIONAL DAMAGE AND VIOLATIONS OF ATTORNEY

AND CLIENT COMMUNICATION GROUNDED IN THE 1st AMENDMENT

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

(62) Incompetent plaintiff Have a 1st Amendment Right to unobstructed confidential Communication with Attorney. Procunier v. Martinez (1974) 410 U.S. 396, 419.

(63) Incompetent plaintiff have 5th Amendment Constitutional Right to not incriminate one self.

(64) Defendant Reilly was notified all inmate calls place on intrafacility and inmate telephones may be subject to monitering and Recording at any time by institutional staff. Ex#2 and Exhibit#17

(65) Defendant Reilly on two occasion and on 10-30-07 visited plaintiff at calipatria State Prison facility A visiting Room To discuss 1st Amendment Attorney and client confidential communication over monitered inmate telephones by the Investigating Agency calipatria State Prison who filed charges on plaintiff and Have a Liason office with the Imperial County District Attorney's office. Ex#18

(66) Plaintiff at all times did not consent to 1st Amendment Attorney and client communication being Breached and eavesdropped on. Ex#2

(67) Incompetent plaintiff not only Have Attorney and client communication grounded in the 1st Amendment of the United States constitution but Also a statutory Procedual Right in california Penal Code sec. 636 eavesdropping between prisoners and Attorneys is prohibited by the investing Agency.

(68) Defendant Reilly, continued to violate incompetent plaintiff 1st Amendment Rights of Attorney and client communication over moniter telephones by the investigating Agency, when their Appropriate visiting Booths and in the court Room Jury Box in front of 15 To 20 correctional officer, employee, Agents and coworkers of the Investigating Agency CDC calipatria allowing Eavesdropping on Attorney and client communication

when there is designated Attorney and client visiting Room in Department #5 Imperial County Superior Court. EX 19/20 See Declaration of Prisoners in support.

69) At no time did Defendant Reilly file a court order to have confidential calls with the institutional Head, warden at Calipatria State Prison To protect 1st Amendment Right of Attorney and client communication. EX # 17

70) At no time did Defendant Reilly utilize the confidential mail system to protect 1st Amendment Rights of Attorney and client communication.

71) Defendant Reilly did not exercise the confidential call system. Legal mail system or Appropriate Attorney Booth to protect the incompetent 1st Amendment Rights to Attorney and communication but at all times allowed the eavesdropping on Attorney and client communication over monitored telephones and in Jury Box in front of 15 to 20 employee's, coworkers and Agents of the Investigating Agency Calipatria State Prison. EX #19/20 Declaration of Prisoners.

72) Defendant Reilly have a statutory procedural Law under california state Bar Rules of Professional Conduct Rule 3-100 To protect Attorney and client Communication. this professional conduct Rule 3-100 is grounded within the 1st Amendment of the United States Constitution, Attorney and client confidential communication.

73) Defendant Reilly have a Procedural Law under california Business and Professional Code Section 6068 (e)(1) "A duty of a Attorney to maintain inviolate confidence at every peril to himself and to preserve secrets of clients.

74) Defendant Reilly violated california State Bar Rules of Professional conduct to protect Attorney and client communication Rule 3-100 and Business and Professional Code sec. 6068(e)(1) to preserve secrets of clients. which is grounded within the 1st Amendment of the U.S Constitution a duty of Attorney to perserve the confidentiality of client information is the Hallmark of Attorney and client Relationship to seek legal assistance, to communicate fully and frankly.

75) Defendant Reilly violation of incompetent plaintiff 1st Amendment Rights of Attorney and client Communication over inmate monitor telephones and Conversation in front of the investigating Agency, employee's. unable to discuss

embarassing subject matters, caused plaintiff to not trust Defendant Reilly And unable to understand the nature of the court proceedings and unable to to assist counsel in a rational manner which plaintiff was declared incompetent Ex#11/21 with mental illness, and Ex#10 complaint.

(76) Plaintiff would have to yeild his 1st Amendment Rights to priviledge Attorney and client communication consenting to moniteer conversation over the inmate telephone by the Investigating Agency and Attorney and client communication in the courtroom jury box in front of Investigating Agents Coworkers and prisoners that could be informants or exercise the Right to Remain silent and not incriminate myself a 5th Amendment Protection of the United States Constitution.

(77) No person should have to choose between two constitutional Rights but should be able to enjoy both and this burden should not be place on those that Legally mentally incompetent.

(78) Defendant Reilly failure to protect the Legally mentally incompetent 1st Amendment Rights and the 5th Amendment Right not to self incriminate, was the cause of plaintiff emotional and mental stress, that plaintiff was declared Legally mentally incompetent for unable to Assist counsel in a Rational manner of violating plaintiff 1st Amendment Rights to Attorney and client confidential communication and at all times exercising the Right under the 5th Amendment not to incriminate one self and should not have to choose between two constitutional Rights.

III

THIRD CAUSE OF ACTION

Defendant Reilly force the incompetent plaintiff to choose between two constitutional Rights when:

In Paragraph # 76 Plaintiff had to yeild 1st Amendment Rights to privilege Attorney and client communication or consent to monitering conversation over the inmate telephone by the investigating Agency and Attorney and client communication in the courtroom jury box in front of the investigating Agency coworkers and prisoners that could be informants or exercise the Right to Remain silent and not incriminate myself a 5th Amendment Protection of the United States Constitution.

23

Plaintiff Have a constitutional Right not to choose between two protected constitutional Rights.

Plaintiff Has 1st Amendment Right to privacy of Attorney and client communication where Attorney visits and communication could be visually observed but not overheard, listen to or Recorded. Lopez v. Robinson 914 f.2d 486, 494, Ching v. Lewis, 895 f.2d 608, 610.

(b)

Defendant Reilly violated and fail to protect the incompetent 1st Amendment Right of the U.S constitution when:

In paragraph #65, Defendant Reilly on two occasions and on 10-30-07 visited plaintiff at Calipatria State Prison A-facility visiting Room to discuss 1st Amendment Attorney and client confidential communication over inmate monitored telephones by the Investigating Agency Calipatria state prison, who filed charges on plaintiff and Have a Liason office with the Imperial County District Attorney office.

In paragraph # 66 Defendant Reilly continued to violate incompetent plaintiff 1st Amendment Rights by Breaching Attorney and client communication in a courtroom Jury Box in front of 15 to 20 correctional officers, employee's Agents and coworkers of the Investigating Agency CDC calipatria allowing eavesdropping of Attorney and client communication.

Prisoners are entitled to unobstructed and confidential communication with Attorneys. Procunier v. Martinez, (1974) 416 U.S. 396, 419-22 94 S.Ct 1800

Unwritten Regulations, practices that unjustifinable obstruct The Availability of Professional Representation or other Aspects of Right to Access to courts are invalid. Procunier v. Martinez (1974) 410 U.S.396, 419, 94 S.Ct 1800

Plaintiff has 1st Amendment Right to privacy of Attorney and client communication where Attorney visits and communication could be visually observed but not overheard, listen to or Recorded. Lopez v. Robinson, (9th cir 1990) 914 f.2d 486, 494, Ching v. Lewis, 895 f.2d 608, 610 "9th cir 1990".

-24-

- C -

## EMOTIONAL AND MENTAL DAMAGE
## FROM THE CHOOSING BETWEEN
## TWO CONSTITUTIONAL RIGHTS
## AND FIRST AMENDMENT VIOLATIONS

Defendant Reilly caused mental and emotional distress when:

In paragraph # 75, Defendant Reilly violation of incompetent plaintiff 1st Amendment Right over inmate monitered telephones and conversation in front of the investigating Agency, employee's, unable to discuss embarrassing subject matters caused plaintiff to not trust Defendant Reilly and unable to understand the nature of the court proceedings and unable to Assist Defendant Reilly in a Rational manner, which plaintiff was declared incompetent, with mental illness.

### - CASE LAW IN SUPPORT -

Harm due to mental and emotional distress is compensable under 42 U.S.C.A 1983, providing plaintiff demonstrate that injury Resulted directly from wrongfull deprivation of due process. Alexander v. City of Menlo Park, 787 f.2d 1371 (9th cir 1986); Moore v. Green 431 f.2d 584 9th cir 1970

Mental and emotional distress is compensable under section 1983 42 U.S.C. 1983 Jones v. Los Angeles Community College Dist. 702 f.2d 203 9th circuit. Cummings v. U.S. 704 f.2d 437 '9th cir 1983'

### - RELIEF -

III. wherefore plaintiff pray for the following Relief for mental and emotional distress:

(a) $100,000 Against Defendant Reilly for mental and emotional distress.

Dated: 11-28-07

Respectfully submitted

*Michael E. Allen*

MICHAEL   E. ALLEN-H42389

### VERIFICATION

I declare under the penalty of perjury the foregoing is true and correct.

Dated: 11-28-07

Submitted,

*Michael E. Allen*

Michael E. Allen. H42389

25

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

_____

(e) Approximate date case was filed: _____.

(f) Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

This is not a 42 U.S.C 1983 Against The California Department of corrections but a private individual citizen Timothy J. Reilly that Represented Plaintiff in the civil matter of Michael E. Allen case # EMH00 214, that impeded and obstructed Access to courts and Retaliated Against the Legally incompetent exercising 1st Amendment Rights.

This 1983 civil Rights suit is for monetary damages there is no proper Administrative Relief to file on Timothy J. Reilly for monetary Relief but plaintiff did file complaint with the state Bar of California ex#24 But no monetary Relief can be granted in this complaint with the state Bar it only for disciplinary purposes.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s): See Motion Attached

Timopary Restrain order is need To immediate protect incompetent from Harm and irreparable injury from Retaliation and the Approval antipsychotic drugs when incompetent patient is not Psychotic.

    2. Damages in the sum of $ 810,000 ————

    3. Punitive damages in the sum of $ 2,350,000 ————

    4. Other: Emotional and mental stress 100,000 ———— A

Total sum Total of all 3,260,000 million dollars.

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐   Plaintiff consents to magistrate    **OR**    ☒   Plaintiff requests that a district judge
      judge jurisdiction as set forth                  be designated to decide dispositive
      above.                                  matters and trial in this case.

_11-28-07_                               _Michael F. Klee_
Date                                   Signature of Plaintiff

§ 1983 SD Form
(Rev. 2/05)

EX #1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF IMPERIAL** | |
| In the Matter of Michael Allen<br><br>An Alleged:<br>☐ Developmentally Disabled Person<br>☒ Mentally Ill Person ✷<br>☐ Narcotic Addict | Judge: Jeffrey B. Jones<br>CSR: Lori Kowalski<br>Bailiff: David Obeso<br>Clerk: Francisco Soto<br>Interpreter:<br>Language: |
| Minutes:  **Receipt of Report and Placement**<br>**Hearing** | Case No.    **EMH00214**<br><br>**El Centro Dept. 5** |
| Date:  **September 6, 2007** | Related Cases:  **JCF19796** |

Appearances:  ☐ No appearances
  ☐ Party:  _____

  ☒ Party:  Michael Allen, Respondent with counsel

  ☐ Other  _____

☒ Attorney:  Wayne Robinson, for the People

☒ Attorney:  Timothy Reilly, for the Respondent

☐ Attorney:  _____

The Court notes that the report recommending placement was filed on 8/21/07. The Court states it is prepared to order follow the recommendations in the said report and order that the Respondent be committed to Patton State Hospital.

