MICHAEL E. ALLEN- H42389

P.O. BOX- 5002

CALIPATRIA. CALIF. 92233

ORIGINAL

| 2254 ___ 1983 |
|---|
| **FILING FEE PAID** |
| Yes ___ No ✓ |
| **IFP MOTION FILED** |
| Yes ✓ No ___ |
| **COPIES SENT TO** |
| Court ✓ ProSe ___ |



**FILED**

DEC 1 2 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 2331 JLS CAB

MICHAEL E. ALLEN,
                Plaintiff,

V.

TIMOTHY J. REILLY, DEPUTY
PUBLIC DEFENDER OF IMPERIAL
COUNTY.
                Defendant.

CASE NO# _____

REQUEST FOR TEMPORARY RESTRAINING
ORDER FOLLOWING THE PROCEEDING WITH
A APPLICATION FOR PRELIMINARY
INJUNCTION ALL PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE SECTION
65 (a) (b).

        This Request for Temporary Restraining order is based upon Real and significants of immediate and irrepareable Harm, by sworn Affidavit and declaration of incompetent plaintiff Michael E. Allen with specific facts of Retaliation and danger verified in complaint in paragraphs #36, 40, 41, 42 and 43 The wrongful Approving of Antipsychotic mind Altering psychotropic medication. That may Alter plaintiff's mind and without taking under consideration what Adverse effects, The side effects Antipsychotic medication may have on incompetent plaintiff current medication due to crohns Disease and it's Symtoms especially Antipsyclotic medication is Approved and incompetent plaintiff has no symtoms of Psychotic. and noone to protect Rights,

<u>TEMPORARY RESTRAING ORDER ON</u>

        A Temporary Restraining order be issued Against <u>Timothy J. Reilly, Deputy</u> <u>Public Defender Imperial County</u>, <u>939 main street, El Centro, California</u> <u>92243</u> <u>(760)</u> <u>482-4510</u> base on the Here in Affidavit:

— 1 —

## AFFIDAVIT IN SUPPORT OF
## TEMPORARY RESTRAING ORDER

Affiant, Michael G. Allen, Declare:

On August 9. 2007 Affiant was declared Legally menkily incompetent by Imperial County Superior court a Court of competent Jurisdiction. EX # 1

In The civil matter of Michael G. Allen case No# EMH00214, Timothy J. Reilly. Attorney is the only protector and guardian of The Legally mentally incompetent Michael G. Allen's Rights and equal Access to courts and without Mr. Reilly protecting incompetent Rights, plaintiff is in grave danger.

On September 26. 2007 incompetent plaintiff exercised His First Amendment Right on Attorney Timothy J. Reilly with the California state Barg by filing a complaint on Mr. Reilly, and since September 26. 2007 Attorney Reilly has Retaliated and Retalatory conduct on ———.by turning a blind eye and failing to protect the incompetents statutory Rights under Lanterman-Petris short Act of California welfare and Institutional code section 5325.1 A Right to be free from Harm, including unnecessary medication, a Right to be free from Hazardous Procedures and medication shall not be used as a punishment. . . . . . . . . . This is only The Tip of The Ice-berg Read Claim two for full extent of Retaliation.

## IMMEDIATE IRREPARABLE HARM & DANGER
a

Timothy J. Reilly, A protector of incompetent plaintiff Rights is Taking Retalatory Action by turning a blind eye and allowing the Approval of Antipsychotic mind Altering psychotropic medication on the incompetent patient/plaintiff That has no Psychotic symtoms.

The mental Health evaluation Report EX # 2 states "patient was Appropreintely groomed, dressed, free from easily Recognizable impairments, sat quietly, made good eye contact, cooperative throughout interview, patient spoke "in normal tone of voice, speech, free from preoccupation, obsession, suicidal, Hemicidal, ideation, Plans or intent, No Auditory and visual Hallucinations and other

perceptual Abnormalities, Alert, with stable level of consciousness. Throughout interview and was oriented to person, place and Reason for interview.

