MC-410

## FORM TO BE KEPT CONFIDENTIAL (if box checked)

| | FOR COURT USE ONLY |
|---|---|

APPLICANT (name): Michael E. Allen - 1942389

APPLICANT IS: ☐ Witness  ☐ Juror  ☐ Attorney  ☒ Party  ☐ Other

**Person submitting request (name):**

APPLICANT'S ADDRESS: P.O. Box- 5002, Calipatria State Prison

Calipatria, Calif 92233

TELEPHONE NO.:

NAME OF COURT: U.S. District Ct. Southern Dist. of California

STREET ADDRESS: 880 Front Street, Ct Rm# 4290

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, 92101-8900

BRANCH NAME: SOUTHERN DISTRICT

NAME OF JUDGE:

CASE NAME: Michael E. Allen v. Timothy J. Reilly

**REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES and ORDER**

**FOR COURT USE ONLY**

0254    1983  ✓

**FILED**

FILING FEE PAID

Yes ☐    No ✓

DEC 1 2 2007

IFP MOTION FILED

Yes ✓    No ☐  BY

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RW
DEPUTY

COPIES SENT TO

Court ✓    Pro Se

CASE NUMBER: '07 CV 2331 JLS CAB

---

Applicant requests accommodation under California Rules of Court, rule 989.3 as follows: 42 U.S.C. Sec. 12102

1. Type of proceeding: ☐ Criminal  ☒ Civil  American Disability Act and 42 U.S.C. 1983 Advocacy Rights

2. Proceedings to be covered (e.g., bail hearing, preliminary hearing, particular witnesses at trial, sentencing hearing):
All court Proceedings

3. Dates accommodations needed (specify): Upon filing of writ 42 U.S.C 1983

4. Impairment necessitating accommodations (specify): Legally mentally incompetent. Ex#1 Attached for verification and Applicant Has a American with Disability Act ex#2 verification Additional information of physical disability ex#2 pg10--

5. Type of accommodations (be specific): To Be Provided a court Appointed Attorney from the courts Pro Bono Program and a court appointed Guardian Ad litem To protect legally incompetents Rights, Trail Rights and monetary damages

6. Special requests or anticipated problems (specify): Applicant should be Provide A Attorney Ad litem to save court cost Also Attached order for Appointment of Guardian Ad litem pg#2-

7. I request that my identity  ☐ be kept CONFIDENTIAL.  ☒ NOT be kept CONFIDENTIAL.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11-28-07

Michael E. Allen

(TYPE OR PRINT NAME)

▶ Michael E Allen

(SIGNATURE OF APPLICANT)

---

## ORDER

☐ The request for accommodations is GRANTED because
  ☐ the applicant satisfies the requirements of the rule.
  ☐ it does not create an undue burden on the court.
  ☐ it does not fundamentally alter the nature of the service, program, or activity.
  ☐ Alternate accommodations granted (specify):

☐ The request for accommodations is DENIED because
  ☐ the applicant does not satisfy the requirements of the rule.
  ☐ it creates an undue burden on the court.
  ☐ it fundamentally alters the nature of the service, program, or activity.
  (Specify):

Date:

_____
JUDGE

Form Adopted by the
Judicial Council of California
MC-410 [New January 1, 1998]
Mandatory Form

**REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES and ORDER**

THOMSON
—★—
WEST

Cal. Rules of Court,
rule 989.3

982(a)(27)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Michael E. Allen. H-42389 <br> Calipatria State Prison <br> P.O. Box 5002 <br> Calipatria. Calif 92233 <br> TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: U.S. District Ct. Southern Dist of California
MAILING ADDRESS: 880 Front street. ct. Rm # 4290
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: SOUTHERN DISTRICT

PLAINTIFF/PETITIONER: MICHAEL E. ALLEN

DEFENDANT/RESPONDENT: TIMOTHY J. REILLY

| | |
|---|---|
| **APPLICATION AND ORDER FOR APPOINTMENT** <br> **OF GUARDIAN AD LITEM—CIVIL** <br> ☒ EX PARTE | CASE NUMBER: |

**Note:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual may not act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): MICHAEL E. ALLEN                              is
   a. ☐ the parent of (name):
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☒ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Court Appointed Guardian To be Assign by the court and Precosed by
   The court

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Michael E. Allen. H-42389. Calipatria State Prison P.O. Box 5002
   Calipatria. California 92233

4. The person to be represented is:
   a. ☐ a minor (date of birth):
   b. ☒ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
   Retaliation for exercising 1st Amendment Right and Retaliation on the Legally
   mentally incompetent including Impeding and obstructing Access to Courts and
   equal Access to courts for the incompetent.

