MICHAEL E. ALLEN - H-42389
CALIPATRIA STATE PRISON
P.O. BOX-5002
CALIPATRIA, CALIF. 92233

ORIGINAL

FILED
2008 JAN 30 PM 3:13
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____RM_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN,
    Plaintiff

v.

TIMOTHY J. REILLY, Deputy
Public Defender of Imperial
County.
    Defendant.

CASE NO# Civil NO# 07-2331-JLS-(CAB)
OBJECTION TO DISMISSING ACTION
WITHOUT PREJUDICE FOR FAILING TO
STATE A CLAIM PURSUANT TO 28 U.S.C.
Section 1915 (e)(2)(b) and 1915 A(b)

MOTION FOR RECONSIDERATION —

To the Honorable United States District Court, Southern District of California on January 11, 2008 The Court classified plaintiff Civil Rights 42 U.S.C. 1983 as Due Process Rights EX#1 Line 26, pro se has filed a civil Rights Complaint to 42 U.S.C. 1983. Plaintiff Alleges that deputy public Defender violated plaintiff Due process Right EX#1 Line 24-26. This is a error plaintiff complaint was for violation of first Amendment Rights of The United States constitution ACCESS TO Courts EX#2 pg#3

First complaint was and for at all times WAS on Defendant Reilly from September 18, 2007 to October 28, 2007, suppressed with-held legally Mentally incompetent documents, which Defendant Reilly had a obligation to Reveal and Produce to plaintiff. including promptly comply with Request for for copies of significant documents, that was need to prepare, serve and file the defense That no Judgment should be enter on the incompetent

-1-

in the civil Rights case of Allen v. Barnes case No# 95-5429-CAS-(RZ) in the United States District Court, which a deadline was due to file appropriate objection on October 11, 2007.

Defendant Reilly went <u>beyond</u> his <u>individual</u> <u>capacity</u> <u>suppressing</u> Legally mentally incompetent documents from 9-18-07 to 10-28-07 that was need for the access to court in the case of Allen v. Barnes case No# 95-5429-CAS-(RZ) and Defendant Reilly had a legal Required duty to turn over documents as explain in first complaint <u>Ex# 2 para. 13 pg# 4</u> stating on September 26, 2007, The State Bar of California was written informing The State Bar How Defendant Reilly is suppressing incompetent evidence thats need to ward off a wrongfull settlement on the incompetent, and Attorney Reilly had a legal obligation to reveal, and perform;

paragraphs #24 Defendant Reilly impeded and obstructed Access to Courts by suppressing significant incompetent documents and evidence necessary to ward of wrongful settlement on October 11, 2007 <u>Ex# 2 pg# 6 para. 24.</u>

The evidence above shows First Amendment Rights violation of the United States constitution ACCESS TO COURTS.

- <u>CONCLUSION</u> -

The civil Rights Act provides for Relief against those who through their personal involvement as evidence by affirmative acts, participation in anothers affirmative acts or failure to perform legally Required duties Caused the deprivation of anothers constitutionally protected Right is Actionable under <u>42 U.S.C. 1983</u>. <u>Leer v. Murphy</u> 844 f.2d 628, 633 '9th Cir 1988'; <u>Johnson v. Duffy</u>, 588 f.2d 740, 743 '9th Cir 1978'.

In the Here in case Defendant Reilly had a legal Required duty to Turn over Legally mentally incompetent documents, to not suppress evidence and promptly comply with Request for copies of significant documents from September 18, 2007 To October 28, 2007 and Defendants Reilly failure to perform legally Required duties cause the deprivation of plaintiff's

-2-

constitutionally protected Rights of First Amendment Access to courts of the United States Constitution in the case of Allen v. Barnes, case No# 95-5429-CAS-RZ civil Rights claim to prepare, serve, file objection that plaintiff's is incompetent and to prosecute the proceeding of Allen v. Barnes.

First complaint should not have been dismissed for civil Rights Acts provide for Relief Against Defendant Reilly failure to perform legally Required duties caused the deprivation of plaintiff constitutionally protected Rights.

Defendant Reilly went beyond and out of the scope of individual capacity in failure to perform legal Required duty, causing Deprivation of Plaintiff constitutionally Protected Right and even violating Title #II of THE AMERICANS WITH DISABILITY ACT BECAUSE of DISABILITY.

## - RELIEF -

That the Court Review this objection and motion for Reconsideration and Apply the standards if a Defendant fail to perform legally Required duty cause deprivation of plaintiff constitutionally Protected Right to Access to courts Defendant Reilly should be held Accountable. For he went beyond his individual capacity.

Please Allow First Amendment Complaint to be file served and Processed.