The matter is submitted to the Court.

THE COURT receives the report filed on 8/21/07 into evidence.

THE COURT finds that the appropriate placement is Patton State Hospital.

THE COURT directs that the Respondent be committed to Patton State Hospital for restoration of competence.

The Court notes that the maximum term of commitment would be 25 years to life.

THE COURT finds that the maximum term of commitment is 3 years.

THE COURT finds that the Respondent shall receive no credits for time served.

THE COURT directs the Sheriff of Imperial County to take and deliver the Respondent to the proper authorities at Patton State Hospital.

THE COURT orders a review hearing set on 11/29/07 at 1:30 p.m. in Department 5.

Defendant is remanded into the custody of the Department of Corrections

Declaration

EXHIBIT #2

5

DECLARATION OF MICHAEL E. ALLEN

UNDER PENALTY OF PERJURY

I Michael E. Allen, declare:

On August 9. 2007. In Imperial County Superior Court and on September 6, 2007, and October 31, 2007, I personally Told Timothy J. Reilly. A Public Defender a Protecter of The Legally mentally incompetent in The Civil matter Michael E. Allen Case No# EMH00214. I have a pending case Allen v. Barnes, CASE No#95-5429-CAS-RZ and Allen v. Russeau, etal case No# BC37832 and can he make sure my Equal Access to Court is protected.

I also informed Timothy J. Reilly The Allen v. Barnes case is in the United States District Court, Central District of California and The Allen v. Russeau is in the Los Angeles Superior Court 111 N. Hill Street, for In the matters pending my interest can be protected and at all times Attorney Reilly took no Action and on September 26, California State Bar was written on Attorney Reilly. and on September 25, 2007 Mr Reilly was asked for help Again. but Mr. Reilly did not Help.

Mr. Reilly was also informed personally By me to stop Breaching Attorney Client-communication over inmate monitor telephones and in the court Room Jury Box in front of the investigating Agency Mr. Reilly took no Action and his conduct was Reported to the State Bar.

Dated: 11-28-07                                    Respectfully submitted.

                                                   _Michael E. Allen_
                                                   MichAel E. Allen - 442389

VERIFICATION

I declare the foregoing facts are true and correct under the penalty of perjury.

Dated: 11-28-07                                    Submitted.

                                                   _Michael E. Allen_
                                                   Michael E. Allen, declarant

EXHIBIT#3



DOCKETED ON CM
SEP 1 8 2007
BY _____ 049

FILED
CLERK, U.S. DISTRICT COURT
SEP 1 8 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. ALLEN, | CASE NUMBER: |
| Plaintiff, | CV 95-05429-CAS(RZ) |
| v. | |
| JEFREY BARNES, ET AL., | NOTICE OF FILING OF |
| Defendants. | MAGISTRATE JUDGE'S *POST-SETTLEMENT* REPORT AND RECOMMENDATION |

Priority     X
Send         X
TO:  All Parties of Record        Enter    ——
Closed   ——
JS-5/JS-6 ——
JS-2/JS-3 ——
Scan Only ——

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's *post-settlement* report and recommendation has been filed on **September 18, 2007,** a copy of which is attached. Any party having objections to the *post-settlement* report and recommendation shall, not later than **October 11, 2007,** file and serve a written statement of objections with points and authorities in support thereof before the Honorable Ralph Zarefsky, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The *post-settlement* report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Title 28 U.S.C. Section 636, Fed. R. Civ.P. 72 and Local Rule 72 should not be filed until the judgment and/or order by the District Judge has been entered.

CLERK, UNITED STATES DISTRICT COURT

Dated: September 18, 2007                    By: _____

Ilene Bernal, Deputy Clerk                    (475)

M-51A ( 11/01)     NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

EXHIBIT #4

CALIPATRIA STATE PRISON
LEGAL MAIL LOG

FACILITY  SEP 2 5 2007

| INMATE'S NAME | CDC NUMBER | CELL NUMBER | SENDER'S NAME & LOCATION | DATE ISSUED | INMATE'S SIGNATURE | STAFF'S INITIALS |
|---|---|---|---|---|---|---|
| Diaz | T44105 | 106 | CDC Calipatria CA 92233 | 9/25/07 | | |
| Bojorguez | T61874 | 1V2 | CDCR Calipatria, CA 9223 | 9-25-07 | | |
| Allen | H49389 | 137 | U.S. Dist. Ct. L.A. | 9-25-7 | | |
| Allen | H49389 | 137 | Superior Ct. L.A. CA 90012 | 9-25-7 | | |
| Covarrubias | P54434 | 138 | National Lawyers Guild New York NY 10038 | | | |
| Care Pries | F35048 | 145 | U.S. Dist. Ct. L.A. CA 90012 | 9/25/07 | | |
| Arzate | T82999 | 147 | DA L.A. DA office of the Atty. Gen. | 9/25/07 | | |
| Throop | H31268 | 149 | DOJ DA Atty DA 92013 | 9-25-7 | | |
| Throop (confidential) | H31268 | 150 | DOJ office of the Atty. Gen. | 9-25-07 | | |
| Arreola (confidential) | T41989 | 169 | Rose, Breet & Gallau LLP Doris M Frizzell, Atty. | 9-28-07 | | |
| Perez | P97643 | 186 | Prison Law Office San Quentin, CA 94964 | 09-25-07 | | |
| Sierra | V9353xx | 193 | Cal sup ct. L.A. CA 92233 | 9-25-07 | | |
| Cole | J89 594 | L95 | Tactical Interest SW Review S.D. CA 92113 | 9-25-07 | | |
| Cole (Confidential) | | | | | | |
| | | | | | | |
| Gonzales | V06534 | 161 | CDCR Calipatria CA 92233 | 7/25/07 | | |
| Cofia | P57248 | 167 | C&C Calipatria CA 92235 | 9/25/07 | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

* Always Check The Inmate's Identification Card Before Issuing Legal Mail *

K&M Division

POLY-VU

EXHIBIT #5

| CDC NO | INMATE NAME | DATE MAILED | ADDRESSEE | ADDRESS | CITY | ZIP | COMENTS |
|---|---|---|---|---|---|---|---|
| H42389 | ALLEN | 8/10/07 | SEYMOUR I. AMSTE | 6320 VAN NUYS BLV | VAN NUYS, CA | | CONFIDENTIAL |
| H42389 | ALLEN (CONFIDENTIAL) | 8/20/07 | DEPT. OF CHILDRE | 4060 WATSON PLAZ | LAKEWOOD, CA | | ATTN: MS. KATRINA F |
| H42389 | ALLEN (BOX) | 8/20/07 | SEYMOUR I. AMSTE | 6320 VAN NUYS BLV | VAN NUYS, CA | | CONFIDENTIAL |
| H42389 | ALLEN (CONFIDENTIAL) | 8/22/07 | SUPERIOR CRT. | 111 N. HILL ST. | L.A., CA | | ATTN: FORMS WINDO |
| H42389 | ALLEN | 8/22/07 | SEYMOUR I. AMSTE | 6320 VAN NUYS BLV | VAN NUYS, CA | | CONFIDENTIAL |
| H42389 | ALLEN | 8/29/07 | DISABILITY RIGHTS | 919 ALBANY ST. | L.A., CA | | CONFIDENTIAL |
| H42389 | ALLEN | 8/30/07 | SHEILA CONLON ME | 2000 EVERGREEN S | SAC., CA | | CONFIDENTIAL |
| H42389 | ALLEN | 9/25/07 | TIMOTHY J. REILLY, | 939 MAIN ST. | EL CENTRO,_CA | | CONFIDENTIAL |
| H42389 | ALLEN (CONFIDENTIAL) | 9/26/07 | THE STATE BAR OF | 1149 S. HILL ST. | L.A., CA | | ATTN: OFC. OF CHIEF |
| H42389 | ALLEN | 9/28/07 | L.A. SUPERIOR CRT. | 111 N. HILL ST. | L.A., CA | | ATTN: CRT. CLERK |
| H42389 | ALLEN | 9/28/07 | U.S. DIST. CRT. | 312 N. SPRING ST. | L.A., CA | | ATTN: CRT. CLERK |
| H42389 | ALLEN | 9/24/07 | U.S. DIST.CRT. | 312 N. SPRING ST. | L.A., CA | | ATTN: CLERK |
| H42389 | ALLEN | 10/4/07 | SEYMOUR I. AMSTE | 6320 VAN NUYS BLV | VAN NUYS, CA | | CONFIDENTIAL |
| H42389 | ALLEN | 10/5/07 | U.S. DIST.CRT. | 312 N. SPRING ST. | L.A., CA | | ATTN:CRT. CLERK |
| H42389 | ALLEN | 10/5/07 | NELSON & FULTEN | 3435 WILSHIRE BLV | L.A., CA | | ATTN: AMBER A. LOG |
| H42389 | ALLEN | 10/5/07 | SUPERIOR CRT. | 383 MAIN ST. | BRAWLEY, CA | | ATTN: CRT. CLERK |
| H42389 | ALLEN,M. | 11/16/07 | CRT. CLRK. LA,SUP | 111 N. HILLSTREET, LOS ANGELES,CALI | | | |
| H42389 | ALLEN,M.E. | 11/16/07 | AMBER A. LOGAN A | EQUTEBLE PLAZA S | LOS ANGELES,CALI | | |
| H42389 | ALLEN,M. | 11/19/07 | STEPHEN W. MAYB | 1600 9TH ST. RM 15 | SAC,CA. | | |
| H42389 | ALLEN (CONFIDENTIAL) | 11/20/07 | IMPERIAL CNTY. SU | 939 MAIN ST., DEPT | EL CENTRO, CA | | ATTN: CRT. CLERK |
| H42389 | ALLEN | 11/20/07 | SUPERIOR CRT. | 939 MAIN ST. | EL CENTRO, | | ATTN: CRT. CLERK |
| H42389 | ALLEN | 11/20/07 | DOJ | 9797 AERO DR. | S.D., CA | | |

EXHIBIT #4

19

Priority ✗
Send ✗
Enter ✗
Closed ✗
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED
CLERK, U S DISTRICT COURT
OCT 18 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED
CLERK, U S DISTRICT COURT
OCT 17 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN,

                  Plaintiff,

      vs.

JEFFREY BARNES, ET AL.,

                  Defendants.

CASE NO. CV 95-05429 CAS (RZ)

JUDGMENT

      In accordance with the Order Accepting Findings and Recommendations of United States Magistrate Judge,

      It is ordered and adjudged that this action is dismissed.   The Court shall retain jurisdiction to enforce the terms of the Settlement.

      DATED: 10/16/07

ENTERED
CLERK, U S DISTRICT COURT
OCT 18 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

_Christina A. Snyder_
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

482

EXHibit #7

33

MICHAEL E. ALLEN -H42389

P.O.B.-1060-D6-131

SOLEDAD, CALIF. 93960

IN PRO SE

LODGED
CLERK, U.S. DISTRICT COURT

JAN 2 5 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

MAY 3 1 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN,
                    Plaintiff,

v.