<u>Note</u>: No where in Mental Health Evaluation Report does it list incompetent patient, plaintiff with Psychotic symtems but Please take Judicial notice of Medline Plus Trusted Health Information, A Services of the United States National Library of Medicine and National Institute of Health shows the <u>symtems of "Psychotic"</u> as follows:

"Loss of touch with Reality, seeing, Hearing, feeling or otherwise perceiving things that are not there, Hallucination, Disorganized thoughts, speech, Abnormal emotions, extreme excitement "mania" confusion Depression and sometimes suicidal thoughts, unfound fear or suspicion, mistaken perception illusions, false beliefs, delusions and inability to take care of one self. See EX# 3 Medline Plus Trusted Health Information symptoms of Psychotic.

Note: Again Please take Judicial notice incompetent, patient / plaintiff Have No Psychotic symtem as stated in medline Plus Trusted Health information if the court Review Medline Plus Trusted Health Information and mental Health evaluation Report That list no symtems of Psychotic on the incompetent.

Timothy J. Reilly the protector of incompetent patient, / plaintiff is allowing the Approval of Antipsychotic mind Altering psychotropic medication on the Legally mentally incompetent That has no psychotic symtems but a Right to be free from Harm of unnecessary medication and turning a blind eye due to incompetent plaintiff exercising 1st Amendment Rights by filing a complaint with the State Bar.

further Retaliation and irreparable Harm including life danger is taking place Timothy J. Reilly is turning a blind eye, failing to protect the incompetent and not challenging contesting That the mental Health Evaluation Report EX# 2 do not give the opinions as to possible side effects or potential side effects of Antipsychotic medication as Required by Law under California Penal code section "1367(a)" line 19-20 EX# 4 and Above all does not take under consideration incompetent patient current Health Problems of Crohns Disease and numerous symtems EX# 5 pg3.

which medication is prescribe to keep under control.

The wrongful mixure of medication is very dangerous that can cause irreparable Harm or even death as with The famous Actress <u>Ana Nichol Smith</u>, who died from the mixure of numerous medications, which Ana Nichol Smith doctor is being investigate for.

Incompetent plaintiff case shows immediated danger and irreparable Harm As Timothy J. Reilly protected the incompetent Rights Allows Antipsychotic mind Altering medication when mental Health evaluation Report shows incompetent plaintiff with no Psychotic symtoms.

This is not speculation. The threat is immediately present incompetent patient plaintiff may not Remember what is now written before this court in the next 30 days as placement for treatment of Antipsychotic mind Altering Medication will take effect on 11-29-07.

At All time the protecter of My Rights Timothy J. Reilly, is turning a blind eye allowing the Approval of Antipsychotic mind Altering psychotropic medication on the incompetent with no psychotic symtoms and impeding and obstructing Access to court in Imperial county Superior court to correct wrong and not Protecting the incompetents Rights and Retaliating for the incompetent file a complaint against Mr Reilly with the California State Bar, a 1st Amendment constitutional Right to file a complaint without Retaliation as listed in complaint paragraphs # 37 through 60.

The irreparable Harm and the likelihood of prevailing on the merits of impeding and obstructing incompetent Access to courts and Retaliating on the incompetent for exercising 1st Amendment Rights is high along with the immediated danger and irreparable Harm of been prescribe Antipsychotic medication when incompetent plaintiff Has no symtoms of Psychotic and a blind eye has been turned by the protecter of incompetents Rights as to what Adverse side effects Antipsychotic Medication will have on incompetents Crohns Disease and the numerous prescribe Medication for crohns Disease.

— <u>CASE LAW IN SUPPORT</u> —

A Temporary Restraining order may be granted without written or oral notice to adverse party when it appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury or "loss of memory due to Antipsychotic mind altering drug" will result

<u>Federal Rules of Civil Procedure Rule 65(b)</u>.