   ☐ Continued on Attachment 5a.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> 982(a)(27) [Rev. January 1, 2004] | **APPLICATION AND ORDER FOR APPOINTMENT** <br> **OF GUARDIAN AD LITEM—CIVIL** | THOMSON <br> WEST    Code of Civil Procedure, § 372 et seq. |

| PLAINTIFF/PETITIONER: MICHAEL E. ALLEN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TIMOTHY J. REILLY | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☒ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify): Pursuant to Federal Rules of Civil Procedure Rule 17 (c). The court shall appoint A Guardian Ad litem for incompetent not otherwise Represented in an action or shall make such other order as deems proper for the protection of the incompedent.

☒ Continued on Attachment 5d.    Verification of incompedence.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☐ related (state relationship):

b. ☒ not related (specify capacity): To be Appointed by the court.

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11-28-07

_Michael E. Allen_    ▶ _Michael E. Allen_
(TYPE OR PRINT NAME)    (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER    ☐ EX PARTE

**THE COURT FINDS** that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

**THE COURT ORDERS** that (name):

is hereby appointed as the guardian ad litem for (name):

for the reasons set forth in item 5 of the application.

Date:

_____
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

| PLAINTIFF/PETITIONER: MICHAEL E. ALLEN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TIMOTHY J. REILLY | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☒ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons *(specify):* Pursuant to Federal Rules of civil Procedure Rule 17(c) the court shall Appoint A Guardian Ad litem for incompetent not otherwise Represented in an Action or shall make such order as deems proper for the Protection of the incompetent.

☒ Continued on Attachment 5d.   Verification of incompetence.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☐ related *(state relationship):*

b. ☒ not related *(specify capacity):* To Be Appointed by the court

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

☐ Continued on Attachment 7.

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 11-28-07

Michael E. Allen
_____
(TYPE OR PRINT NAME)

▶ _Michael E. Al_
_____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☐ EX PARTE

**THE COURT FINDS** that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

**THE COURT ORDERS** that *(name):*
is hereby appointed as the guardian ad litem for *(name):*
for the reasons set forth in item 5 of the application.
Date:

_____
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

982(a)(27) [Rev. January 1, 2004]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

disability

EX # 1

-4-

GUARDIAN
Attachment
5 d

| SUPERIOR COURT OF CALIFORNIA COUNTY OF IMPERIAL | |
|---|---|
| In the Matter of Michael Allen<br><br>An Alleged:<br>☐ Developmentally Disabled Person<br>☒ Mentally Ill Person<br>☐ Narcotic Addict | Judge: Jeffrey B. Jones<br>CSR: Lori Kowalski<br>Bailiff: David Obeso<br>Clerk: Francisco Soto<br>Interpreter:<br>Language: |
| Minutes:    **Receipt of Report and Placement Hearing** | Case No.    **EMH00214**<br><br>**El Centro Dept. 5** |
| Date:    **September 6, 2007** | Related Cases:    **JCF19796** |

Appearances:  ☐ No appearances
              ☐ Party: _____                    ☒ Attorney: <u>Wayne Robinson, for the People</u>

              ☒ Party: <u>Michael Allen, Respondent with counsel</u>    ☒ Attorney: <u>Timothy Reilly, for the Respondent</u>

              ☐ Other _____                      ☐ Attorney: _____

The Court notes that the report recommending placement was filed on 8/21/07. The Court states it is prepared to order follow the recommendations in the said report and order that the Respondent be committed to Patton State Hospital.

The matter is submitted to the Court.

THE COURT receives the report filed on 8/21/07 into evidence.

THE COURT finds that the appropriate placement is Patton State Hospital.