Dated: 1/23/08

written for:

Michael E. Allen - H42389

-3-

EXHIBIT #1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br>CDCR# H-42389,<br><br>                    Plaintiff,<br><br>vs.<br><br>TIMOTHY J. REILLY,<br>Deputy Public Defender,<br><br>                    Defendant. | Civil No.   07-2331 JLS (CAB)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 3];**<br><br>**(2)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(3)  DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Imperial, California, proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Deputy Public Defender appointed to represent him in his civil commitment hearings violated his right to due process by failing to adequate represent him.

///

///

EXHIBIT #2

MICHAEL E. ALLEN
(Name)

P.O. BOX-5002
(Address)

CALIPATRIA, CA. 92233
(City, State, Zip)

H-42389
(CDC Inmate No.)

# United States District Court
## Southern District of California

MICHAEL E. ALLEN                    )
(Enter full name of plaintiff in this action.)   )
                                    )
                     Plaintiff,     )   Civil Case No. _____
                                    )   (To be supplied by Court Clerk)
                                    )
v.                                  )
                                    )
TIMOTHY J. REILLY, DEPUTY          )   Complaint under the
PUBLIC DEFENDER OF                 )   Civil Rights Act
IMPERIAL COUNTY                    )   42 U.S.C. § 1983
                                    )
_____    )
(Enter full name of each defendant in this action.) )
                     Defendant(s).  )
                                    )

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
CAUSE OF ACTION OCCURRED WITHIN SOUTHERN DISTRICT OF CALIFORNIA, U.S. CT.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, MICHAEL E. ALLEN
(print Plaintiff's name)
H-42389, who presently resides at CALIPATRIA STATE PRISON
(mailing address or place of confinement)
P.O. BOX-5002, CALIPATRIA, CA 92233, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at By Defendant
TIMOTHY J. REILLY on (dates) 10/18/07, 9/26/07, and 8/9/07.
(institution/place where violation occurred)   (Count 1) pg# 3    (Count 2) pg. 11    (Count 3) pg 21
                                               THRU - 10          THRU - 20           THRU - 25

— 1 —

§ 1983 SD Form
(Rev 7/05)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>TIMOTHY J. REILLY</u> resides in <u>IMPERIAL COUNTY</u>,
         (name)                                  (County of residence)
and is employed as a <u>IMPERIAL COUNTY PUBLIC DEFENDER</u>. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: <u>An Attorney Hire by the Government to defend and Protect The</u>
<u>Legally mentally incompetent In THE CIVIL MATTER OF MICHAEL E. ALLEN CASE</u>
<u>No# EMHC00214 and Protect the welfare, care and incompetent Access to courts.</u>

Defendant _____ resides in _____,
         (name)                              (County of residence)
and is employed as a _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _____

Defendant _____ resides in _____,
         (name)                              (County of residence)
and is employed as a _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _____

Defendant _____ resides in _____,
         (name)                              (County of residence)
and is employed as a _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _____

§ 1983 SD Form
(Rev. 2/05)

2

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: IMPEDING AND OBSTRUCTING ACCESS TO COURTS, WITH ACTUAL INJURY
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

(1) On August 9, 2007 Plaintiff was found to be legally mentally incompetent by a court of competent jurisdiction Ex #1

(2) Defendant Timothy J. Reilly, Deputy Public Defender of Imperial County was Appointed by Imperial County Superior Court in the civil matter of Michael E. Allen CASE NO# EMH00214

(3) Plaintiff Alleges in the matter of Michael E. Allen, CASE NO# EMH00214, Defendant Reilly has legal care and management of the incompetent Michael E. Allen, who can not act for himself and to Protect the interest of the incompetent, care, welfare and access to courts.

(4) Plaintiff Alleges In the matter of Michael E. Allen, case No# EMH00214 in Imperial County, There was no other Guardian or Protector of Rights except officer of the court Defendant Reilly.

(5) Incompetent Plaintiff Michael E. Allen, Have a constitutional Right of Access To Courts within Bounds v. Smith, 460 U.S. 817 (1977).

(6) The Legally mentally incompetent Michael E. Allen, Has a statutory Procedural Due Process Right Thats Granted in california welfare and Institutional Code sec. 5325.1, The same Rights and Responsibilities guaranteed by others of The federal Constitution and Laws which includes Access to courts.

(7) On August 9, 2007, Incompetent Plaintiff told Defendant Reilly Plaintiff Have a matter pending in the United States District Court, Central District of california, Allen v. Barnes case No#95-5429-CAS-RZ and Defendant Reilly need to notify them to protect access to courts and

§ 1983 SD Form
(Rev. 2/05)

3

to protect the interest of the Legally incompetent. EX# 2, Declaration.

(8) On September 6, 2007 again incompetent plaintiff told Timothy J. Reilly Defendant, There is a matter in The U.S. District Court, Central District of California Allen v. Barnes and incompetent plaintiff Access to courts and interest need protecting. EX# 2 Declaration of Michael G. Allen.

(9) After Defendant Reilly was informed of pending action on August 9, 2007 and September 6, 2007, in the case of Allen v. Barnes Defendant Reilly took no action to protect the Legally mentally incompetent Access to Courts or protect the Legally incompetent interest in the case of Allen v. Barnes.