JEFFREY BARNES, DEPUTY SHERIFF,

MANUEL D. SCRUGGS, DEPUTY SHERIFF,

RICHARD A. BRUCE, DEPUTY SHERIFF,

BRUCE LANG, DEPUTY SHERIFF,

DR. ANTONIO MALLARE, DOCTOR, AND

LT. ROBERT BINKLEY.
——          Defendants.

CASE NO#  CV-95-5429-LGB-(RZ)

SECOND AMENDED COMPLAINT TO 42 U.S.C. 1983,
CIVIL RIGHTS COMPLAINT, REQUESTING JURY
TRAIL

## CIVIL RIGHTS COMPLAINT

THIS IS A 42 U.S.C.1983, CIVIL RIGHT VIOLATION FILED BY MICHAEL E. ALLEN, CURRENTLY
A STATE PRISONER ALLEGING VIOLATIONS OF THE UNITED STATES CONSTITUTIONAL RIGHTS.

PLAINTIFF HERBY SEEKS MONETARY DAMAGES, EXEMPLARY DAMAGES, COMPENSATORY DAMAGES AND
JURY TRAIL.

### JURISDICTION

ON OCTOBER 14, 1990, CAUSE OF ACTION OCCURRED AT THE LOS ANGELES COUNTY JAIL, WHICH
IS LOCATED IN THE JURISDICTION OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
CALIFORNIA.

### PARTIES

(1) DEFENDANT JEFFREY BARNES, BDG# 284997, LOS ANGELES COUNTY DEPUTY SHERIFF,

— 1 —

ENTER ON ICMS

44

A PRETRAIL DETAINEE NOT TO BE PUNISHED:

        (A) $ 100,000 AGAINST JEFFREY BARNES, DEPUTY SHERIFF:
        $ 100,000 AGAINST MANUAEL D . SCRUGGS, DEPUTY SHERIFF:

        $ 100,000 AGAINST RICHARD A. BRUCE, DEPUTY SHERIFF:

        $ 100,000 AGAINST BRUCE LANG, DEPUTY SHERIFF:

        $30,000 AGAINST ANTONIO MALLARE, DOCTOR:

        $ 20,000 AGAINST ROBERT BINKELY, LIEUTENANT:

    (B) GRANT $95,000 COMPENSATORY DAMAGES FOR THE FOLLING INJURIES SUFFERED AND MENTAL AND EMOTIONAL DAMAGES AS FOLLED:

        (I) HEAD TRAUMA, KNOCKED UNCONSCIOUS, BLOODY NOSE AND MOUTH SWELLING ON THE FORE HEAD, FACE. SWOLLEN LIPS, BLURRED VISION, BODY WEAKNESS, MULITIPLE FACIAL TRAUMA, SWELLING TO RIGHT EYE, ABRASIONS TO RIGHTSIDE OF HEAD UNABLE TO WALK AND POSSIBLE CONUSSION.

        (II) DAMAGE TO THE RIGHT EYE THAT IMPAIRED REGULAR VISION:

        (III) DAMAGE TO RIGHT LEG THAT HAS A PERMANENT LUMP ON IT:

        (IV) EMOTIONAL AND MENTAL DAMAGE, POST TRAMATIC STRESS DISORDER, FROM THE EXCESSIVE USE OF FORCE BY DEPUTY BARNES, SCRUGGS, BRUCE AND LANG.

    (C) GRANT PUNITIVE DAMAGES OF $ 165,000 AS A TOTAL AMOUNT AGAINST THE FOLLOWING DEFENDANTS TO DETER WRONG DOING FOR VIOLATING CLEARLY ESTABLISHED LAW OF THE FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION THAT PROHIBITS CRUEL OR UNUSUAL PUNISHMENT AND EXCESSIVE FORCE AGAINST A PRETRAIL DETAINEE:

        $30,000 AGAINST JEFFREY BARNES, DEPUTY SHERIFF:

        $ 30,000 AGAINST MANUEL D. SCRUGGS, DEPUTY SHERIFF:

        $ 30,000 AGAINST RICHARD A. BRUCE, DEPUTY SHERIFF:

$ 30,000 AGAINST BRUCE LANG, DEPUTY SHERIFF:

$ 15,000 AGAINST ANTONIO MALLARE, DOCTOR:

$ 15,000 ROBERT BINKLEY, LIEUTENANT.

DATED: 1/21/02                          RESPECTFULLY SUBMITTED:

                                        _____
                                        MICHAEL E. ALLEN-H42389

VERIFICATION

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE ABD BEIEF TO THE FOLLOWING INFORMATION, ALLEGATIONS AND FACTS UNDER THE LAWS OF THE STATE OF CALIFORNIA. EXECUTED THIS 21, DAY OF JANUARY 2002.

SUBMITTED,

_____
MICHAEL E. ALLEN  /DECLARANT

- 13 -

EXHIBIT #8

## LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA

(c)    may be withdrawn for good cause by the dean with notice to the Court and to the student. Certification may only be withdrawn by the dean for good cause. Such cause shall be stated in the notice filed with the Court.

**L.R. 83-4.5  *Student Appearance*.** Upon fulfilling the requirements of this rule, the student may appear and make oral presentations before this Court when accompanied by the supervising attorney.

### L.R. 83-5  *Minors or Incompetents*

**L.R. 83-5.1  *Minors or Incompetents - Settlement of Claim of Minor or Incompetent*.** No claim in any action involving a minor or incompetent person shall be settled, compromised or dismissed without leave of the Court embodied in an order, judgment or decree.

**L.R. 83-5.2  *Minors or Incompetents - Settlement of Claim Procedure*.** Insofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 378. (Amended, effective 12/1/05)

**L.R. 83-5.3  *Minors or Incompetents - Attorney's Fees*.** In all actions involving the claim of a minor or incompetent person, whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorney's fees.

**L.R. 83-5.4  *Minors or Incompetents - Judgment or Settlement Funds*.** All monies or property recovered on behalf of a minor or incompetent person, either by settlement or judgment, shall be paid into the registry of the Court unless otherwise ordered by the Court. All monies received by the Clerk representing a settlement or judgment on behalf of a minor or incompetent person shall be deposited by the Clerk in accordance with L.R. 67-1 and 67-2.

12/03

## LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA

**L.R. 83-5.5  Minors or Incompetents - Disbursement of Funds.**  All monies or property deposited with the Clerk pursuant to L.R. 83-5.4 shall be disbursed by the Clerk only in accordance with an order of the Court.

**L.R. 83-5.5.1  Conformance to State Law.**  Unless otherwise ordered by the Court, disbursement of funds of California residents or foreign nationals shall be made by the Clerk in accordance with the provisions of California Probate Code §§ 3600 *et seq.*  If the minor, incompetent person, guardian, custodian or parent is a resident of a state of the United States other than California, the funds or property shall be disbursed pursuant to restrictions of the state of residence similar to the provisions of California Probate Code §§ 3600 *et seq.*

**L.R. 83-5.6  Minors or Incompetents - Letters of Guardianship or Custody - Bond.**  Before any funds or property are ordered distributed to any guardian or custodian, the following documents shall be filed with this Court:

(a)    A certified copy of letters of guardianship or an order of appointment as custodian of the estate of an incompetent; and

(b)    A certificate by a state court certifying that a surety bond has been filed by the guardian or custodian in a sum at least equal to the amount of money or value of property to be distributed.

**L.R. 83-5.6.1  Corporate Guardian.**  If letters of guardianship or an order of appointment as custodian of the estate of an incompetent person have been issued to a corporate guardian authorized by state law to so act, no certificate  showing filing of a bond shall be necessary

**L.R. 83-6  Conduct in Courtroom and Environs**

**L.R. 83-6.1  Prohibition of Broadcasting, Television, Photography.**  Between 7:00 a.m. and 7:00 p.m., Monday through Friday, and at all other times

12/03

EX #9

ATTORNEY OR PETITIONER WITHOUT ATTORNEY *(Name and Address):*                TELEPHONE NO.:                    MC-270

MICHAEL E. ALLEN· H42389    Timothy J. Reilly Deputy              FOR COURT USE ONLY
CALIPATRIA STATE PRISON    Public Defender
P.O. BOX- 5002    Imperial County —
CALIPATRIA, CALIF. 92233
                        PETITIONER'S BIRTH DATE: 4-22-66

SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL
939 Main Street
El Centro, Calif. 92243    Dept# 5

IN THE MATTER OF *(NAME):* MICHAEL E. ALLEN

                                                    Petitioner    CASE NUMBER:

                                                                EMH00214

PETITION FOR WRIT OF HABEAS CORPUS—Penal Commitment

1. Petitioner is being unlawfully restrained of liberty at *(specify name of treatment facility):*
   by *(specify name of persons having custody if known):* CALIFORNIA DEPARTMENT of CORRECTIONS

2. Petitioner was admitted to the treatment facility on *(date):* 9-6-07    and is currently detained pursuant to:
   ☐ Penal Code § 1026 (not guilty by reason of insanity)    ☐ Penal Code § 1026.5(b) (extended commitment)
   ☒ Penal Code § 1370 (incompetent to stand trial)    ☐ Penal Code § 2684 (prisoners transferred to state hospital)
   ☐ Penal Code § 2962 (mentally disordered offender)    ☐ Former W & I § 6300 (MDSO)
   ☐ Other *(specify):*

3. Check at least one box:
   a. ☒ Petitioner is illegally confined for the following reason: (1) The commitment order dated 9-6-07 EX#1,
   illegal. As with the courts noting the maximum term of commitment 15 yrs to life EX#1.
   (2) The commitment order and Petitioners Price conviction BA016472 illegal for Petitioner
   was improperly tried and convicted while mentally incompetent, legally insane at the time
   of Price BA016472 under a drug therapy no type of competency Hearing ever. (See pg#1)

   b. ☒ Petitioner has been denied the following rights without good cause (Penal Code section 2600): To contest
   Anti-psychotic medication for Know where in mental Health evaluation Report dated #
   7-31-07 EX# 2 That petitioner is Psychotic or suffering from Psychosis, suicidal,
   visual Hallucinations, Auditory Hallucinations, delusions or care for one self, harm to
   others or self Harm. This is a wrongful Administering of medication for Petitioner
   fail to —

4. Petitioner has no adequate and speedy remedy at law.
                                                    See pg#3
                                                    par b.