A Preliminary Injunction can be issued if plaintiff demonstrated irreparable harm and likelihood of prevailing on the merits or a sufficiently serious question going to the merits and a balance of hardship tipping in plaintiff favor. <u>United States v. Nutri-Cology, Inc.</u> 982 f.2d 394, 397 "9th cir. 1992".

- <u>RELIEF</u> -

A Temporary Retaining order be on Timothy J. Reilly, to cease from Retaliating on incompetent plaintiff for exercising 1st Amendment Rights to file a complaint and Timothy J. Reilly Represent incompetent case vigorously in manner as favorable to incompetent as rules of law and professional ethics permit and don't allow the approval of Antipsychotic mind altering psychotropic medication when incompetent patient plaintiff don't have Psychotic without 1st vigorously addressing it on the Record and incompetents procedural Right to be free from unnecessary medication. Calif. welfare and Institutional code sec. 5325.1

Dated: 11-28-07                                          Respectfully submitted,

                                                        _Michael E. Al___

- <u>VERIFICATION</u> -

This affidavit made under the oath of penalty of perjury that the herein statement and facts are true and correct. Executed this November 28, 2007 Imperial County. Calipatria. California

                                        Submitted,

                                        _Michael E. Al___
                                        Michael E. Allen - Affiant
                                        — Declarant —

EX #1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA** | |
| **COUNTY OF IMPERIAL** | |
| **In the Matter of Michael Allen**<br><br>**An Alleged:**<br>☐ **Developmentally Disabled Person**<br>☒ **Mentally Ill Person**<br>☐ **Narcotic Addict** | Judge: Jeffrey B. Jones<br>CSR: Lori Kowalski<br>Bailiff: David Obeso<br>Clerk: Francisco Soto<br>Interpreter:<br>Language: |
| Minutes:      **Receipt of Report and Placement**<br>                      **Hearing** | Case No.      **EMH00214**<br><br>                      **El Centro Dept. 5** |
| Date:      **September 6, 2007** | Related Cases:    **JCF19796** |

Appearances:    ☐ No appearances
                ☐ Party: _____                    ☒ Attorney:    <u>Wayne Robinson, for the</u>
                                                                <u>People</u>
                ☒ Party:    <u>Michael Allen, Respondent with</u>    ☒ Attorney:    <u>Timothy Reilly, for the</u>
                            <u>counsel</u>                                        <u>Respondent</u>
                ☐ Other    _____                    ☐ Attorney:    _____

The Court notes that the report recommending placement was filed on 8/21/07. The Court states it is prepared to order follow the recommendations in the said report and order that the Respondent be committed to Patton State Hospital.

The matter is submitted to the Court.

THE COURT receives the report filed on 8/21/07 into evidence.

THE COURT finds that the appropriate placement is Patton State Hospital.

THE COURT directs that the Respondent be committed to Patton State Hospital for restoration of competence.

The Court notes that the maximum term of commitment would be 25 years to life.

THE COURT finds that the maximum term of commitment is 3 years.

THE COURT finds that the Respondent shall receive no credits for time served.

THE COURT directs the Sheriff of Imperial County to take and deliver the Respondent to the proper authorities at Patton State Hospital.

THE COURT orders a review hearing set on 11/29/07 at 1:30 p.m. in Department 5.

Defendant is remanded into the custody of the Department of Corrections

08-21-07P01:27 RCVD

# IMPERIAL COUNTY BEHAVIORAL HEALTH SERVICES
## Adult Outpatient Clinic
120 NORTH EIGHTH STREET ♦ EL CENTRO, CA 92243 ♦ (760) 482-4087

## P.C. 1370(A)/1370.01(A) Placement Recommendation

NAME: Michael Allen                           REPORT DATE: 08-14-07

CASE NUMBER: EMH00214                          REPORT DUE: 09-05-07

REASON REFERRED: This report was ordered to aid the Court in determining the placement necessary to return the defendant to mental competence.