THE COURT directs that the Respondent be committed to Patton State Hospital for restoration of competence.

The Court notes that the maximum term of commitment would be 25 years to life.

THE COURT finds that the maximum term of commitment is 3 years.

THE COURT finds that the Respondent shall receive no credits for time served.

THE COURT directs the Sheriff of Imperial County to take and deliver the Respondent to the proper authorities at Patton State Hospital.

THE COURT orders a review hearing set on 11/29/07 at 1:30 p.m. in Department 5.

Defendant is remanded into the custody of the Department of Corrections

EXHIBIT #1

08-21-07P01:27 RCVD

## IMPERIAL COUNTY BEHAVIORAL HEALTH SERVICES
### Adult Outpatient Clinic
120 NORTH EIGHTH STREET ♦ EL CENTRO, CA 92243 ♦ (760) 482-4087

### P.C. 1370(A)/1370.01(A) Placement Recommendation

NAME: Michael Allen                    REPORT DATE: 08-14-07

CASE NUMBER: EMH00214                   REPORT DUE: 09-05-07

REASON REFERRED: This report was ordered to aid the Court in determining the placement necessary to return the defendant to mental competence.

METHODS OF EVALUATION: For the purposes of this report the following sources of information were used:
- The Court's P.C. 1369.(a) Competence Evaluation Order of June 21, 2007 & July 12, 2007;
- The court's P.C. 1370.(A) Order of August 9, 2007;
- Evaluation of the defendant at Imperial County Jail on July 31, 2007 for 30 minutes;
- Review of 113 pages of Department of Corrections Records provided by defendant's attorney.

RECOMMENDATIONS:
- Although the defendant is not a danger to self or others, placement on outpatient status would not be appropriate as this felony defendant is under the care & custody of the California Department of Corrections.

- Committed to Patton State Hospital, or some similar secure and structured treatment facility available through CDC for treatment to return the defendant to competence would be appropriate for this defendant.

The following documents should accompany the defendant to the treatment facility (cf. PC 1370.(3)(A)/1370.01(3)(A)):
1. The commitment order, including specification of the charges.
2. A computation or statement setting forth the maximum term of commitment.
3. A computation or statement setting forth the amount of credit for time served, if any, to be deducted from the maximum term of commitment.
4. State Summary Criminal History information.
5. Any arrest reports prepared by the police department or other law enforcement agency (available through ICBHS).
6. Any court-ordered psychiatric examination or evaluation reports, which would include the County Mental Health Director's placement recommendation report.

Respectfully submitted:

_Louis Blumberg, Ph.D._
Supervising Clinical Psychologist
(Calif. License PSY5338)

EX #2

ENDORSED

DEC 27 2005

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY ELIZABETH ADAME
DEPUTY

Imperial County Public Defender
1 Javier Garibay, Deputy Public Defender; SB# 222438
939 Main Street
2 El Centro, California 93638
Telephone: (760) 482-4510
3 Attorney for Michael Allen

4 SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF IMPERIAL

5

6

7
  In re                                    )   CASE NO. EHC00613
8                                          )
                                           )   SUPPLEMENTAL MEMORANDUM OF
9                                          )   POINTS AND AUTHORITIES IN SUPPORT
                                           )   OF PETITIONERS WRIT FOR HABEAS
10 MICHAEL ALLEN                           )   CORPUS
                                           )
11              Petitioner                 )
                                           )
12 On Habeas Corpus                        )
                                           )
13 _____  )

14 SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

15                              ARGUMENT

16
   Petitioner Has A Qualifying Disability Under California Law Which Has Incorporated
17      The American With Disabilities Act And Provided Broader Protection

18        Petitioner has a qualifying disability under California law which has

19 incorporated the American with Disabilities Act and provided broader protection. See

20 Government Code § 12926.1.

21        The California legislature has incorporated the Americans with Disabilities Act

22
23 of 1990 in numerous statutes. See 1992 Cal ALS 913. In the instant case, Petitioner

24 is protected under Government Code § 11135. Government Code § 11135 reads as

25 follows:

26
                                      1
27

28

-8-

(a) No person in the State of California shall on the basis of national origin, ethnic group identification, religion, age, sex, color, or **disability**, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

(b) With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

(c) As used in this section "disability" means any mental or physical disability as defined in Section 12926...