(10) On September 18, 2007, Incompetent Plaintiff was notified by the United States District Court, Central District of California a Post Settlement Judgment EX# 3. Post Settlement Report.

(11) Plaintiff Receive the letter dated September 18, 2007, from The United States District Court on September 25, 2007 EX# 4 mail log.

(12) On September 25, 2007 Defendant Reilly was written "EX# 5 mail Log" with all the information To the United States District Court, Central District of California with a form enclosed for Request for Reasonable Accommodations and to protect the interest of the Legally incompetent EX# 2

(13) On September 26, 2007 The State Bar of California was written on Defendant Reilly EX# 5 mail Log Line 9 and a Inquiry number # 07-26345 informing the State Bar How Defendant Reilly is suppressing incompetent evidence that need to ward off wrongful settlement on the incompetent and a Attorney as a member of the State Bar has a legal obligation to Reveal or to produce under California Rules of Professional Conduct Rule 5-220 and promptly comply with Reasonable Request for information and copies of significant documents thats grounded in Rules of Professional Conduct Rule 3-500 of the State Bar and California Business and Professional code sec. 6068(m).

(14) At no time from August 9, 2007 To October 29, 2007 Did Defendant Reilly act on the information plaintiff inform Him 8-9-07 or 9-6-07 or The Letter written on September 25, 2007 To protect the incompetent Access to courts and Legal interest in Allen v. Barnes.

-4-

(15) At no time from August 14, 2007 to October 29, 2007, Did Defendant Reilly as a protecter of the incompetent plaintiff's Rights to Access to courts did not file any type of motion with the U.S. District Court, Central District of California Allen v. Barnes to ward of settlement and Protect the incompetent interest.

(16) On October 18, 2007 The United States District court in the case of Allen v. Barnes enter Judgment on the incompetent plaintiff with no tril Rights on damages or monday funds of $10,000 EX#6. Judgment.

(17) On October 18, 2007. The Judgment on plaintiff lost Tril Rights and $10,000 Thousand in monetary damages EX# 7 Relief in complaint of of Allen v. Barnes when plaintiff was severly beaten. and knocked unconscious.

(18) Defendant Reilly as a protecter of plaintiff Rights to Access to courts did not notify the The U.S District court central District of California That no claim on the incompetent shall be enter settled compromised or dismissed. EX# 8 Central Dist. of Calif. Rules

(19) On October 31, 2007 while In Imperial county superior court gave open envelope of confidential Attorney and Client communication Protected by the first Amendment to a unknown correctional officer of Calipatria State Prison a employee and Agent of the investigating Agency that filed charges on plaintiff. That Have a liason office with the Imperial County District Attorney office. the open envelope Defendant gave to the investigating Agency was privilege Attorney and Client communication of incompetent documents, which falls under Doctor and patient privilege also.

(20) At no time did Defendant Reilly protect the incompetent, Attorney and Client communication grounded within the 1st amendment of the United States constitution when gave open Attorney and Client communication to employee of the Investigating Agency.

(21) At no time did plaintiff consent for confidential Attorney and Client information given open to the investigating Agency to Read.

-5-

(22) Defendant Reilly impeded and obstructed access to courts in failing to protect the incompetent legal interest. Access to courts that cause the lost of trail rights and $10,000 in monetary damages.

(23) If it wasn't for Defendant Reilly impeding and obstructing access to courts and protecting incompetent plaintiff/client rights and access to courts no wrongful settlement would have been enter on the incompetent loosing trail rights and $10,000 in monetary damages

(24) Defendant Reilly from 8-9-07 to 10-29-07 impeded and obstructed access to courts by suppressing significant incompetent documents and evidence necessary to ward off wrongful settlement on October 11, 2007. EX# 3 Post settlement Report deadline date

(25) Defendant Reilly did not protect incompetent rights or access to courts by not Referring plaintiff case to Protection and advocacy to fulfill the Requirements and Assurances of the federal Protection Advocacy for the mentally ill individuals within the Amendment Act of 1991, contained in Chapter 114, commencing with section 10801 of the Title 42 of the United States Code, for the Protection and Advocacy of Rights of people with Disabilities including people with mental illness as defined in section 10802(4) of Title 42 of the United States Code to Protect Access to courts.

(26) Defendant Reilly did not protect incompetents Rights or access to courts by Referring plaintiff case to the California state Protection and advocacy to protect the Rights of those with Disabilities under California welfare and Institutional Code sec 4900 a statutory Due Process Procedural Right to protect the incompetent equal access to courts and people with disabilities.

(26) Defendant Reilly did not file a motion with the United States District Court, Central District of California federal Rule of Procedure Rule 17(c) for the incompetent plaintiff to be appointed a Guardian further obstructing access to courts and not protecting the incompetent equal access to courts.

- 6 -