5. Have you made any previous requests for relief from this confinement? Yes  If your answer is yes, state the nature and grounds
   for your request, the date it was made, and the result: Mail letter to Attorney to correct the Here in
   errors and challenge Price Conviction which makes current commitment illegal. This was
   requested on 11-5-07 Petitioner Received no Response from Timothy J. Reilly, Public
   Defender and Post Certification Hearing and the Right to demand a Jury trail

6. Petitioner requests that this court *(check all that apply):*                    See pg#4
   a. ☒ Issue a Writ of Habeas Corpus to the director of the facility named in item 1, commanding that the petitioner be brought
         before this court at a specified time and place.
   b. ☒ Order the facility personnel to release petitioner from said restraint.
   c. ☒ Order that all rights to which petitioner is entitled as a patient be observed.
   d. ☐ Grant such other relief as this court deems appropriate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 11-12-07

Michael E. Allen
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PETITIONER OR PERSON REQUESTING WRIT ON PETITIONER'S BEHALF)

Form Approved by the
Judicial Council of California
MC-270 [New January 1, 1994]
Optional Form
                        PETITION FOR WRIT OF HABEAS CORPUS — Penal Commitment
                                        (Mental Health)    THOMSON    Calif. Rules of Court, rule 260

EX#10

MICHAEL E. Allen H42384
P.O. Box 5002
CALIPATRIA, CALIF. 92233



CALIFORNIA SUPERIOR COURT
COUNTY of IMPERIAL

IN THE MATTER OF:

MICHAEL E. ALLEN

CASE No# EMC0214

REQUEST FOR MARSDEN HEARING

COMPLAINT ON ATTORNEY TIMOTHY J.
REILLY. BY MICHAEL E. ALLEN
THAT WOULD LIKE SUBMITED TO
THE COURT RECORD:
JUDGE: JONES. DEPT# 5
DATE: 11-29-07 Time: AS THE MATTER ASAP
— EXPARTE —

TO THE Honorable Judge JONES I hereby notify the court that the main cause of my incompetence is the Representation of Timothy J. Reilly and The Imperial county Public Defenders office and I would like the following to be known why it is difficult to Assist Attorney Reilly and The Imperial County Public Defenders office as follows:

(1) Mr. Reilly Attorney like to discuss Attorney & client communication EX#A over inmate monitor telephones, and at All times failing to utilize the Attorney visiting Booth and in the courtroom utilize the Jury Box to have Attorney And client communication when the courtroom Also has a designated Attorney and client visiting Room. I can not even discuss embarassing subjects with Mr. Reilly without conversation being monitor or over heard. EX#1 declaration of witness

(2) Mr. Reilly failed to Investigate the facts of Prior that are invalid and unlawful conviction when I WAS under a drug therapy. didn't know right from wrong. Head TRAUMA. improperly Tried. Adjudge and convicted for Ads leftarm while I WAS Legally insane under A drug therapy and convicted for Ads while insane. No type of Competency Hearing. The RAising of incompetency on trail or Appeals never done on trail or Appeals including and

— 1 —

incompetent due to drug therapy that will make this indictment and commitment illegal. Ex#2 medical Expert Report and Head Trauma.

(3) No where in Mental Health Evaluation Report, it have me with symtems of Psychotic Ex#3 but Timothy J. Reilly is going to Allow Antipsychotic medication psychoterpic mind Altering drug for symtems I don't have and Medline Plus Trusted Health Information. A service of the U.S. National Library of Medicine and the National Institutes of Health shows all the symtems of Psychotic Ex#4 and none of this is shown in Ex#3 mental Health Evaluation Report.

(4) Mr. Reilly failed to investigate why the Mental Health Evaluation Report, why the Psychiatrist did not inform the court the likely or potential side effects of a medication Approved, I don't have the symtems of and most impotant of all, what Adverse Reaction This will have to all the current medication I take Crohns Disease. Ex#5 and enlight of this would some type of Alternate treatment be Appropriate.

- RELIEF -

(a) A MARDSEN Hearing be conducted, New Attorney Appointed to Address the enclosed issues to investigate the facts of this complaint for I Also have a constitutional protected liberty interest in Avoiding the wrongful administration of Antipsychotic medication when I have no symtems of Psychotic. and Alternative:

(b) Attorney be appointed per Welfare and Institutional code Sec. 5365/5302 on should medication of Antipsychotic medication be Approved when I have no symtems.

Date: 11-15-07

Respectfully Submitted

_M. d_
Michael G. Allen-H42389

- VERIFICATION -

I declare the foregoing facts are true and correct to the best of my Knowledge and belief.

Dated: 11-15-07

Submitted,

_M. Al_
Michael G. Allen. H42389 Declarant

2

EX# 11

RECEIVED

AUG 0 3 2007

PUBLIC DEFENDERS

# IMPERIAL COUNTY BEHAVIORAL HEALTH SERVICES

Adult Outpatient Clinic

120 NORTH EIGHTH STREET ♦ EL CENTRO, CA 92243 ♦ (760) 482–4087

## P.C. 1369 Mental Health Competence Evaluation

NAME: Michael Allen

REPORT DATE: 7.31.07

CASE NUMBER: JCF19796

REPORT DUE: ASAP

---

**REASON REFERRED:** This evaluation was ordered to aid the Court in determining the defendant's mental competence.

**METHODS OF EVALUATION:** For the purposes of this evaluation the following sources of information were used:
- The court's Order of 6.21.07
- Evaluation of the defendant at Imperial County Jail on 7.31.07 of approximately 30 minutes
- Approximately 113 pages of CDRC reports

**WAIVER:** Before beginning this examination the defendant was informed that the Court had ordered an evaluation of the defendant's mental competence, and that the Court would be provided with a report of the undersigned's findings. The information provided by the defendant, therefore, was not to be considered private or confidential in the usual doctor-patient sense. The defendant appeared to understand the limitations to privacy, and gave permission to proceed on that basis.

**BACKGROUND:** The defendant is an African-American male of indeterminate age who is charged with one felony count of Custodial Possession of a Weapon arising from events reported to have occurred in a State Prison on April 25, 2005.

**MENTAL STATUS DURING INTERVIEW:**

Appearance and Behavior: The patient was a well-developed male of apparent African-American extraction, and of average height and weight. He was appropriately dressed and groomed, and he was free from any easily recognizable impairment. He sat quietly, made good eye contact, and he was cooperative throughout the interview.

Speech Characteristics and Thought Process: The patient spoke in a normal tone of voice, with spontaneity, but he needed much prompting and redirection to expand on responses. His rate of speech was average. His thought process was tangential.

Thought Content: The patient's thought content was apparently free from preoccupations, obsessions, and suicidal/homicidal ideation, plans or intent.

Perception: The patient denied auditory and visual hallucinations and other perceptual abnormalities.

Mood and Affect: In the context of this semi-structured clinical interview, the patient's affect was appropriate with respect to speech content and his life situation, restricted, and lacking in facial animation.

Sensorium, Cognitive Functioning and Insight: The patient appeared alert, with a stable level of consciousness throughout the interview, and was oriented as to person, place, and reason for the interview. His intelligence and insight seemed below average compared to peers with similar cultural, socioeconomic and educational backgrounds.

Mental Health Competency Evaluation                                            p.2
Michael Allen (Case No. JCF19796)

COMPETENCY: The defendant's responses to the questions of the semi-structured "competency assessment instrument" suggested the following. The defendant does not have the capacity to understand the charges; the ability to understand the purpose of the criminal process and the adversary system; the ability to recognize his own situation as defendant; the ability to work with his/her attorney; nor the ability to relate pertinent facts or other information to assist counsel in presenting a defense.

FINDINGS:
- Due to a mental disorder the defendant is unable—by his own admission—to understand the nature and purpose of the proceedings.
- The defendant is unable to cooperate with his attorney in presenting his defense because he does not trust attorneys or judges.
- Treatment with antipsychotic medication is medically appropriate and necessary to help restore the defendant to mental competence, and to maintain his competence.
- The defendant does have the capacity to make decisions regarding antipsychotic medication, since he does have the necessary psychological maturity or insight to recognize he has a serious psychiatric condition.
- The defendant should be evaluated by a psychiatrist to determine if antipsychotic medication is appropriate.
- The undersigned psychiatrist has evaluated the defendant to determine if antipsychotic medication is appropriate.
- If the defendant is not treated with antipsychotic medications, it is possible that serious harm to the physical or mental health of the defendant will result.
- Administration of psychotropics is likely to render the defendant competent to stand trial.
- Less intrusive treatment would be unlikely to have substantially the same results.
- Antipsychotic medication is in the defendant's best medical interest in light of his medical condition.
- The defendant is not a danger to self or others.

Respectfully submitted:


_____                    _____
       Louis Blumberg, Ph.D.                              Alvaro Camacho, M.D.
   Supervising Clinical Psychologist                           Psychiatrist
     (Calif. License PSY5338)                           (Calif License A75737)

EX #12

**MedlinePlus®**
**Trusted Health Information for You**

**A service of the U.S. NATIONAL LIBRARY OF MEDICINE and the NATIONAL INSTITUTES OF HEALTH**

[ Print this page ]    [ Close this window ]

# Medical Encyclopedia: Psychosis

URL of this page: http://www.nlm.nih.gov/medlineplus/ency/article/001553.htm

**Alternative names**

Psychotic

**Definition**

Psychosis is a loss of contact with reality, typically including delusions (false ideas about what is taking place or who one is) and hallucinations (seeing or hearing things which aren't there).

**Causes, incidence, and risk factors**

Psychosis is a severe mental condition characterized by a loss of contact with reality. There are numerous potential causes:

- Alcohol and certain drugs can induce psychosis
- Bipolar disorder (manic depression)
- Brain tumors
- Epilepsy
- Psychotic depression
- Schizophrenia
- Dementia (Alzheimer's and other degenerative brain disorders)
- Stroke

**Symptoms**

- Loss of touch with reality
- Seeing, hearing, feeling, or otherwise perceiving things that are not there (hallucinations)
- Disorganized thought and/or speech
- Emotion is exhibited in an abnormal manner
- Extreme excitement (mania)
- Confusion
- Depression and sometimes suicidal thoughts
- Unfounded fear/suspicion
- Mistaken perceptions (illusions)
- False beliefs (delusions)

### Signs and tests

Psychological evaluation and testing are used to diagnosis the cause of the psychosis.

Laboratory or radiological testing may not be essential, but sometimes can help pinpoint the exact diagnosis. Tests may include:

- MRI o f the brain
- T ests for syphilis
- Dr ug screens

### Treatment

Treatment varies depending on the cause of the psychosis. Care in a hospital is often needed to ensure the patient's safety. Drugs that diminish auditory hallucinations ("hearing voices") and delusions, and stabilize thinking and behavior (antipsychotic drugs) are helpful. Group or individual therapy can also be useful.

### Expectations (prognosis)

The expectations for the outcome vary with the specific disorder. Many of the symptoms can be controlled with long-term treatment.

### Complications

Psychosis can prevent a person from functioning normally. During psychotic states, there can be an inability to care for oneself. If the condition is left untreated, there is a possibility of self-harm or harm to others.

### Calling your health care provider

Call your health care provider or mental health professional if a member of your family exhibits behavior indicating a loss of contact with reality. If there is any concern about safety, as described above, immediately take the person to the nearest emergency room for evaluation.

### Prevention

Prevention depends on the cause. For example, preventing alcohol abuse prevents alcohol-induced psychosis.

### Update Date: 5/17/2006

Updated by: Paul Ballas, D.O., Department of Psychiatry, Thomas Jefferson University Hospital, Philadelphia, PA. Review provided by VeriMed Healthcare Network.

‡ADAM



A.D.A.M., Inc. is accredited by URAC, also known as the American Accreditation HealthCare Commission (www.urac.org). URAC's accreditation program is the first of its kind, requiring compliance with 53 standards of quality and accountability, verified by independent audit. A.D.A.M. is among the first to achieve this important distinction for online health information and services. Learn more about A.D.A.M.'s editorial process. A.D.A.M. is also a founding member of Hi-Ethics (www.hiethics.com) and subscribes to the principles of the Health on the Net Foundation (www.hon.ch).