METHODS OF EVALUATION: For the purposes of this report the following sources of information were used:
- The Court's P.C. 1369.(a) Competence Evaluation Order of June 21, 2007 & July 12, 2007;
- The court's P.C. 1370.(A) Order of August 9, 2007;
- Evaluation of the defendant at Imperial County Jail on July 31, 2007 for 30 minutes;
- Review of 113 pages of Department of Corrections Records provided by defendant's attorney.

RECOMMENDATIONS:
- Although the defendant is not a danger to self or others, placement on outpatient status would not be appropriate as this felony defendant is under the care & custody of the California Department of Corrections.

- Committed to Patton State Hospital, or some similar secure and structured treatment facility available through CDC for treatment to return the defendant to competence would be appropriate for this defendant.

The following documents should accompany the defendant to the treatment facility (cf. PC 1370.(3)(A)/1370.01(3)(A)):
1. The commitment order, including specification of the charges.
2. A computation or statement setting forth the maximum term of commitment.
3. A computation or statement setting forth the amount of credit for time served, if any, to be deducted from the maximum term of commitment.
4. State Summary Criminal History information.
5. Any arrest reports prepared by the police department or other law enforcement agency (available through ICBHS).
6. Any court-ordered psychiatric examination or evaluation reports, which would include the County Mental Health Director's placement recommendation report.

Respectfully submitted:

Louis Blumberg, Ph.D.
Supervising Clinical Psychologist
    (Calif. License PSY5338)

EX # 2

RECEIVED

AUG 0 3 2007

PUBLIC DEFENDERS

IMPERIAL COUNTY BEHAVIORAL HEALTH SERVICES
Adult Outpatient Clinic
120 NORTH EIGHTH STREET ♦ EL CENTRO, CA 92243 ♦ (760) 482-4087

P.C. 1369 Mental Health Competence Evaluation

NAME: Michael Allen

CASE NUMBER: JCF19796

REPORT DATE: 7.31.07

REPORT DUE: ASAP

REASON REFERRED: This evaluation was ordered to aid the Court in determining the defendant's mental competence.

METHODS OF EVALUATION: For the purposes of this evaluation the following sources of information were used:
- The court's Order of 6.21.07
- Evaluation of the defendant at Imperial County Jail on 7.31.07 of approximately 30 minutes
- Approximately 113 pages of CDRC reports

WAIVER: Before beginning this examination the defendant was informed that the Court had ordered an evaluation of the defendant's mental competence, and that the Court would be provided with a report of the undersigned's findings. The information provided by the defendant, therefore, was not to be considered private or confidential in the usual doctor-patient sense. The defendant appeared to understand the limitations to privacy, and gave permission to proceed on that basis.

BACKGROUND: The defendant is an African-American male of indeterminate age who is charged with one felony count of Custodial Possession of a Weapon arising from events reported to have occurred in a State Prison on April 25, 2005.

MENTAL STATUS DURING INTERVIEW:
    Appearance and Behavior: The patient was a well-developed male of apparent African-American extraction, and of average height and weight. He was appropriately dressed and groomed, and he was free from any easily recognizable impairment. He sat quietly, made good eye contact, and he was cooperative throughout the interview.
    Speech Characteristics and Thought Process: The patient spoke in a normal tone of voice, with spontaneity, but he needed much prompting and redirection to expand on responses. His rate of speech was average. His thought process was tangential.
    Thought Content: The patient's thought content was apparently free from preoccupations, obsessions, and suicidal/homicidal ideation, plans or intent.
    Perception: The patient denied auditory and visual hallucinations and other perceptual abnormalities.
    Mood and Affect: In the context of this semi-structured clinical interview, the patient's affect was appropriate with respect to speech content and his life situation, restricted, and lacking in facial animation.
    Sensorium, Cognitive Functioning and Insight: The patient appeared alert, with a stable level of consciousness throughout the interview, and was oriented as to person, place, and reason for the interview. His intelligence and insight seemed below average compared to peers with similar cultural, socioeconomic and educational backgrounds.