Unlike the American With Disabilities Act which requires the disability of the individual to impose a substantial limitation on a major life activity, California law only requires that the physical or mental disability impose a "limitation" upon a major life activity. Government Code § 12926.1. "This distinction is intended to result in broader coverage under California law than under the federal act." Government Code δ 12926.

Physical disability includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following: (1) affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, <u>digestive</u>, genitourinary, hemic and lymphatic, skin, and endocrine; and (2) limits a major life activity.

Government Code δ 12926.1. Physical and mental disability includes either chronic or

2

1   episodic conditions. See Government Code § 12926.1.

2       Irrespective of the American With Disabilities Act, the California legislature has

3   determine that word "limits" within the meaning of Government Code § 12926 is to be

4   determined without regard to any mitigating measures such as medications, assistive

5   devices, prosthetics, or reasonable accommodations, unless the mitigating measure

6   itself limits a major life activity. Government Code δ 12926.1. "A physiological disease,

7   disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life

8   activity if it makes the achievement of the major life activity difficult.' Government

9   Code § 12926.1.

10      In the instant case, Petitioner Allen has been diagnosed and is suffering from

11  Crohn's disease. See Exhibit 1, Los Angeles County Sheriff's Department Medical

12  Record Services Discharge Summary. Chron's disease is a physical disability within

13  the meaning of Government Code § 12926. It is a "serious, chronic inflammatory

14  disease of the gastrointestinal tract." Maguille Medical Guide, Health and Illness,

15  Volume I, page 175 (1995).

16      Mr. Allen's Crohn's disease limits several of his major life activities. Petitioner

17  Allen suffers from numerous symptoms including uncontrollable bowl movements,

18  vomiting, uncontrollable body odor and rectal bleeding which causes Mr. Allen's body

19  strength to deteriorate to such a point where he is too weak to engage in the simplest

20  of physical and social activities such as not being able to get off of his bed, clean up

21  after himself and go to work. See Declaration of Petitioner Allen In Support of Denial

22  and Exception to Return to Order to Show Cause. Petitioner's Allen's symptoms are

23  typical of a patient who is suffering from Chron's disease. Gale Encyclopedia of

24  Medicine, Volume II, page 855 (1999). The activities that Petitioner Allen is unable to

25
26
27
28

3

1  engage in because of the symptoms that he suffers from the Chron's disease are

2  major life activities within the meaning of Government Code § 12926. As stated above,

3  major life activities are broadly construed and include physical, mental and social

4  activities and working. Government Code § 12926. Furthermore, because Mr. Allen is

5  unable to engage in of any of said activities, he satisfies the definition of the word

6  "limitation" within the meaning of Government Code δ 12926.

7      It is clear that California law protects Mr. Allen from being denied access to

8  any program or activity that is conducted, operated, or administered by the state or

9  by any state agency, is funded directly by the state, or receives any financial

10  assistance from the state because of his disability. Under Government Code § 11135,

11  the California Department of Rehabilitation and Corrections is a state agency and

12  therefore cannot deprive Mr. Allen access to single cell housing due to his disability.

13

14

15                              CONCLUSION

16      For the reasons stated above, the court should grant Mr. Allen's Petition and

17  order that the California Department of Corrections provide Mr. Allen with access to

18  single cell housing.

19  Date: December 27, 2005

20                                    Respectfully submitted,

21

22

23

24                                    Javier Garibay
                                      Attorney for Petitioner
25

26                                    4

27

28

1

2

3

4

5

6

7

8                          IMPERIAL COUNTY SUPERIOR COURT

9

10    IN RE:                                    Case No.: EHC00613

11    MICHAEL E. ALLEN,                         ORDER ~~TO SHOW CAUSE~~ *Granting*

12              Habeas Corpus.

13

14

15

16        Good cause having been shown, Petitioner's Writ of Habeas Corpus is granted.

17    Respondent is hereby ordered to afford Petitioner single cell housing accommodations.

18        DATED:  February 24, 2006

19                                        _____

20                                        RAYMOND A. COTA
                                          Judge of the Superior Court

21

22

23

24

25