The information provided should not be used during any medical emergency or for the diagnosis or treatment of any medical condition. A licensed physician should be consulted for diagnosis and treatment of any and all medical conditions. Call 911 for all medical emergencies. Adam makes no representation or warranty regarding the accuracy, reliability, completeness, currentness, or timeliness of the content, text or graphics. Links to other sites are provided for information only -- they do not constitute endorsements of those other sites. Copyright 2005,

EX #13

**PENAL CODE** §.1369

§ 1368.1.  Proceedings on demurrer or motion pending competency determination

### Law Review and Journal Commentaries

Restarting criminal proceedings after restoration of defendant's competence.  James Fife, 27 T. Jefferson L. Rev. 93 (2004).

### Notes of Decisions

Two preliminary hearings  5

**1. Validity**

Unconstitutional statute section governing initial evaluation and treatment of misdemeanor defendants thought to be incompetent due to a mental disorder and requiring submission to Lanterman–Petris–Short (LPS) Act's involuntary evaluation and treatment in lieu of or prior to a competency determination could not be severed; deleting unconstitutional provision would leave statute without provisions comparable to those in statute governing felony defendants thought to be incompetent, and statute would thus be incomplete.  Pederson v. Superior Court (App. 2 Dist. 2003) 130 Cal.Rptr.2d 289, 105 Cal.App.4th 931.  Statutes ⇐ 64(6)

Unconstitutional statute section governing initial evaluation and treatment of misdemeanor defendants thought to be incompetent due to a mental disorder and requiring submission to Lanterman–Petris–Short (LPS) Act's involuntary evaluation and treatment in lieu of or prior to a competency determination could not be reformed; reformation would require comprehensive rewriting of statute, reformation would raise additional constitutional issues, and there was no reasonable basis for thinking Legislature had intended such result.  Pederson v. Superior Court (App. 2 Dist. 2003) 130 Cal.Rptr.2d 289, 105 Cal.App.4th 931.  Constitutional Law ⇐ 48(6)

**5.  Two preliminary hearings**

Statutory provision which requires that proceedings to determine competence be held prior to the filing of an information unless defense counsel requests a preliminary hearing does not alter the "two preliminary hearings" rule requiring that a defendant whose information is dismissed due to his incompetency be provided with a second preliminary hearing once his competence is restored.  People v. Duncan (App. 2 Dist. 2000) 93 Cal.Rptr.2d 173, 78 Cal.App.4th 765, rehearing denied, review denied.  Criminal Law ⇐ 223

§ 1369.  Trial of issue of mental competence; psychiatric evaluations; order of proceedings

A trial by court or jury of the question of mental competence shall proceed in the following order:

(a)  The court shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant.  In any case where the defendant or the defendant's counsel informs the court that the defendant is not seeking a finding of mental incompetence, the court shall appoint two psychiatrists, licensed psychologists, or a combination thereof.  One of the psychiatrists or licensed psychologists may be named by the defense and one may be named by the prosecution.  The examining psychiatrists or licensed psychologists shall evaluate the nature of the defendant's mental disorder, if any, the defendant's ability or inability to understand the nature of the criminal proceedings or assist counsel in the conduct of a defense in a rational manner as a result of a mental disorder and, if within the scope of their licenses and appropriate to their opinions, whether or not treatment with antipsychotic medication is medically appropriate for the defendant and whether antipsychotic medication is likely to restore the defendant to mental competence.  If an examining psychologist is of the opinion that antipsychotic medication may be medically appropriate for the defendant and that the defendant should be evaluated by a psychiatrist to determine if antipsychotic medication is medically appropriate, the psychologist shall inform the court of this opinion and his or her recommendation as to whether a psychiatrist should examine the defendant.  The examining psychiatrists or licensed psychologists shall also address the issues of whether the defendant has capacity to make decisions regarding antipsychotic medication and whether the defendant is a danger to self or others.  If the defendant is examined by a psychiatrist and the psychiatrist forms an opinion as to whether or not treatment with antipsychotic medication is medically appropriate, the psychiatrist shall inform the court of his or her opinions as to the likely or potential side effects of the medication, the expected efficacy of the medication, and possible alternative treatments.  If it is suspected the defendant is developmentally disabled, the court shall appoint the director of the regional center for the developmentally disabled established under Division 4.5 (commencing with Section 4500) of the Welfare and Institutions Code, or the designee of the director, to examine the defendant.  The court may order the developmentally disabled defendant to be confined for examination in a residential facility or state hospital.

The regional center director shall recommend to the court a suitable residential facility or state hospital.  Prior to issuing an order pursuant to this section, the court shall consider the recommendation of the regional center director.  While the person is confined pursuant to order of the court under this section, he or she shall be provided with necessary care and treatment.

(b)(1)  The counsel for the defendant shall offer evidence in support of the allegation of mental incompetence.

Additions or changes are indicated by underline; deletions by asterisks * * *

19

## § 1369

(2) If the defense declines to offer any evidence in support of the allegation of mental i. the prosecution may do so.

(c) The prosecution shall present its case regarding the issue of the defendant's present men competence.

(d) Each party may offer rebutting testimony, unless the court, for good reason in furtherance justice, also permits other evidence in support of the original contention.

(e) When the evidence is concluded, unless the case is submitted without final argument, t prosecution shall make its final argument and the defense shall conclude with its final argument to t court or jury.

(f) In a jury trial, the court shall charge the jury, instructing them on all matters of law necessary f the rendering of a verdict. It shall be presumed that the defendant is mentally competent unless it proved by a preponderance of the evidence that the defendant is mentally incompetent. The verdict the jury shall be unanimous.

(Enacted 1872. Amended by Stats.1974, c. 1511, p. 3318, § 5, eff. Sept. 27, 1974; Stats.1977, c. 695, 2242, § 2; Stats.1980, c. 859, § 1; Stats.2004, c. 486 (S.B.1794), § 1.)

### Historical and Statutory Notes

**2004 Legislation**

Stats.2004, c. 486 (S.B.1794), in addition to making a nonsubstantive change, rewrote subd. (a), which had read:

"(a) The court shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant. In any case where the defendant or the defendant's counsel informs the court that the defendant is not seeking a finding of mental incompetence, the court shall appoint two psychiatrists, licensed psychologists, or a combination thereof. One of the psychiatrists or licensed psychologists may be named by the defense and one may be named by the prosecution. If it is suspected the defendant is developmentally disabled, the court shall appoint the director of

the regional center for the developmentally disabled e tablished under Division 4.5 (commencing with Secti 4500) of the Welfare and Institutions Code, or the desi nee of the director, to examine the defendant. The cou may order the developmentally disabled defendant to confined for examination in a residential facility or stat hospital.

"The regional center director shall recommend to th court a suitable residential facility or state hospital. Prio to issuing an order pursuant to this section, the court sha consider the recommendation of the regional center d rector. While the person is confined pursuant to order the court under this section, he or she shall be provide with necessary care and treatment."

### Law Review and Journal Commentaries

Capital punishment and the mentally retarded: Implementing *Atkins*. Bill Lockyer and Taylor S. Carey, 15 Stan. L. & Pol'y Rev. 329 (2004).

Restarting criminal proceedings after restoration of de fendant's competence. James Fife, 27 T. Jefferson L Rev. 93 (2004).

### Research References

**ALR Library**

3 ALR 4th 910, Right of Accused in Criminal Prosecution to Presence of Counsel at Court-Appointed or - Approved Psychiatric Examination.

32 ALR 2nd 434, Validity and Construction of Statutes Providing for Psychiatric Examination of Accused to Determine Mental Condition.

**Encyclopedias**

Cal. Jur. 3d Criminal Law: Rights of the Accused § 223, Scope of Right.

Cal. Jur. 3d Criminal Law: Trial § 20, In General.

Cal. Jur. 3d Criminal Law: Trial § 22, Inquiry of Attorney for Defendant.

Cal. Jur. 3d Criminal Law: Trial § 26, Suspension and Resumption of Criminal Proceedings.

Cal. Jur. 3d Criminal Law: Trial § 29, Order of Proceedings; Presumption of Competence; Burden of Proof.

Cal. Jur. 3d Criminal Law: Trial § 41, Return to Court.

Cal. Jur. 3d Criminal Law: Trial § 55, Return to Court.

Cal. Jur. 3d Criminal Law: Trial § 58, Notice; Hearing.

Cal. Jur. 3d Criminal Law: Trial § 772, Order of Trial

**Treatises and Practice Aids**

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch 2-E, E. Waiver of Jury Trial.

Simons California Evidence Manual § 9:5, Burden of Proof-Standard of Proof on Selected Criminal Issues.

Simons California Evidence Manual § 5:53, Exceptions to Both Medical Privileges-Patient-Litigant Exception.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 673, Order of Trial.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 699, Motion and Order.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 708, (S 708) Jury Trial on Demand.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 709, (S 709) Conduct of Hearing.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 710, (S 710) Determination.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 713, Return to Court.

**Additions or changes are indicated by underline; deletions by asterisks * * * ***

EX #14



ENDORSED

DEC 27 2005

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY ELIZABETH ADAME
DEPUTY

Imperial County Public Defender
1  Javier Garibay, Deputy Public Defender; SB# 222438
   939 Main Street
2  El Centro, California 93638
   Telephone: (760) 482-4510
3  Attorney for Michael Allen

4              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                IN AND FOR THE COUNTY OF IMPERIAL

5

6

7
     In re                          )      CASE NO. EHCOO613
8                                   )
                                    )      SUPPLEMENTAL MEMORANDUM OF
9                                   )      POINTS AND AUTHORITIES IN SUPPORT
                                    )      OF PETITIONERS WRIT FOR HABEAS
10   MICHAEL ALLEN                  )      CORPUS
                                    )
11                  Petitioner      )
                                    )
12   On Habeas Corpus               )
                                    )
13   _____)

14   SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF
                   PETITION FOR WRIT OF HABEAS CORPUS

15                              ARGUMENT

16

17   Petitioner Has A Qualifying Disability Under California Law Which Has Incorporated
           The American With Disabilities Act And Provided Broader Protection

18        Petitioner has a qualifying disability under California law which has

19   incorporated the American with Disabilities Act and provided broader protection. See

20   Government Code § 12926.1.

21        The California legislature has incorporated the Americans with Disabilities Act

22

23   of 1990 in numerous statutes. See 1992 Cal ALS 913. In the instant case, Petitioner

24   is protected under Government Code § 11135. Government Code § 11135 reads as

25   follows:

26                                    1

27

28                          EX #3

1
2
3
4

(a) No person in the State of California shall on the basis of national origin, ethnic group identification, religion, age, sex, color, or **disability**, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

5
6
7
8
9
10

(b) With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

11

(c) As used in this section "disability" means any mental or physical disability as defined in Section 12926...

12
13      Unlike the American With Disabilities Act which requires the disability of the

14  individual to impose a substantial limitation on a major life activity, California law

15  only requires that the physical or mental disability impose a "limitation" upon a

16  major life activity. Government Code § 12926.1. "This distinction is intended to result

17  in broader coverage under California law than under the federal act." Government

18  Code δ 12926.

19
20
21
22
23
24

Physical disability includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following: (1) affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine; and (2) limits a major life activity.

25  Government Code δ 12926.1. Physical and mental disability includes either chronic or

26
27
28

2

1  episodic conditions. See Government Code § 12926.1.