Mental Health Competency Evaluation                                          p.2
Michael Allen (Case No. JCF19796)

COMPETENCY: The defendant's responses to the questions of the semi-structured
"competency assessment instrument" suggested the following. The defendant does not
have the capacity to understand the charges; the ability to understand the purpose of the
criminal process and the adversary system; the ability to recognize his own situation as
defendant; the ability to work with his/her attorney; nor the ability to relate pertinent facts
or other information to assist counsel in presenting a defense.

FINDINGS:
- Due to a mental disorder the defendant is unable—by his own admission—to
  understand the nature and purpose of the proceedings.
- The defendant is unable to cooperate with his attorney in presenting his defense
  because he does not trust attorneys or judges.
- Treatment with antipsychotic medication is medically appropriate and necessary to
  help restore the defendant to mental competence, and to maintain his competence.
- The defendant does have the capacity to make decisions regarding antipsychotic
  medication, since he does have the necessary psychological maturity or insight to
  recognize he has a serious psychiatric condition.
- The defendant should be evaluated by a psychiatrist to determine if antipsychotic
  medication is appropriate.
- The undersigned psychiatrist has evaluated the defendant to determine if
  antipsychotic medication is appropriate.
- If the defendant is not treated with antipsychotic medications, it is possible that
  serious harm to the physical or mental health of the defendant will result.
- Administration of psychotropics is likely to render the defendant competent to stand
  trial.
- Less intrusive treatment would be unlikely to have substantially the same results.
- Antipsychotic medication is in the defendant's best medical interest in light of his
  medical condition.
- The defendant is not a danger to self or others.

Respectfully submitted:

_Louis Blumberg, Ph.D._
Louis Blumberg, Ph.D.
Supervising Clinical Psychologist
(Calif. License PSY5338)

_Alvaro Camacho, M.D._
Alvaro Camacho, M.D.
Psychiatrist
(Calif License A75737)

EX #3

**MedlinePlus®**
**Trusted Health Information for You**

A service of the U.S. NATIONAL LIBRARY OF MEDICINE and the NATIONAL INSTITUTES OF HEALTH

[ Print this page ]    [ Close this window ]

# Medical Encyclopedia: Psychosis

URL of this page: http://www.nlm.nih.gov/medlineplus/ency/article/001553.htm

**Alternative names**

Psychotic

**Definition**

Psychosis is a loss of contact with reality, typically including delusions (false ideas about what is taking place or who one is) and hallucinations (seeing or hearing things which aren't there).

**Causes, incidence, and risk factors**

Psychosis is a severe mental condition characterized by a loss of contact with reality. There are numerous potential causes:

- Alcohol and certain drugs can induce psychosis
- Bipolar disorder (manic depression)
- Brain tumors
- Epilepsy
- Psychotic depression
- Schizophrenia
- Dementia (Alzheimer's and other degenerative brain disorders)
- Stroke

**Symptoms**

- Loss of touch with reality
- Seeing, hearing, feeling, or otherwise perceiving things that are not there (hallucinations)
- Disorganized thought and/or speech
- Emotion is exhibited in an abnormal manner
- Extreme excitement (mania)
- Confusion
- Depression and sometimes suicidal thoughts
- Unfounded fear/suspicion
- Mistaken perceptions (illusions)
- False beliefs (delusions)

### Signs and tests

Psychological evaluation and testing are used to diagnosis the cause of the psychosis.

Laboratory or radiological testing may not be essential, but sometimes can help pinpoint the exact diagnosis. Tests may include:

- MRI o f the brain
- T ests for syphilis
- Dr ug screens

### Treatment

Treatment varies depending on the cause of the psychosis. Care in a hospital is often needed to ensure the patient's safety. Drugs that diminish auditory hallucinations ("hearing voices") and delusions, and stabilize thinking and behavior (antipsychotic drugs) are helpful. Group or individual therapy can also be useful.