2      Irrespective of the American With Disabilities Act, the California legislature has

3  determine that word "limits" within the meaning of Government Code § 12926 is to be

4  determined without regard to any mitigating measures such as medications, assistive

5  devices, prosthetics, or reasonable accommodations, unless the mitigating measure

6  itself limits a major life activity. Government Code δ 12926.1. "A physiological disease,

7  disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life

8  activity if it makes the achievement of the major life activity difficult.' Government

9  Code § 12926.1.

10      In the instant case, Petitioner Allen has been diagnosed and is suffering from

11  Crohn's disease. See Exhibit 1, Los Angeles County Sheriff's Department Medical

12  Record Services Discharge Summary. Chron's disease is a physical disability within

13  the meaning of Government Code § 12926. It is a "serious, chronic inflammatory

14  disease of the gastrointestinal tract." Maguille Medical Guide, Health and Illness,

15  Volume I, page 175 (1995).

17      Mr. Allen's Crohn's disease limits several of his major life activities. Petitioner

18  Allen suffers from numerous symptoms including uncontrollable bowl movements,

19  vomiting, uncontrollable body odor and rectal bleeding which causes Mr. Allen's body

20  strength to deteriorate to such a point where he is too weak to engage in the simplest

21  of physical and social activities such as not being able to get off of his bed, clean up

22  after himself and go to work. See Declaration of Petitioner Allen In Support of Denial

23  and Exception to Return to Order to Show Cause. Petitioner's Allen's symptoms are

24  typical of a patient who is suffering from Chron's disease. Gale Encyclopedia of

25  Medicine, Volume II, page 855 (1999). The activities that Petitioner Allen is unable to

26

27

28

3

1  engage in because of the symptoms that he suffers from the Chron's disease are

2  major life activities within the meaning of Government Code § 12926. As stated above,

3  major life activities are broadly construed and include physical, mental and social

4  activities and working. Government Code § 12926. Furthermore, because Mr. Allen is

5  unable to engage in of any of said activities, he satisfies the definition of the word

6  "limitation" within the meaning of Government Code δ 12926.

7      It is clear that California law protects Mr. Allen from being denied access to

8  any program or activity that is conducted, operated, or administered by the state or

9  by any state agency, is funded directly by the state, or receives any financial

10  assistance from the state because of his disability. Under Government Code § 11135,

11  the California Department of Rehabilitation and Corrections is a state agency and

12  therefore cannot deprive Mr. Allen access to single cell housing due to his disability.

13

14

15              CONCLUSION

16      For the reasons stated above, the court should grant Mr. Allen's Petition and

17  order that the California Department of Corrections provide Mr. Allen with access to

18  single cell housing.

19  Date: December 27, 2005

20                          Respectfully submitted,

21

22

23

24                          Javier Garibay
                            Attorney for Petitioner

25

26

27                          4

28

1

2

3

4

5

6

7

8                    IMPERIAL COUNTY SUPERIOR COURT

9

10    IN RE:                                    Case No.: EHC00613

11    MICHAEL E. ALLEN,                         ORDER TO SHOW CAUSE

12              Habeas Corpus.

13

14

15

16        Good cause having been shown, Petitioner's Writ of Habeas Corpus is granted.

17    Respondent is hereby ordered to afford Petitioner single cell housing accommodations.

18        DATED:  February 24, 2006

19

20                                        RAYMOND A. COTA
                                          Judge of the Superior Court
21

22

23

24

25

ORDER RE: HABEAS CORPUS - 1

#110

EX #15

NOTICE SENT TO:

Allen, Michael E., H42389
P.O. Box 5002
California State Prison
Calipatria            CA   92233

**ORIGINAL FILED**
FILE STAMP
OCT 2 5 2007

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| MICHAEL E ALLEN | | CASE NUMBER |
| VS. | Plaintiff(s), | BC378432 |
| RUDOLPH P ROUSSEAN ET AL | Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause hearing on _December 11, 2007_ at _8:30 am_ in _Dept. 58_ of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:**
      Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:

      <u>AS TO ALL DEFENDANTS</u>

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [  ] this Department [X] Clerk's Office, Room __102__ at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: _October 25, 2007_

**ROLF M. TREU**
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: _October 25, 2007_

John A. Clarke, EXECUTIVE OFFICER/CLERK
**PAULA BARRERAS**
By_____, Deputy Clerk

### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 01/07)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

EX #16

982.1(1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MICHAEL E. ALLEN - H42389<br>P.O. Box 5002, CALIPATRIA STATE PRISON<br>CALIPATRIA, Calif. 92233 | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>OCT - 2 2007<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>EDUARDO CHANES |
| TELEPHONE NO:              FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

NAME OF COURT: LOS ANGELES SUPERIOR COURT
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: LOS ANGELES, 90012
CITY AND ZIP CODE:
BRANCH NAME: CIVIL COURTHOUSE " CENTRAL DISTRICT "

PLAINTIFF: MICHAEL E. ALLEN

DEFENDANT: RUDOLPH P. ROUSSEAU, DEPUTY PUBLIC
DEFENDER and BRUCE DANIEL ROSEN, ATTORNEY

☐ DOES 1 TO _____

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | |
|---|---|
| ☐ AMENDED (Number): | |
| Type (check all that apply): | |
| ☐ MOTOR VEHICLE  ☒ OTHER (specify): CCP 340.6 | |
| ☐ Property Damage  ☐ Wrongful Death | |
| ☐ Personal Injury  ☐ Other Damages (specify): | |

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | BC378432 |

1. PLAINTIFF (name): MICHAEL E. ALLEN - H42389

   alleges causes of action against DEFENDANT (name): RUDOLPH P. ROUSSEAU / BRUCE R. ROSEN

2. This pleading, including attachments and exhibits, consists of the following number of pages: 56

3. Each plaintiff named above is a competent adult
   a. ☒ except plaintiff (name): MICHAEL E. ALLEN, Mentally incompetent
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor  ☒ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☒ other (specify): Plaintiff is mentally incompetent, Please verify with
      (5) ☒ other (specify): Imperial County Superior court case no# JCF-19796
         (760) 339-4256  Plaintiff is mentally incompetent.
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

Page 1 of 3.

| SHORT TITLE: Allen v. Rousseau, etal. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):* C.C.P. 340.6 Attorney's wrongful professional Acts and omissions

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☐ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify):* Loss of Liberty, unfair Trail and Appeal by defendants wrongful professional Acts and omissions.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Complaint—Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☐ compensatory damages
      (2) ☐ punitive damages
   b. The amount of damages is *(you must check (1) in cases for personal injury or wrongful death):*
      (1) ☐ according to proof
      (2) ☒ in the amount of: $ 150,000 Thousand, $2,000,000 Total of $2,150,000

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   SEE ATTACH Complaint paragraphs 4-55 pg 3-13
And cause of Action I - V pg# 13-29

Date: 4-22-07

Michael E. Allen
(TYPE OR PRINT NAME)

▶ _Michael E. Allen_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1) [Rev. July 1, 2002]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

1  Dist 1999" 86 Cal. Rptr. 2d 1 , 72 Cal. App. 4th 1514

2          - RELIEF -

3

4       WHEREFORE plaintiff Hereby Request The court to grant the

5  following:

6       (A) Trail by Jury as to Defendants Rousseau and Defendant

7  Rosen, wrongful professional acts and omissions allowed plaintiff

8  to be improperly convicted and sentence, under the side effects

9  of a drug therapy, Head Travma, mentally incompetent that

10  was induce by drug therapy and Tried Adjudge to punishment

11  with no type of mental competency Hearing.

12       (B) If the Jury find facts True, plaintiff be awarded

13  the sum Total of $150,000 Thousand for Attorney fay Reft

14  criminal law specialist (EX#M) which charge the

15  fee of $25,000 Thousand to Correct effects. The $150,000

16  with cover cost in all courts, To superior court, Appellate

17  court, supreme court, U.S District court 9th circuit and

18  U.S. Supreme court.

19       The Defendants share the cost of $150,000 as the

20  following:

21       (I) Defendant Rousseau shared cost is $75,000

22       (II) Defendant Rosen  shared cost is $75,000

23

24       (C) The Jury grant emotional and mental damage caused

25  by defendants for the sum of $2,000,000 million that was

26  the Approximate cause of plaintiff being committed to the

27  state mental Hospital unable to trust Attorney's.

28       The Defendants share the cost of 2,000,000 million

1   as follows:

2       (I) Defendant Rousseau pay the cost of $1,000,000

3       (II) Defendant Rosen    pay the cost of  1,000,000

4

5       (d)  If The JURY grant Declaratory Relief and The facts

6   TRUE The verdict be Repeated to the State Bar of California

7   for willfully failing to Act competently State Bar Rules of

8   Professional Conduct Rule 3-110.

9   Date: 4-22-07                    Respectfully submitted on the

10                                    behalf of:

11

12            Michael E. All

13            Michael   E. Allen- H42389

14

15              -VERIFICATION-

16

17       I declare the foregoing facts are true to the best of

18   my Knowledge and belief under penalty of perjury the laws

19   of the State of California. Executed 22nd Day of

20   April. 2007

21                                    Respectfully submitted on the

22                                    behalf of:

23

24            Michael E. All

25            Michael   E. Allen / Declarant

26

27

28

                        — 21 —

EX #17

**TITLE 15**                    DEPARTMENT OF CORRECTIONS                    §3285

(6). Place a call to an "800," "900," "976," "911," "411," or other special service number. Inmates that have a verified need to utilize the (1-800) TDD or relay service shall notify the correctional staff to facilitate the (1-800) TDD call.

(7) Place a call to an inmate at any other facility.

(8) Place calls to victims, peace officers, or other persons who have made an official written request not to receive telephone calls.

(9). Knowingly participates in a forwarded, transferred, or three-party call on an inmate telephone.

(d). Except as provided in this section, no limitation shall be placed on the identities or relationships of persons to whom an inmate may place a collect call.

(e). All inmate calls placed on intrafacility and inmate telephones may be subject to monitoring and recording at any time by institution staff.

(f). A conspicuous notice in English and Spanish shall be posted at each inmate telephone capable of recording and monitoring stating in both languages: "All numbers dialed and conversations on this telephone may be recorded and may be monitored without any further notice. By using this telephone, you agree to the monitoring and recording. It is your responsibility to notify the person called that their conversation and telephone number may be monitored and recorded." Staff who authorize an inmate to use an unposted telephone for a nonconfidential call, shall inform that inmate before the call is made regarding the notice of monitoring/recording requirement.

(g). If staff designated by the institution head determine that an incoming call concerns an emergency or confidential matter, the caller's name and telephone number shall be obtained and the inmate promptly notified of the situation. The inmate shall be permitted to place an emergency or confidential call either collect or by providing for the toll to be deducted from the inmate's trust account. A confidential call shall not be made on an inmate telephone and shall not be monitored or recorded.

(1). Confidential calls may be approved on a case-by-case basis by the institution head or designee only upon written request from an inmate's attorney on the attorney's office letterhead stationery. The date, time, duration, and place where the inmate will make or receive the call, and manner of the call are within the discretion of the institution head, except as restricted herein. A confidential call from an inmate shall be placed as a collect call or by providing for the toll to be deducted from the inmate's trust account and made from a prison telephone or, with appropriate authentication of the caller, may be received from an attorney.