### Expectations (prognosis)

The expectations for the outcome vary with the specific disorder. Many of the symptoms can be controlled with long-term treatment.

### Complications

Psychosis can prevent a person from functioning normally. During psychotic states, there can be an inability to care for oneself. If the condition is left untreated, there is a possibility of self-harm or harm to others.

### Calling your health care provider

Call your health care provider or mental health professional if a member of your family exhibits behavior indicating a loss of contact with reality. If there is any concern about safety, as described above, immediately take the person to the nearest emergency room for evaluation.

### Prevention

Prevention depends on the cause. For example, preventing alcohol abuse prevents alcohol-induced psychosis.

### Update Date: 5/17/2006

Updated by: Paul Ballas, D.O., Department of Psychiatry, Thomas Jefferson University Hospital, Philadelphia, PA. Review provided by VeriMed Healthcare Network.



A.D.A.M., Inc. is accredited by URAC, also known as the American Accreditation HealthCare Commission (www.urac.org). URAC's accreditation program is the first of its kind, requiring compliance with 53 standards of quality and accountability, verified by independent audit. A.D.A.M. is among the first to achieve this important distinction for online health information and services. Learn more about A.D.A.M.'s editorial process. A.D.A.M. is also a founding member of Hi-Ethics (www.hiethics.com) and subscribes to the principles of the Health on the Net Foundation (www.hon.ch).

The Information provided should not be used during any medical emergency or for the diagnosis or treatment of any medical condition. A licensed physician should be consulted for diagnosis and treatment of any and all medical conditions. Call 911 for all medical emergencies. Adam makes no representation or warranty regarding the accuracy, reliability, completeness, currentness, or timeliness of the content, text or graphics. Links to other sites are provided for information only -- they do not constitute endorsements of those other sites. Copyright 2005,

Pen. code 1369

EX #4    EX #4

EX # 5



ENDORSED
DEC 27 2005

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY ELIZABETH ADAME
DEPUTY

Imperial County Public Defender
1 Javier Garibay, Deputy Public Defender; SB# 222438
939 Main Street
2 El Centro, California 93638
Telephone: (760) 482-4510
3 Attorney for Michael Allen

4                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
                       IN AND FOR THE COUNTY OF IMPERIAL

5

6

7
    In re                                    )    CASE NO. EHC00613
8                                            )
                                             )    SUPPLEMENTAL MEMORANDUM OF
9                                            )    POINTS AND AUTHORITIES IN SUPPORT
                                             )    OF PETITIONERS WRIT FOR HABEAS
10   MICHAEL ALLEN                           )    CORPUS
                                             )
11                    Petitioner             )
                                             )
12   On Habeas Corpus                        )
                                             )
13   _____)

14        SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF
                       PETITION FOR WRIT OF HABEAS CORPUS

15                                    ARGUMENT

16

17   Petitioner Has A Qualifying Disability Under California Law Which Has Incorporated
         The American With Disabilities Act And Provided Broader Protection

18        Petitioner  has  a  qualifying  disability  under  California  law  which  has

19   incorporated the American with Disabilities Act and provided broader protection. See

20   Government Code § 12926.1.

21        The California legislature has incorporated the Americans with Disabilities Act

22   of 1990 in numerous statutes. See 1992 Cal ALS 913. In the instant case, Petitioner

23

24   is protected under Government Code § 11135. Government Code § 11135 reads as

25   follows:

26                                        1

27

28

1

2

3

4

5

6

7

8

9

10

11

(a) No person in the State of California shall on the basis of national origin, ethnic group identification, religion, age, sex, color, or **disability**, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

(b) With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

(c) As used in this section "disability" means any mental or physical disability as defined in Section 12926...

12

13

14

15

16

17

18

Unlike the American With Disabilities Act which requires the disability of the individual to impose a substantial limitation on a major life activity, California law only requires that the physical or mental disability impose a "limitation" upon a major life activity. Government Code § 12926.1. "This distinction is intended to result in broader coverage under California law than under the federal act." Government Code δ 12926.