(2). It is within the discretion of the institution head, or his/her designee, to approve or deny a confidential call. As long as the attorney/client communication privilege is not violated, a confidential call may be denied where the institution head, or his/her designee, determines that normal legal mail or attorney visits were appropriate means of communication and were not reasonably utilized by the inmate or attorney. Where demand for confidential calls seriously burdens institutional operations, the institution head, or his/her designee, shall prioritize confidential calls.

(3). Emergency calls on prison telephones between an inmate and clergy, other religious advisors, or health care professionals shall be approved or denied on a case-by-case basis by staff designated by the institution head.

(h). Telecommunication Device for the Deaf (TDD) telephones shall be made available to inmates with a documented severe hearing impairment for personal, emergency, and confidential calls, which shall be subject to the provisions of this section.

(1). Assistive device telephones and additional time on telephones may be necessary to provide accommodations for inmates and their callers with disabilities.

(2). The facility shall provide for the procedures necessary to ensure effective telephone communications for inmates with disabilities and/or for disabled person(s) with whom they are communicating.

(i). All calls made on inmate telephones may have an announcement before and at random intervals during the calls stating that the call is from an inmate at a California state correctional facility and is being recorded.

NOTE: Authority cited: Section 5058, Penal Code; Reference: Section 5054, Penal Code.

[For related information see DOM Section 52060 and Subsection 12070.6.]

**3282. Use of Telephones by Inmates.**

(a). For purposes of this section:

(1). An "emergency call" means a telephone call regarding the serious illness or injury, or the death of an inmate's immediate family member.

(2). A "confidential call" means a telephone call between an inmate and his/her attorney which both parties intend to be private.

(3). An "inmate telephone" means a telephone designated solely to accommodate inmate-originated nonconfidential personal calls.

(4). An "intrafacility telephone" means a telephone which is not capable of direct-dial connections to telephones outside of the facility.

(5). A "prison telephone" means a telephone that is capable of outside access and is not monitored or recorded.

(b). Facilities shall provide inmate telephones for use by general population inmates. Inmates may place collect telephone calls to persons outside the facility at designated times and on designated telephones, as set forth in local procedures. Limitations may be placed on the frequency and length of such calls based on the inmate's privilege group as outlined in section 3044 and to ensure equal access. Telephone calls requiring the use of a Telecommunication Device for the Deaf (TDD) or voice relay service shall have extended time scheduled due to the time delay which results from the TDD relay process.

(c). An inmate shall not:

(1). Use an intrafacility telephone except as specifically required or authorized by staff.

(2). Use a telephone capable of direct-dial connection with a public telephone system, except as authorized by staff.

(3). Charge a call to a credit card.

(4). Place a third party call.

(5). Ask the operator for an emergency interruption.

EX#A

EX#18

NAME and NUMBER        ALLEN  H42389                        CALIPATRIA

As per DIRECTOR'S RULE 3316(a), This is a written notification of a referral of conduct to the District Attorney's Office for Criminal prosecution.

On  JUNE 17, 2005,  the Security and Investigations Unit received an incident report. Log # CAL-FBY-05-04-0239 stating that you were involved in a violation of a California Penal Code section (s) 664/187, 4502. This matter has been referred to the Imperial County District Attorney's Office on FEBRUARY 14, 2006, for prosecution consideration.

ORIGINAL:  C-File
CC:        Lt.
           S & I
           Inmate

OFFICER R. M. ALVAREZ
DISTRICT ATTORNEY LIAISON
Security & Investigations

───── 02-14-06 ─────          REFERRAL          ───── GENERAL CHRONO ─────

EXHIBIT # 10 -

EX # 19

DECLARATION IN SUPPORT OF STATEMENT
OF MICHAEL E. ALLEN'S CAUSE OF ACTION

I Below witness, Declare:

ON NUMEROUS OCCASSIONS while Attending Imperial County Superior Court in El Centro, as a Calipatria State Prison Prisoner, I notice during Attorney and Client communication in the Jury Box of the courtroom. There is 15 to 20 Calipatria Department of Corrections Peace officer's 2 to 3 feet away eavesdropping over hearing attorney and client communication when CDCR Peace officers are the investigating Agency. This breach of Attorney and Client Communication extends to the Attorney & Client visits at Calipatria State Prison, when Administration Segregation Prisoners must discuss Attorney and client information over a inmate monitor telephone, monitored by the Investigating Agency CDCR Calipatria. the same Investigating Agency CDCR that filed charges and have a District Attorney's Liaison office with the Imperial County District Attorney's office's.

Prisoners have a Right to Attorney & Client communication and I have witness this Right under Pen. Code 2601 is not being protected by Attorney's and Attorney's turning a blind eye and some type of Injunction and Declaratory Relief is need to prevent the above violations of Rights.

Dated: 10-29-07        Respectfully submitted,            Respectfully submitted,

                       JEROME GENE JETER (#J-18281)        Raymond VaiLuu P-50771
                                name                              name

name MAURO RUIZ #ES0797        name _____

        name _____        name _____

— VERIFICATION —

I declare under the Penalty of Perjury the foregoing is true and correct under the laws of the State of California. Executed this 29th Day of October 2007, Calipatria. California. Imperial county.

                    Submitted Signatures

        Jerome H Jeter                  Raymond VaiLuu #P50778
                Declarant                         Declarant

EX #20

DECLARATION IN SUPPORT OF STATEMENT

IN SUPPORT OF MICHAEL E. ALLEN, CAUSE OF ACTION

I, JORGE GUADARRAMA DECLARE:

I OBSERVED AND WITNESSED AS A PRISONER ATTENDING IMPERIAL COUNTY SUPERIOR COURT, EL CENTRO, AS A CALIPATRIA STATE PRISON, PRISONER I SEEN MICHAEL E. ALLEN'S, ATTORNEY ALLOWING, ATTORNEY AND CLIENT COMMUNICATION IN THE COURTROOM JURY BOX, IN THE PRESENCE OF 15 TO 20 CALIFORNIA DEPARTMENT OF CORRECTIONS PEACE OFFICER'S 2 TO 3 FEET AWAY EAVESDROPPING ON ATTORNEY AND CLIENT COMMUNICATION, WITH TIMOTHY J. REILLY, DEPUTY PUBLIC DEFENDER NOT TAKING ANY ACTION TO PREVENT EAVESDROPPING, BY INVESTIGATING AGENCY C.D.C.R, CALIPATRIA PEACE OFFICER'S. THIS IS A WIDE SPREAD PROBLEM WITH ALL PRISONER'S AT CALIPATRIA STATE PRISON, WE DO NOT HAVE ANY PRIVACY FOR ATTORNEY AND CLIENT COMMUNICATION, THIS EXTENDS TO ATTORNEY AND CLIENT VISITS AT CALIPATRIA STATE PRISON, WHEN PRISONER'S IN ADMINISTRATION SEGREGATION MUST DISCUSS ATTORNEY AND CLIENT INFORMATION OVER INMATE MONITER TELEPHONES WITH THE INVESTIGATING AGENCY C.D.C.R EAVESDROPPING, THE SAME AGENCY THAT FILED CHARGES, AND HAVE A DISTRICT ATTORNEY'S LIAISON OFFICE WITH IMPERIAL COUNTY DISTRICT ATTORNEY'S OFFICE.

TIMOTHY J. REILLY, AND OTHER ATTORNEY'S ALLOWED THIS ATTORNEY AND CLIENT VIOLATION'S NOT PROTECTING CLIENT RIGHT'S.

SOMETYPE OF INJUNCTION AND DECLARATORY RELIEF IS NEEDED TO PREVENT THE ABOVE, A CLEAR VIOLATION OF RIGHT'S.

VERIFICATION

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT UNDER THE LAWS OF THE STATE OF CALIFORNIA, EXECUTED THIS TWENTY NINTH DAY OF OCTOBER, 2007, CALIPATRIA, CALIFORNIA.

RESPECTFULLY SUBMITTED,

DECLARANT

EX #21

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF IMPERIAL**

| | |
|---|---|
| **People**<br>    Plaintiff,<br><br>vs.<br><br>**Michael Allen**<br>    Defendant.<br><br>**DOB:** | Jud. Officer:  **Jeffrey B. Jones**<br>Clerk:          **Christina Blevins**<br>Bailiff:        <u>**R. Benavides**</u><br>CSR:           **Diana L. Murphy**<br>Interpreter:<br>Language:<br><br>Plaintiff Counsel/DA: <u>**Wayne Robinson**</u><br><br>Defendant Counsel/PD: <u>**Tim Reilly**</u> |
| Minutes:    **Pre-Trial Conference** | Case No.    JCF19796/EMH00214<br>              El Centro Dept. 5 |
| Date:    **June 21, 2007** | |
| Charges:    **Count 11: PC4501.5 Count 14: PC4502(A)** | |

☒ Defendant present, in custody, with counsel.

☒ <u>Counsel for the defendant states that he has doubts that the defendant can assist him in his defense</u>.  The Court also indicates that it has its doubts as to the defendant's competency to stand trial.
The Court appoints two doctors from <u>Behavioral Health Services</u> to examine the defendant pursuant to section
    ☒ 1368PC to determine <u>competency</u>.

Each doctor to submit a written report and recommendation to the court consisting of an original and three (3) copies.

Status Conference is set for <u>7/10/2007</u> at <u>9:00 a.m.</u>, in <u>Jail Court</u>

The Department of Corrections is directed to transport defendant to that hearing for an evaluation by Behavioral Health.

Your report in this case should be filed in Department <u>5</u> no later than <u>7/12/2007</u>.

Please deliver report(s) to: _Imperial County Superior Clerk's Office, 929 Main Street, El Centro, CA 92243.

Hearing for Review of Doctor's Report is set for <u>7/12/2007</u> at <u>1:30 p.m.</u>, in <u>Dept. 5</u>

Original Charge: <u>Count 1, 4501.5 P.C., Count 2, 4502(a) P.C.</u>

Date of Offense: <u>4/25/05</u>

Department of Corrections shall furnish transportation for defendant to the Jail Court on 7/10/07 and to the Superior Court on 7/12/07 at 1:30 p.m. in Department 5.

☒ Custody Status:
    ☒ Remanded
    ☒ Bail. No bail

☒ So Ordered

Date: _____    Judge_____

DIST:    ☐ DA    ☐ PD    ☐ DEF    ☐ JAIL    ☐ ATTY    ☐ PROB    ☐ CITY ATTY    ☐ DOC

EX#22

**Nina T. Rodd, Ph.D., Q.M.E.**                                                    *Lic. # PSY16624*

CLINICAL / FORENSIC PSYCHOLOGY

*609 Deep Valley Drive, Suite 200, West Tower*
*Rolling Hills Estates, CA 90274*
*Tel: 310.378.7172*
*Fax: 310.541.9308*

January 19, 2007

**RE:** <u>Mr. Michael E. Allen H42389</u>
Calipatria State Prison

## Introduction

This report is prepared per a written request of Mr. Michael E. Allen- H42389, Calipatria State Prison.

This examiner has no knowledge of the reason in which Mr. Allen is incarcerated.

On September 4th, 2006, Mr. Allen requested in writing that this examiner review his medical records and two laboratory descriptions of the medication he reportedly had been taking (prednisone) prior to his incarceration.

Mr. Allen believes that he should have been evaluated for the possible side effect of prednisone that could have affected his mental status and that possibly he did not recievea a fair trial.