19

20

21

22

23

24

Physical disability includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following: (1) affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, <u>digestive</u>, genitourinary, hemic and lymphatic, skin, and endocrine; and (2) limits a major life activity.

25

26

27

28

Government Code δ 12926.1. Physical and mental disability includes either chronic or

2

1  episodic conditions. See Government Code § 12926.1.

2       Irrespective of the American With Disabilities Act, the California legislature has

3  determine that word "limits" within the meaning of Government Code § 12926 is to be

4  determined without regard to any mitigating measures such as medications, assistive

5  devices, prosthetics, or reasonable accommodations, unless the mitigating measure

6  itself limits a major life activity. Government Code δ 12926.1. "A physiological disease,

7  disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life

8  activity if it makes the achievement of the major life activity difficult.' Government

9  Code § 12926.1.

10       In the instant case, Petitioner Allen has been diagnosed and is suffering from

11  Crohn's disease. See Exhibit 1, Los Angeles County Sheriff's Department Medical

12  Record Services Discharge Summary. Chron's disease is a physical disability within

13  the meaning of Government Code § 12926. It is a "serious, chronic inflammatory

14  disease of the gastrointestinal tract." Maguille Medical Guide, Health and Illness,

15  Volume I, page 175 (1995).

16       Mr. Allen's Crohn's disease limits several of his major life activities. Petitioner

17  Allen suffers from numerous symptoms including uncontrollable bowl movements,

18  vomiting, uncontrollable body odor and rectal bleeding which causes Mr. Allen's body

19  strength to deteriorate to such a point where he is too weak to engage in the simplest

20  of physical and social activities such as not being able to get off of his bed, clean up

21  after himself and go to work. See Declaration of Petitioner Allen In Support of Denial

22  and Exception to Return to Order to Show Cause. Petitioner's Allen's symptoms are

23  typical of a patient who is suffering from Chron's disease. Gale Encyclopedia of

24  Medicine, Volume II, page 855 (1999). The activities that Petitioner Allen is unable to

25

26                                                                    3

27

28

1    engage in because of the symptoms that he suffers from the Chron's disease are

2    major life activities within the meaning of Government Code § 12926. As stated above,

3    major life activities are broadly construed and include physical, mental and social

4    activities and working. Government Code § 12926. Furthermore, because Mr. Allen is

5    unable to engage in of any of said activities, he satisfies the definition of the word

6    "limitation" within the meaning of Government Code δ 12926.

7         It is clear that California law protects Mr. Allen from being denied access to

8    any program or activity that is conducted, operated, or administered by the state or

9    by any state agency, is funded directly by the state, or receives any financial

10   assistance from the state because of his disability. Under Government Code § 11135,

11   the California Department of Rehabilitation and Corrections is a state agency and

12   therefore cannot deprive Mr. Allen access to single cell housing due to his disability.

13

14

15                              CONCLUSION

16        For the reasons stated above, the court should grant Mr. Allen's Petition and

17   order that the California Department of Corrections provide Mr. Allen with access to

18   single cell housing.

19   Date: December 27, 2005

20
                                   Respectfully submitted,
21

22

23   _____

24   Javier Garibay
     Attorney for Petitioner
25

26                                   4

27

28

1
2
3
4
5
6
7
8                        IMPERIAL COUNTY SUPERIOR COURT
9
10   IN RE:                                    Case No.: EHC00613
11   MICHAEL E. ALLEN,                         ORDER ~~TO SHOW CAUSE~~
12            Habeas Corpus.
13
14
15
16       Good cause having been shown, Petitioner's Writ of Habeas Corpus is granted.
17   Respondent is hereby ordered to afford Petitioner single cell housing accommodations.
18       DATED:  February 24, 2006
19
20                                        RAYMOND A. COTA
                                          Judge of the Superior Court
21
22
23
24
25