This study is limited to the following phases:
1. Review of the records as described above.
2. Literature review of the Crohn's disease.
3. Common treatments of Crohn's disease
4. Side effect of the medication.
5. General opinions on the psychological effects of such medication on a person subjected to such medication in long-term and systematic treatment.

## Review of Mr. Allen's Medical Records

A. 1987-Diagnosed with Crohn's Disease-USC Medical Center.
   Treatment: 40mg of prednisone,
B. 6/16/1988 to 2/9/1989-West Covina Medical Clinic, Inc.- 7 visits followed with treatment of prednisone decreased to 15mg and then 20mg.

Michael E. Allen H42389                                                                    2.

**C.**  10/30/1989-Kaiser Permanente, West Los Angeles, Prednisone 40mg was prescribed.
11/30/1989-Follow up for Crohn's Disease- continued Prednisone therapy.

**C.**  6/27/1990-Hospitalized-Treatment for abdominal cramps. Diagnosis: Exacerbation
of Crohn's Disease. Cramps, vomiting, fever Treated with prednisone 40mg.

**D.**  7/13/1990-UCS Gastro-Intestinal Clinic Record-Visit to doctor, was given
prednisone, tapering it but recommended to taper the prednisone.

## Review of current and most recent literature on common treatment of Crohn's Disease

A review of relevant scientific studies on conventional therapy for Crohn's Disease:

Crohn's Disease is multi-factorial disorder of unknown causes. It's inflammatory bowel
disease (IBD).

### Crohn's Disease symptoms include:

-Pain in the stomach area
-Rectal Bleeding
-Wight Loss
-Fever
-Painful swelling of the lining of the affected organs. (small intestine or anywhere in the
digestive track)
-Sores or ulcers in affected area.

### Medication used to treat Crohn's Disease:

The conventional treatment of Crohn's Disease has been Corticosteroids, which
continues to play a central role in induction of remission in active Crohn's Disease.
However, their use comes at a price of significant adverse effects when used repeatedly
or for extended periods of time (Otley A, Steinhort AH, 2005)

Lemamn M, Allez M.
Article 2005
Indicated that in active Crohn's disease, corticosteroids represents the main treatment.

Michael E. Allen H42389                                                    4

treatment for Crohn's Disease. In Mr. Allen's last doctor's visit on 7/13/1990 it was recommended that the prednisone be tapered and stopped.

* Numerous studies on side effects of prednisone/corticosteroid treatment agree in that it could cause mood disorders, psychosis, cognition, behavioral disturbance and violence, as I reported in my literature review above.

* Such side effects due to metabolic changes and causing secondary adrenocortical insufficiency. As reported by Roxanne Laboratories, Inc., the manufacturers of this medication, this condition "may persist for months after discontinuation of therapy."

* In general, any individual under the effect of this medication could be affected in cognition, judgment, perception and behavioral manifestation.

* Therefore it is my opinion that Mr. Allen could have manifested the above deficits due to the side effects of prednisone for whatever conduct that caused him to be sentenced to prison.

* Hopefully, such information would be helpful for an evaluation of whether Mr. Allen had received a fair trial at the time.

Sincerely,

Nina T. Rodd, Ph.D., QME, DABPS
Clinical/Forensic Psychologist
Qualified Medical Examiner
Diplomate, American Board of Psychological Specialties

Michael E. Allen H42389                                                                 3

## Review of recent and current literature on side effect of Prednisone/corticosteroids treatment/thereapy

### Side effect:

### Roxane Laboratories, Inc.

The formal publication regarding the Prednisone. In description of prednisone under clinical pharmocology indicates that it causes "profound and varied mental effects," and warns that in patients on corticosteroid therapy subjected to "unusual stress," and that the drug-induced secondary adrenal cortical insufficiency could "persist for months after discontinuing medication therapy. It also indicates that psychic derangement ranging from euphoria, insomnia, mood swings, personality changes and severe depression to frank psychosis manifestation could occur. In addition, it's indicated that, "existing emotional instability or psychotic tendencies may be aggravated by corticosteroids."

### Prednisone and Violence.

Mood Disorder was associated with prednisone. (By-Behray H, and Pumariga. AJ. 1998) The uses of corticosteroids, particularly high-potency steroids for the treatment of various inflammatory conditions, has been frequently associated with mood disturbance and psychosis.

### Studies indicated prednisone can cause dementia:

Sacks.O., Shulman. M,. 2005
Which is also called "steroid dementia syndrome" (University of CA, San Francisco, School of Medicine, 2006)

### Mood and cognitive disturbance associated with corticosteroid therapy (Prin Care Companies Journal of Clinical Psychology, 2001).

Mood and Cognitive Change Duty Systemic corticosteroid therapy, appear to be common.

### Psychosis in patients with the treatment 5% of a prospective cohort of 92 patients with treatment of corticosteroids (Psychosomatic 2003, May-June).

## Summary and Conclusions

Per my review of the submitted medical records, Mr. Allen was treated with prednisone routinely and systematically for severe symptoms of Crohn's Disease from 1987 the 1990. The dosage was mostly at 40mg. According to scientific literature this is a common

EX #23

LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT MEDICAL SERVICES

## PSYCHIATRIC SPECIAL NURSING OBSERVATION & CARE RECORD

Date: _Oct 14, 90_

Problem/Behavior/Diagnosis: _R/O No. Head Trauma_

Date/Time Restraints Applied _Oct 14, 90 @ 1530 hrs. 4 pts_   No. Restraints _4 pts_

| Hour | 0700 | | | | 0800 | | | | 0900 | | | | 1000 | | | | 1100 | | | | 1200 | | | | 1300 | | | | 1400 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Minutes | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 |
| Output | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Fluid/Diet | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Related With Staff | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Awake | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Asleep/Position | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Linen Change | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Extremity Check | | | | | | | | | | | | | | | | | | | | | | ✓ | | | | | | | | | | |
| Initial | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Hour | 1500 | | | | 1600 | | | | 1700 | | | | 1800 | | | | 1900 | | | | 2000 | | | | 2100 | | | | 2200 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Minutes | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 |
| Output | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Fluid/Diet | | | ✓ | | | | | | | | | | ✓ | | | | | | 1 | | | | | | | | | | | | | |
| Related With Staff | | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Awake | S | | | | | | | | ▪ | | | | | ✓ | | | | ✓ | | | | | | | ✓ | | | | | | | |
| Asleep/Position | | | | | | | | | S | | | | ✓ | | | | | | | | | | | | | | | | | S | | |
| Linen Change | | | | | | | | | | | | | ✓✓ | | | | | | | | | | | | | | | | | | | |
| Extremity Check | | ✓ | | | | | | | | | | | ✓ | | | | ✓ | | | | ✓ | | | | | ✓ | | | | | | |
| Initial | | MU | | ✓ | | | | | | CM | | | | CM | | | | CM | | | | CM | | | | CM | | | | MU | | |

| Hour | 2300 | | | | 2400 | | | | 0100 | | | | 0200 | | | | 0300 | | | | 0400 | | | | 0500 | | | | 0600 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Minutes | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 | 00 | 15 | 30 | 45 |
| Output | | | | | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Fluid/Diet | | | | | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Related With Staff | | | | | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Awake | ✓ | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Asleep/Position | | | | | | | | | S | | | | R | | | | S | | | | R | | | | | | | | S | | | |
| Linen Change | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Extremity Check | ✓ | | | | ✓ | | | | ✓ | | | | | | | | | | | | | | | | | | | | ✓ | | | |
| Initial | AY | | | | CM | | | | AY | | | | AY | | | | AM | | | | AY | | | | AY | | | | AY | | | |

**KEY:**

**OUTPUT**

I — Incontinent
O — Bedpan or Urinal Offered
V — Voluntary

**ASLEEP/POSITION**
(Denotes Respirations)

L — Left Side
P — Prone
R — Right Side
S — Supine

**COMMENTS**

Date/Time _Oct 14, 90 @ 1530 hrs. Placed in_
_4 pts Restraint for self protection_

| Signature/Job Title | Init | Signature/Job Title | Init |
|---|---|---|---|
| M. Bitts RN | MU | Auyong NA7 # AY | AY |
| C.S. Adams | CM | Artiese 178 | AM |
| | | Glennan | JG |

**Patient Identification**

ALLEN         MICHAEL E
04/22/66 23 B
187(A)PC    04/10/90
UIL            NUTTY
193 78 09
SP 10/14/90
              1530 B

HJ-416  9/89

EX # 24

EX # 24



**THE STATE BAR**
**OF CALIFORNIA**
1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

November 28, 2007

**MICHAEL  ALLEN  H 42389    ASU - B7**
**P O  BOX  5002**
**CALIPATRIA   CA    92233**


**Inquiry No.:**        **07-26345**
**Respondent:**         **Timothy Reilly**

Dear Mr. Allen:

Your complaint received on September 28, 2007, has been reviewed by an attorney to determine
whether Mr. Reilly violated the State Bar Act and/or the Rules of Professional Conduct, and whether
there is a basis for investigation or prosecution of his alleged conduct.

In your letter, you state that you are involved in criminal and civil litigation matters. You state that Mr.
Reilly was appointed to your case but provided poor representation in your criminal matter.  You also
complain that  Mr. Reilly has disregarded your request to provide your medical records so you can
proceed in your civil matter.

Mr. Reilly provided his response to the allegations, and has promised to make copies of the pertinent
records and provide them to you immediately. After careful review and after taking into consideration
all relevant factors, we have determined that no further action is warranted by the State Bar.  Please be
advised that the authority of the State Bar is limited by law.  We can discipline, or recommend
discipline to be imposed upon an attorney only for wilful violations of the Rules of Professional
Conduct or of the State Bar Act. In this situation, while we do not condone the attorney's actions that
you have described, there are simply insufficient facts to warrant the commencement of formal
disciplinary proceedings against the attorney.  We are closing our file at this time.

If you do not agree with the decision to close your complaint, you may request a review, in writing
within **three (3) months**, of the date of this letter.  Telephonic requests cannot be accepted.  Include
with your request any additional or new evidence and **copies** of documentation which you believe
should be considered.  You may make your written request to: Audit and Review, Office of the Chief
Trial Counsel, State Bar of California, 1149 South Hill Street, Los Angeles, California  90015.

Very truly yours,

Manya B. Lewis
Complaint Analyst

MBL/ec

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

DEC 1 2 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**I (a) PLAINTIFFS**

Michael E. Allen

2254  DEFENDANTS

FILING FEE PAID
Yes    No

IFP MOTION FILED
Yes    No

COPIES SENT

Court    Judge

Timothy J. Billy

**(b) COUNTY OF RESIDENCE OF FIRST LISTED**  Imperial
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**    ATTORNEYS (IF KNOWN)

Michael E. Allen
PO Box 5002
Calipatria, CA 92233
H-42389

'07 CV 2331 JLS CAB

| **II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)** | **III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT** |
|---|---|

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT  DEF | | PT  DEF |
|---|---|---|---|
| Citizen of This State | ☐1  ☐1 | Incorporated or Principal Place of Business in This State | ☐4  ☐4 |
| Citizen of Another State | ☐2  ☐2 | Incorporated and Principal Place of Business in Another State | ☐5  ☐5 |
| Citizen or Subject of a Foreign Country | ☐3  ☐3 | Foreign Nation | ☐6  ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE    Docket Number

| DATE | 12/12/2007 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|