MICHAEL E. ALLEN-H42389
CALIPATRIA STATE PRISON
P.O. BOX-5002
CALIPATRIA, CALIF 92233

FILED

2008 JAN 30 PM 3:08

CLERK US D_____ COURT
SOUTHERN DISTRICT OF CALIFORNIA

RM _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN,
         Plaintiff,



TIMOTHY J. REILLY, DEPUTY
PUBLIC DEFENDER OF IMPERIAL
COUNTY OFFICE,
         Defendant.

CIVIL NO# 07-2331-JLS-CAB

FIRST AMENDED COMPLAINT TO 42 U.S.C.
1983 CIVIL RIGHTS COMPLAINT REQUESTING
JURY TRAIL ON (I) IMPEDING AND
OBSTRUCTING ACCESS TO COURTS WITH
ACTUAL INJURY OF DEPRIVATION OF FIRST
AMENDMENT RIGHTS AND (II) VIOLATIONS
OF TITLE #II AMERICANS WITH DISABILITY
ACT OF 1990

## CIVIL RIGHTS COMPLAINT

This is a 42 U.S.C. 1983, Civil Rights violation filed on the behalf of Michael E. Allen, currently a state Prisoner For (I) VIOLATIONS OF THE UNITED STATES CONSTITUTION FIRST AMENDMENT ACCESS TO COURTS pg# 3-7 and (II) Violations of Title #II Americans with Disability Act of 1990 on Pg. 8-11 . CAUSE OF ACTIONS I - THROUGH - VI pages #12-17; Relief pg 18-19.

Plaintiff Request for Jury Trail and seeks monetary Damages and emotional and mental damages, including punitive damages.

## JURISDICTION

On October 18, 2007, Cause of Action occurred in Imperial County which is located in the Jurisdiction of the united states District court, southern District of California.

CP                              -1-

- PARTIES -

(1) Plaintiff Michael G. Allen, is the plaintiff in the herein case alleging deprivations and violations of First Amendment Right of the United states Constitution TO ACCESS TO COURTS THE opportunity to prepare, serve and file whatever pleadings or other documents that are necessary or appropriate in order to commense or prosecute court proceeding Along with violations of Title #II Americans with Disability Act of 1990 Against Defendant Timothy J. Reilly.

(2) Defendant Timothy J. Reilly, Imperial County Deputy Public Defender of Imperial County Public Defenders office is sued in his individual capacity for The violations of Plaintiff First Amendment Rights of ACCESS TO COURTS Depriving Plaintiff of Documents. That Timothy J. Reilly was legally require TO TURN over obstructing Plaintiff Access TO COURTS TO prepare, serve and file whatever pleadings and violations of Title #II Americans with Disability Act. which he being sued in his individual capacity,

— COLOR OF LAW / color of AUTHORITY —

Defendant Timothy J. Reilly acted under Color of Law and Color of Authority as officer of The courts, a employee of Imperial County Public Defenders office and failed to perform legally Required duties under California Business and Professional code section 6068(a) " A Attorney's Duty to support the Constitution and The Laws of The United States, including Promptly complying with Reasonable Request for copies of significant documents. CALIF. Business and Professional code sec. 6068(a)(N).

Civil Rights Act provide for Relief, Against those who through Their personal involvement as evidence by Affirmative Acts, participation or failure to perform legally Required duties, caused The deprivation of Anothers constitutional Rights. Leer v. Murphy 844 f.2d 628, 633 9th cir 1988; Johnson v. Duffy, 588 f.2d 740, 743 "9th cir 1978.

Congress purpose of enacting 1983 was to creat A novel civil Remedy for victims established by Constitutional Right. Martinez v. city of Oxnard. 270 f.3d 852 "9th cir. 2001,

Defendant Timothy J. Reilly herein in this complaint Refer to as Defendant Reilly violated establish constitutional Rights As follows:

## — SUBSTANTIAL FACTS —
### STATEMENT OF CLAIMS
### I.

### VIOLATIONS OF FIRST AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION OF AMERICA ACCESS TO COURTS

(3) From September 18, 2007 To October 29, 2007, plaintiff Had A case in United States District Court, Central District of California. Allen v. Baenes, case No# CV-95-5429-CAS-(RZ), which plaintiff Had a deadline date of October 11, 2007 To show why Post Settlement Judgment should not be enter. Exhibit # 1 .

(4) Plaintiff Have a First Amendment constitutional Right To Access To Courts To prepare, serve and file whatever pleadings or documents that are Necessary or Appropriate in order To commense or prosecute court proceeding Affecting Access to courts in The case of Allen v. Baenes civil Rights violation case.

(5) From September 18, 2007, To October 28, 2007 Defendant Timothy J. Reilly, suppress and denied plaintiff documents showing plaintiff was legally mentally incompetent and declare Legally mentally incompetent, these Legally mentally incompetent documents was crucialy with Defendant Timothy J. Reilly, at All times did not turn over to plaintiff, or The United States District Court Central District of California and plaintiff need The Legally mentally incompetent documents to have the oppotunity To prepare, serve and file The defense That No Judgment should be enter on the Legally mentally incompetent in the case of The civil Rights case of Allen v. Baenes.

(6) On September 18, 2007, The United States District Court, Central District of California in the case of Allen v. Baenes, #case No# CV-95-5429-CAS-RZ, informed plaintiff Any party having objections To Post Settlement Report and Recommodation shall not later than October 11, 2007 To file and serve written statement of objections

with points and Authorities in support there of. Exhibit # 1.

(7) Defendant Reilly was written on September 25, 2007 to promptly turn over Legally mentally incompetent documents to plaintiff. for they are needed in the case of Allen v. Barnes. To show The United States District court, Central District of California with proof plaintiff is Mentally Incompetent.

(8) Plaintiff Receive no Reply from the letter written to Defendant Reilly on September 25, 2007 for Legally mentally incompetent documents.

(9) On September 28, 2007, plaintiff file a complaint with The California State Bar on Defendant Reilly, That Defendant Reilly disRegarded plaintiff Request to provide plaintiff with Legally mentally incompetent documents for plaintiff can proceed in the civil Matter of Allen v. Barnes. civil Rights case.

(10) Plaintiff Alleges Somewhere between October 1, 2007 To october 28, 2007. The California State Bar Advised Defendant Reilly to make copies of pertinent Legally mentally incompetent documents and To provide them to plaintiff immediately. Ex # 2.

(11) On October 29, 2007 while Attending Imperial county superior court Defendant Reilly turned over Legally mentally incompetent documents.

(12) Defendant Reilly turned over Legally mentally incompetent documents 18 days after october 11, 2007 on october 29, 2007, pass the deadline date for plaintiff to show by proof of Legally mentally incompetent with Appropriate objections To Post Settlement Report and Recommendation not later than october 11, 2007. EX # 1

(13) On october 18, 2007, United States District court, central District of California Allen v. Barnes enter Judgment on plaintiff dismissing civil Rights case. Exhibit # 3.

(14) from September 18, 2007 To october 11, 2007 Defendant Reilly, Refuse to turn over Legally mentally incompetent documents, impeding and obstructing plaintiff Access to courts in The civil Rights case of Allen v. Barnes. from preparing and serving documents of proof of Legally mentally incompetent, depriving plaintiff of

First Amendment Constitutional Rights to prepare, serve, file documents showing Legally mentally incompetent that was necessary and appropriate to show in objections why Post settlement Judgment should not be enter in the case of Allen v. Barnes.

(15) Plaintiff Have A constitutional Right under The First Amendment of The United States Constitution To Access to courts.

(16) From September 18, 2007 To October 11, 2007 Defendant Reilly suppression and denial of Legally mentally incompetent documents, impeded plaintiff showing by proof evidence to support United States District Court. Central District of California Local Rules 83-5.1 "No claim in Any Action involving incompetent person shall be settled, compromised or dismissed without leave of the court embodied in order, judgment or decree." Exhibit # 4  L.R. 83-5.1 / L.R. 83-5.2.

(17) Defendant Reilly Refusal to turn over Legally mentally incompetent documents From September 18, 2007 To October 11, 2007 For proof of legally mentally incompetent left Judgment order not embodied with any Reference to plaintiff being legally mentally incompetent  Ex# 3.

(18) From September 18, 2007 To October 11, 2007 Defendant Reilly had a legal Required duty as a member of The California State Bar, shall not suppress Any evidence That a member or members client have a legal obligation to and a Attorney have A obligation to Reveal. California State Bar Rules of Professional Conduct Rule 5-220.

(19) From September 18, 2007 To October 11, 2007. Defendant Reilly had A Legally Required duty to promptly comply with Reasonable Request for copies of significant documents. California State Bar Rules of Professional conduct Rule 3-500 and California Business and Professional conduct section 6068 (m).

(20) Defendant Reilly From September 18, 2007 To October 11, 2007 Failure to perform legally Required duties in California State Bar Rules of Professional Conduct Rule 5-220, To not suppress evidence, As Defendant Reilly did, from

September 18, 2007 to October 11, 2007 of Legally mentally incompetent documents fail to perform legal require duties that cause the deprivation of plaintiff's Constitutional Rights to Access to courts to prepare, serve and file whatever pleadings, on no Judgment should be enter on the incompetent plaintiff.

(21) Defendant Reilly from September 18, 2007 to October 11, 2007 failure to perform legally Required duties of California State Bar Rules of Professional Conduct Rule 3-500 and California Business and Professional Code section 6068 (m) " To promptly comply with Reasonable Request for copies of significant documents of Legally mentally incompetence of plaintiff to prepare, serve and serve pleadings on Legally mental incompetent for Judgment will not be enter on the civil Rights case of Allen v. Barnes deprived plaintiff of his Constitutional Rights to Access to courts to prepare, serve and file whatever pleadings, with proof on incompetence.

(22) Defendant Reilly acted in bad faith on September 18, 2007 to October 11, 2007 violating legally Required duties to not suppress evidence and to promptly comply with Plaintiff Request for copies incompetence documents.

(23) Plaintiff Alleges Defendant Reilly impeded plaintiff from submitting proof of Legally mentally incompetence from September 18, 2007 to October 11, 2007 that no claim in Any Action involving the incompetent person shall be settled compromised or dismissed, EX#_4_ At all times concerning the civil Rights case of Allen v. Barnes.

(24) Defendant Reilly suppression of evidence of Legally mentally incompetent documents from September 18, 2007 to October 11, 2007, impeding and obstructing plaintiff from preparing, serving and filing Legally mentally incompetent documents to ward of Judgment on the incompetent on October 18, 2007 cause the deprivation of plaintiff Constitutional protected Rights which Defendant Reilly is liable for Dismissal of the case of Allen v. Barnes on October 18, 2007, for his acts and omissions of suppressing documents that would not have allowed judgment on the Legally mentally incompetent.

(25) Defendant Reilly Acts and omissions of failing to turn over legally mentally incompetent documents would have relieve plaintiff from judgment.

(26) On October 18, 2007 the dismissal of the case of Allen v. Barnes, plaintiff loss $810,000 in monetary damages, trail rights and all claims on damages. Ex# 5.

(27) The state Bar of California did not condone Defendants Reilly actions to disregard plaintiff request to provide legally mentally incompetent documents so plaintiff can proceed and prosecute the civil Rights Action of Allen v. Barnes. Ex# 2.

— LIBILITY —

(28) Defendant Reilly is liable under civil Rights Act that provide Relief against those who through their personal involvement as evidence by Affirmative acts, participation in or failure to perform legally Required duties cause the deprivation of Plaintiff Access to courts in the civil Rights Action of Allen v. Barnes case No# 95-5424 CAS RZ, in the United States District court, is a claim for 42 U.S.C. 1983, for Defendant Reilly went beyond his individual capacity from September 18, 2007 To October 11, 2007, suppressing and denying plaintiff of legally mentally incompetent documents which Defendant Reilly fail to perform his legally Required duties to promptly turn over Legally Mentally documents, a copy there of and not suppress documents, Defendant Reilly had a obligation to Reveal documents was the cause of deprivation of plaintiff's constitutional Rights of Access To courts To Proceed and prosecuted the case of Allen v. Barnes in the U.S. District court, Central District of California.

(29) for Defendant Reilly obligation to turn over Legally mentally incompetent documents from September 18, 2007 To October 28, 2007 and refrain from suppressing Legally Mentally incompetent documents, a duty which Defendant Reilly must eventually perform should be held liable for deprivation of any Access to courts constitutional deprivations The loss of $810,000 Ex# Ex#5.

CLAIMS # II

SUBSTANTIAL FACTS

VIOLATIONS OF TITLE # II OF THE AMERICAN WITH DISIBILITY ACT OF 1990, 42 U.S.C. 12101 — 12132

b.

(30) Plaintiff is a individual with a disability of Legally mentally incompetent Exhibit # 6 a mental impairment under the American with Disability Act from August 9, 2007 To October 29, 2007. That effected plaintiff major Activities that plaintiff was declared mentally incompetent to stand for trail and plaintiff Have long time mental impairments of Post Traummatic Stress Disorder that dates back to 1990 — 1994 and Today, EX # 7 .

(31) Plaintiff is a individual qualified to participate in and Receive the benefits of The Public Entity's services, programs And activities of the Imperial Canty Public Defenders office.

(32) Plaintiff was excluded from the services, programs and activities of Imperial county Public Defenders office By Defendant Reilly and denied The benefits of Imperial county Public Defenders office By Defendant Reilly by The Reasons of plaintiff disability Legally mentally incompetent. as follows:

(33) Plaintiff was denied The Benefits and services of Imperial canty Public Defenders office california state Bar Rules of Professional conduct Rule 5-200 which all Law office and Attorney's must follow. That a member of the state Bar Shall not suppress Any evidence That The Attorney client has A legal obligation to Reveal or to produce as Legally mentally incompetent documents to plaintiff.

(34) Plaintiff was denied the Benefits, services, programs and Activities of Imperial Canty Public Defenders office By Imperial county Deputy Public Defendant Reilly which all Law offices and Attorneys must follow That includes promptly complying with Reasonable Request for copies of significant documents as Legally mentally incompetent documents" That are under state Bar Rules of Professional

conduct Rule 3-500 and California Business and Professional code section 6068(m).

(35) Plaintiff was denied the Benefits, services, programs and Activities of Imperial County Public Defenders office By Defendant Reilly. To Attorney and client privilege confidential communication.

(36) Plaintiff was excluded from services, Benefits, programs and Activities of Attorney and client Privilege communication by Imperial county Public Defenders office By Defendant Reilly. as follows:

(37) while Attending Imperial County Superior court from JUNE 2007 to October 2007, Defendant Reilly A Imperial county Deputy Public Defender denied plaintiff the Benefit of Attorney and client privilege communication by conducting and Breaching Attorney and client privilege communication in Imperial county Superior courtroom JURY BOX. when Imperial county Superior court Department #5 Have a designated Attorney and client interview Room and Defendant Reilly continue to not Allow the benefits, service, programs and Activities of Attorney client Privilege Communication by communicating confidential Attorney and Client Communication in the presence of 15 to 20 employees of the Prosecutors Investigating team Calipatria California Department of Corrections Correctional officers 2 to 3 feet away eavesdropping Ex# 8 .

(38) At All times Defendant Reilly visited plaintiff At calipatria state Prison Again excluded plaintiff from services, Benefits, programs and Activities of Attorney and client privilege confidential Communication by Defendant Reilly discussing Attorney and Client Privilege Confidential communication over inmate monitor telephones. that are subject to monitoring and Recording At any time by CDC (EX# 9 ) The investigating Agency of the Imperial county Prosecutors office when calipatria State Prison have a designated Attorney and client visiting Booths at calipatria State Prison. and confidential call services. EX# 9.

-9-

(39) Plaintiff was excluded from the services, benefits, programs and activities of Imperial County Public Defenders office by Defendant Reilly by not promptly complying with the benefits, services with request for copies of significant legally mentally incompetent documents from 9-18-07 to 10-28-07 causing actual damages of $810,000 thousand in monetary funds, trail rights, in the civil rights action of Allen v. Barnes. EX # 5.

(40) Plaintiff excluding from services, benefits, programs and activities by Imperial County Public Defenders office by Defendant Reilly dealing with Attorney and client privilege communication was the direct cause of plaintiff's emotional and mental damages and declared mentally incompetent, unable to trust attorneys. EX # 10 pg # 2 Line.

41) On November 15, 2007, Plaintiff filed a complaint in Imperial County Superior Court on Imperial County Deputy Public Defender Defendant Reilly for discussing Attorney and client privilege communication over the inmate monitee telephones and while in the Imperial County Superior Court utilize the Jury Box to have Attorney and client communication when the courtroom Have a designated Attorney and client Interview Room. EX # 11.

(42) Plaintiff was excluded from the participation in services, programs, activities and benefits by Imperial County Public Defenders office a Public entity and local government by Defendant Reilly. of the benefits, services, activities and programs of Attorney and client privilege communication and the benefits and services to promptly comply with reasonable request for copies of significant, legally mentally incompetent documents from September 18, 2007 to October 28, 2007 by reason of plaintiff's disability and mental impairments.

(43) Local governments and Public Entities as Imperial County Public Defenders office and Defendant Reilly may not Refuse to Allow a person with a disibility to participate in services, programs, benefits or Activities simply because the person has a disability.

(44) Imperial County Public Defender office. Deputy Public Defender did not furnish Auxiliary Aids, and services as Attorney Ad litem, Guardian Ad litem, conservator or Any type of guardian to soley assist and facilitate communication between plaintiff and Defendant Reilly since plaintiff mental impairment in part was unable to trust Attorneys and Judges. EXT 10.

(45) Imperial County Public Defenders office. Deputy Public Defender did not furnish Auxiliary Aids and services to ASSIST in accommodating plaintiff's access to courts in the case of Allen v. Barnes, CASE NO# 95-5429-CAS-R2 in the United States District court, Central District of California. That Imperial County Public Defenders office Deputy Public Defender Defendant Reilly could have provided Reasonable Accommodations, for mental disabilities as Assistance from a Guardian or provided a letter to the courts identifying the nature and severity of plaintiff's disability and limitations including a breif description of plaintiff's Request for Accommodations by the United States District Court, Central District of California in the case of Allen v. Barnes, civil Rights matter.

(46) Plaintiff is a qualified person with a disability under the Americans with Disability Act who meets the essential eligibility Requirements for programs, services, Activities and Benefits offered by A Public Entity Imperial County Public Defenders office and Defendant Reilly.

(47) Public Entities AS Imperial County Public Defenders office and Defendant Reilly must ensure that individuals with disabilities are not excluded from services, programs, Activities and Benefits under Title # II of The Americans with Disability Act program Access.

(48) Imperial County Public Defenders office and Defendant Reilly are in violation of The Section 504 of The Rehabilitation Act of 1973 which The Imperial County Public Defenders office Recieve federal financial Assistance and excluded, denied plaintiff, a qualified person with a disability access to services, program, Benefits and Activities of Attorney and client privilege communication, Reasonable Request for copies of significant documents.

I

## FIRST CAUSE OF ACTION

## VIOLATIONS OF FIRST AMENDMENT RIGHT OF
## ACCESS TO COURTS, UNDER THE FIRST AMENDMENT
## RIGHTS OF THE UNITED STATES CONSTITUTION

a.

(49) The Acts and omissions of Defendant Reilly. Impeded and obstructed Access To courts. to prepare, serve and file what ever pleadings or documents That were necessary and appropriate in order to commense and prosecute the Proceeding in the civil Rights case of Allen v. Barnes case No# CV-95-5429 CAS-RZ by suppressing, with holding. not turning over Legally mentally incompetent documents from September 18, 2007, To October 28, 2007, which Defendant Reilly failed to perform his legally Required duty To promptly comply with Reasonable Request for copies of significant documents and not suppress Evidence Defendant Reilly had a legal obligation to Reveal and to produce, cause the deprivation of plaintiff's constitutional Rights of the United States of America. First Amendment Right to Access to court with Actual Injury of The case of Allen v. Barnes case No# CV-95-5429-CAS-RZ civil Rights case being dismissed on October 18, 2007, Loss of Trail Rights, $10,000 Thousand in monetary Damages and there is a strong cause of Action, on the merits if Defendant Reilly would not have failed to perform legally Required duties and Produce or turn over Legally mentally incompetent documents "no claim involving Legally mentally incompetent could have been settled, compremised or dismissed."

(I) IN paragraphs #3 Through 29, in complaint shewing facts That Raise To cause of Action plaintiff was denied First Amendment Right to United States constitution Access to courts with Actual injury.

## – CASE LAW IN SUPPORT –

The Supreme court has stated "It is established beyond doubt that prisoners have constitutional Right of Access To courts." Bounds v. Smith, (1977) 430 U.S. 817, 821, 97 S.Ct. 1491.

Actual injury claims that raises out of Access to courts First Amendment violation of the United States Constitution of America are actionable under 42 U.S.C. 1983, civil Rights violations. <u>Lewis v. Casey</u>, (1996) 518 U.S. 243, 135 L.Ed 2d 606.

Prisoners possess Right of Access to courts not only to pursue Appeals but Also Assert Civil Rights Action. <u>Madid v. Gomez</u>, "9th cir 1999" 190 f. 3d 990; The court Has since Acknowledge that the Right of Access To courts extends to Civil Rights Cases. <u>Wolf v. McDonnell</u> (1974) 418 U.S. 539, 579. 94 S.Ct. 2963, 2968.

Access To courts means The opportunity to prepare. serve and file whatever pleadings or other documents are necessary or appropriate in order to commense or prosecute court proceedings Affecting Access To courts. <u>Hatfield v. Balleaux</u>, "9th cir 1987" 290 f. 2d 632, 637.

<u>Civil Rights Act provides for Relief</u>, only Against those, through their personal involvement, as evidence by affirmative acts, participation in anthers affirmative Acts or failure to perform legally Required duties, caused the deprivation of Anothers constitutionally protected Right is Actionable under 42 U.S.C. 1983. <u>Leer v. Murphy</u>, "9th cir 1988" 844 f. 2d 628, 633; <u>Johnson v. Duffy</u>, 9th cir 1978" 588 f. 2d 740, 743; <u>Fayle v. Stapley</u>, "9th cir 1979" 607 f. 2d 858 and <u>Hesselgessor v. Reily</u> "9th cir 1971' 440 f. 2d .901, 902-903.

— TO COMMENCE ACTION —

Plaintiff should be Allowed to commence cause of Action for Deprivation of Access To court, Against Defendant Reilly. for the suppression of documents, failure to turn over documents From September 18, 2007 To October 25, 2007 that cause the deprivation of First Amendent Rights of The United States Constitution that caused Actual injury, that Civil Rights Acts of 42 U.S.C. 1983 provides Relief for and Defendant Reilly step beyond his individual CAPAcity. in failure to perform legally Required duty's that caused deprivation of plaintiff's constitutional Rights.

II.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF TITLE #II OF AMERICANS

## WITH DISIBILITY ACT OF 1990

## 42 U.S.C. SEC. 12101-12132

(50) Plaintiff Has stated a claim under Title #II of Americans with Disibility Act of 1990 : 2020 in PARAGRAPHS # 30-Through-47 [1] when plaintiff is a individual with a disability Legally mentally incompetent, and suffers from Post Traumatic Stress disorder; (2) Plaintiff was otherwise qualified to participate in and Receive the Benefits of Public's Entities, Imperial County Public Defenders office, Services, Programs and Activities by Imperial County Public Defenders office and employee Defendant Reilly to Atteney and client Privilege communication and the Benefits and services of not suppressing evidence of Legally mentally incompetent documents from September 18, 2007 To october 28, 2007 when Defendant Reilly had a legal obligation to Reveal or to produce, including promptly complying with Reasonable Request for copies of significant documents; (3) Plaintiff was excluded from participation in and denied the benefits of Public entity's Services, programs and activities by Imperial County Public Defenders office by employee Defendant Reilly to Atteney and client Privilege communication and the Benefits and services from September 18, 2007 To october 28, 2007, Defendant Reilly legal obligation to Reveal and Produce Legally mentally incompetent documents and The Benefits and services of Defendant Reilly promptly complying with Reasonable Request for copies of significant documents; (4) The exclusion, denial of benefits, programs, Services and Activities was by Reason of plaintiff's disability.

### CASE LAW IN SUPPORT

To state a claim of disability under Title #II of the Americans with Disibility Act of 1990 plaintiff must allege four elements (1) plaintiff

is an individual with disability; (2) The plaintiff is otherwise qualified to participate in or receive the benefits of some public entity's services, programs or activities, (3) The plaintiff was either excluded from participation, Benefits, Services, programs or Activities or denied the benefits of the public entity's Services, programs or Activities and (4) The exclusion, denial of benefits was by Reason of plaintiff's disability Thompson v. Davis. "9th cir. 2002" 282 f.3d 780.

. Americans with Disabilities Act prohibits exclusion, denial of Benefits, and services To a qualified individual with disabilities Regardless of Public entity's motive or intent.
Schonfeld v. City of Carlsbad, 978 f. Supp 1329, S.D. cal. 1997.

### Colorable Claim

Plaintiff Has stated a Colorable claim of violations of Title #II Americans with Disability Act.

## III.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF AMERICANS WITH DISABILITIES ACT IS VIOLATION OF CALIFORNIA'S UNRUH CIVIL RIGHTS ACT AND ACTUAL DAMAGES SUFFERED ARE THUS COMPENSABLE

(51) In paragraph #'s 39. plaintiff was excluded from services, Benefits, programs and Activities of Imperial County Public Defenders office By Defendant Reilly by not promptly complying with Benefits, services with Request for copies of significant Legally mentally incompetent documents from 9-18-07 To 10-28-07 cause Actual damages of $810,000 thousand in monetary funds and Trail Rights.

### CASE LAW IN SUPPORT

Violations of American with Disability Act is violations of

California's Unruh Civil Rights Act and Actual damages suffered are thus compensable. Americans with Disability Act of 1990 ¶ 2-101, 42 U.S.C. 12101-12111, West. Ann. Cal. Civil Code Sec. 51, 52 <u>Boemio v. Love's Restaurant</u>, 954 f. Supp. 204 "S.D. Cal. 1997".

-IV-

<u>FOURTH CAUSE OF ACTION</u>

<u>UNDER 42 U.S.C. 1983 Emotional</u>

<u>AND MENTAL DAMAGES IS COMPENSABLE</u>

(52) <u>IN PARAGRAPHS</u># 40, plaintiff excluding from services, Benefits, programs and activities By Imperial County Public Defenders office By Defendant Reilly dealing with Attorney and client privilege communication was the direct cause of plaintiff's emotional and mental stress, declared incompetent unable to trust Attorney's.

<u>CASE LAW IN SUPPORT</u>

Violations of Americans with Disabilities Act is violation of California Unruh Civil Rights Act and Actual damages suffered are thus compensable. Americans with Disabilities Act of 1990 ¶ 2-101 42 U.S.C. 12101-12111, West's Ann. Cal. Civ. Code Sec. 51, 52, <u>Boemio v. Love's Restaurant</u>, 954 f. Supp. 204 "S.D. Cal. 1997".

Mental and Emotional distress is compensable under section 42 U.S.C. 1983. <u>Jones v. Los Angeles Community College Dist.</u>, 702 f. 2d 203 "9th cir. 1983".

Harm due to mental and emotional distress is compensable under 42 U.S.C. 1983 providing plaintiff demonstrate that injury resulted directly from wrongful deprivation of federal law and constitutional violations. <u>Alexander v. City of Menlo Park</u>, 787 f. 2d 1371 9th cir. 1986"; <u>Moore v. Green</u>, 431 f. 2d 584, 9th cir. 1970.

V

## FIFTH CAUSE OF ACTION

## VIOLATION OF REHABILITATION ACT SECTION 504 THAT "NO QUALIFIED INDIVIDUAL WITH A DISABILITY IN THE UNITED STATES SHALL BE EXCLUDED FROM, DENIED THE BENEFITS OF ANY PROGRAM OR ACTIVITY THAT EITHER RECEIVES FEDERAL FINANCIAL ASSISTANCE OR IS CONDUCTED BY ANY EXECUTIVE AGENCY

(53) IN PARAGRAPH #48, Imperial county Public Defenders office and Defendant Reily are in violation of Section 504 of The Rehabilitation Act of 1973 which Imperial County Public Defenders office Receive federal financial assistance and plaintiff was excluded, denied By Defendant Reily, a qualified person with disability Access To Services, programs, Benefits and activities of Attorney and Client privilege communication, and Reasonable Request for copies of significant documents.

### – CASE LAW IN SUPPORT –

Congress intended Relevant case Law under Rehabilitation Act to Apply to term disability in Americans with Disabilities Act. Rehabilitation Act of 1973 & 2 el. Seq 29 U.S.C.A. 701, 793:

Miller v. Automobile club of Southern California, 897 F. Supp. 1289 " S.D. Cal. 1995!

Under the Rehabilitation Act and ADA failure To Accommodate limitation constitutes discrimination because of disability, 29 U.S.C. SEC. 701 Rehabilitation Act.

### Commence of Action

Plaintiff Has stated a colorable claim for violations of the Rehabilitation Act Section 504 which section 504 may Also be enforced through private Lawsuits.

## – RELIEF –

WHEREFORE PLAINTIFF REQUEST THE HONORABLE COURT TO GRANT THE FOLLOWING FOR VIOLATIONS OF THE UNITED STATES CONSTITUTION FIRST AMENDMENT COMPLAINT TO ACCESS TO COURTS WITH ACTUAL INJURY, VIOLATIONS OF TITLE #II OF AMERICANS WITH DISABILITY, EMOTIONAL AND MENTAL DAMAGES INCLUDING VIOLATIONS OF THE REHABILITATION ACT OF 504:

(A) GRANT RELIEF FOR MONETARY AND COMPENSATIONAL DAMAGES FOR VIOLATIONS OF THE UNITED STATES CONSTITUTION FIRST AMENDMENT RIGHTS ACCESS TO COURTS WITH ACTUAL INJURY FIRST CAUSE OF ACTION AND THIRD CAUSE OF ACTION FOR THE VIOLATIONS OF AMERICAN WITH DISABILITIES ACT WHICH ACTUAL DAMAGES SUFFERED ARE COMPENSABLE:

(I) $810,000 Thousand Against Defendant Timothy J. Reilly Imperial County Deputy Public Defender;

(II) Grant $700,000 thousand for the following Injuries of emotional and mental damages caused by Defendant Timothy J. Reilly Imperial County Deputy Public Defender.

(B) Grant Punitive Damages of $200,000 Thousand Against The Defendant Timothy J. Reilly Imperial County Deputy Public Defender For violating Clearly Established law under The American with Disability Act of 1990 and Rehabilitation Act of 1973.

(C) Grant Any And all other Relief As The JURY Find Appropriate.

(a) Damages in total Sum of $810,000 Thousand,

(b) Punitive damages $200,000 Thousand in Total Sum.

(c) Emotional and mental Stress Total Sum $700,000

(d) Total and maximum Amount of sum# 2,000,000 million for All deprivation in this complaint. Two million dollars.

Plaintiff Request that a district judge be designated to decide dispositive matters and Trail by JURY in this case.

Dated: 1-23-08                              written for:

_M. Se_____

Michael   E. Allen- H42389
Calipatria State Prison
P.O. Box- 5002
Calipatria. Calif 92233


– VERIFICATION –

This is a Declaration under the penalty of perjury That the foregoing facts in this complaint are true and correct to the best of my Knowledge And belief the following Information, Allegations and facts are the truth under the Laws of The State of California. Executed on this 23Rd day of January 2008. In Imperial County.

written and submitted for:

_M. Se_____

Michael   E. Allen /declarant

EXHIBIT #1



DOCKETED ON CM

SEP 18 2007

BY _____ 049

FILED
CLERK, U S DISTRICT COURT

SEP 18 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL E. ALLEN, | CASE NUMBER: |
|---|---|
| Plaintiff, | CV 95-05429-CAS(RZ) |
| v. | |
| JEFREY BARNES, ET AL., | NOTICE OF FILING OF |
| Defendants. | MAGISTRATE JUDGE'S |
| | *POST-SETTLEMENT* |
| | REPORT AND RECOMMENDATION |

Priority X
Send X

TO:   All Parties of Record

Enter ——
Closed ——
JS-5/JS-6 ——
JS-2/JS-3 ——
Scan Only ——

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's *post-settlement* report and recommendation has been filed on **September 18, 2007,** a copy of which is attached. Any party having objections to the *post-settlement* report and recommendation shall, not later than **October 11, 2007,** file and serve a written statement of objections with points and authorities in support thereof before the Honorable Ralph Zarefsky, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The *post-settlement* report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Title 28 U.S.C. Section 636, Fed. R. Civ.P. 72 and Local Rule 72 should not be filed until the judgment and/or order by the District Judge has been entered.

CLERK, UNITED STATES DISTRICT COURT

Dated: September 18, 2007        By: _____
                                   Ilene Bernal, Deputy Clerk

475

M-51A ( 11/01)    NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

EXHIBIT #2

EXHIBIT #3

Priority    X
Send        X
Enter       X
Closed      X
JS-5/JS-6   X
JS-2/JS-3
Scan Only

ENTERED
CLERK, U S DISTRICT COURT
OCT 1 8 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

FILED
CLERK, U S DISTRICT COURT
OCT 1 7 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN,                )    CASE NO. CV 95-05429 CAS (RZ)
                                 )
                    Plaintiff,   )
                                 )    JUDGMENT
        vs.                      )
                                 )
JEFFREY BARNES, ET AL.,          )
                                 )
                    Defendants.  )
_____)

      In accordance with the Order Accepting Findings and Recommendations of United States Magistrate Judge,

      It is ordered and adjudged that this action is dismissed.   The Court shall retain jurisdiction to enforce the terms of the Settlement.

DATED: 10/16/07

ENTERED
CLERK, U S DISTRICT COURT
OCT 1 8 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE



EXHIBIT #4

## LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA

(c)    may be withdrawn for good cause by the dean with notice to the Court and to the student.  Certification may only be withdrawn by the dean for good cause.  Such cause shall be stated in the notice filed with the Court.

**L.R. 83-4.5 *Student Appearance*.**  Upon fulfilling the requirements of this rule, the student may appear and make oral presentations before this Court when accompanied by the supervising attorney.

### L.R. 83-5 *Minors or Incompetents*

**L.R. 83-5.1 *Minors or Incompetents - Settlement of Claim of Minor or Incompetent*.**  No claim in any action involving a minor or incompetent person shall be settled, compromised or dismissed without leave of the Court embodied in an order, judgment or decree.

**L.R. 83-5.2 *Minors or Incompetents - Settlement of Claim Procedure*.**  Insofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 378.  (Amended, effective 12/1/05)

**L.R. 83-5.3 *Minors or Incompetents - Attorney's Fees*.**  In all actions involving the claim of a minor or incompetent person, whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorney's fees.

**L.R. 83-5.4 *Minors or Incompetents - Judgment or Settlement Funds*.**  All monies or property recovered on behalf of a minor or incompetent person, either by settlement or judgment, shall be paid into the registry of the Court unless otherwise ordered by the Court.  All monies received by the Clerk representing a settlement or judgment on behalf of a minor or incompetent person shall be deposited by the Clerk in accordance with L.R. 67-1 and 67-2.

12/03

## LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA

**L.R. 83-5.5** *Minors or Incompetents - Disbursement of Funds.* All monies or property deposited with the Clerk pursuant to L.R. 83-5.4 shall be disbursed by the Clerk only in accordance with an order of the Court.

**L.R. 83-5.5.1** *Conformance to State Law.* Unless otherwise ordered by the Court, disbursement of funds of California residents or foreign nationals shall be made by the Clerk in accordance with the provisions of California Probate Code §§ 3600 *et seq.* If the minor, incompetent person, guardian, custodian or parent is a resident of a state of the United States other than California, the funds or property shall be disbursed pursuant to restrictions of the state of residence similar to the provisions of California Probate Code §§ 3600 *et seq.*

**L.R. 83-5.6** *Minors or Incompetents - Letters of Guardianship or Custody - Bond.* Before any funds or property are ordered distributed to any guardian or custodian, the following documents shall be filed with this Court:

        (a)   A certified copy of letters of guardianship or an order of appointment as custodian of the estate of an incompetent; and

        (b)   A certificate by a state court certifying that a surety bond has been filed by the guardian or custodian in a sum at least equal to the amount of money or value of property to be distributed.

**L.R. 83-5.6.1** *Corporate Guardian.* If letters of guardianship or an order of appointment as custodian of the estate of an incompetent person have been issued to a corporate guardian authorized by state law to so act, no certificate showing filing of a bond shall be necessary

**L.R. 83-6** *Conduct in Courtroom and Environs*

**L.R. 83-6.1** *Prohibition of Broadcasting, Television, Photography.* Between 7:00 a.m. and 7:00 p.m., Monday through Friday, and at all other times

12/03

99

EXHIBIT #5

MICHAEL E. ALLEN -H42389

P.O.B.-1060-D6-131

SOLEDAD, CALIF. 93960

IN PRO SE

LODGED
CLERK, U.S. DISTRICT COURT

JAN 2 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN,

          Plaintiff,

v.

JEFFREY BARNES, DEPUTY SHERIFF,

MANUEL D. SCRUGGS, DEPUTY SHERIFF,

RICHARD A. BRUCE, DEPUTY SHERIFF,

BRUCE LANG, DEPUTY SHERIFF,

DR. ANTONIO MALLARE, DOCTOR, AND

LT. ROBERT BINKLEY.

——          Defendants.

CASE NO# CV-95-5429-LGB-(RZ)

SECOND AMENDED COMPLANT TO 42 U.S.C. 1983,
CIVIL RIGHTS COMPLAINT, REQUESTING JURY
TRAIL

CIVIL RIGHTS COMPLAINT

THIS IS A 42 U.S.C.1983, CIVIL RIGHT VIOLATION FILED BY MICHAEL E. ALLEN, CURRENTLY A STATE PRISONER ALLEGING VIOLATIONS OF THE UNITED STATES CONSTITUTIONAL RIGHTS.

PLAINTIFF HERBY SEEKS MONETARY DAMAGES, EXEMPLARY DAMAGES, COMPENSATORY DAMAGES AND JURY TRAIL.

JURISDICTION

ON OCTOBER 14, 1990, CAUSE OF ACTION OCCURRED AT THE LOS ANGELES COUNTY JAIL, WHICH IS LOCATED IN THE JURISDICTION OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA.

PARTIES

(1) DEFENDANT JEFFREY BARNES, BDG# 284997, LOS ANGELES COUNTY DEPUTY SHERIFF,

— 1 —

A PRETRAIL DETAINEE NOT TO BE PUNISHED:

        (A) $ 100,000 AGAINST JEFFREY BARNES, DEPUTY SHERIFF:

        $ 100,000 AGAINST MANUEL D . SCRUGGS, DEPUTY SHERIFF:

        $ 100,000 AGAINST RICHARD A. BRUCE, DEPUTY SHERIFF:

        $ 100,000 AGAINST BRUCE LANG, DEPUTY SHERIFF:

        $30,000 AGAINST ANTONIO MALLARE, DOCTOR:

        $ 20,000 AGAINST ROBERT BINKELY, LIEUTENANT:

(B) GRANT $95,000 COMPENSATORY DAMAGES FOR THE FOLLING INJURIES SUFFERED AND MENTAL AND EMOTIONAL DAMAGES AS FOLLED:

        (I) HEAD TRAUMA, KNOCKED UNCONSCIOUS, BLOODY NOSE AND MOUTH SWELLING ON THE FORE HEAD, FACE. SWOLLEN LIPS, BLURRED VISION, BODY WEAKNESS, MULTIPLE FACIAL TRAUMA, SWELLING TO RIGHT EYE, ABRASIONS TO RIGHTSIDE OF HEAD UNABLE TO WALK AND POSSIBLE CONUSSION.

        (II) DAMAGE TO THE RIGHT EYE THAT IMPAIRED REGULAR VISION:

        (III) DAMAGE TO RIGHT LEG THAT HAS A PERMANENT LUMP ON IT:

        (IV) EMOTIONAL AND MENTAL DAMAGE, POST TRAMATIC STRESS DISORDER, FROM THE EXCESSIVE USE OF FORCE BY DEPUTY BARNES, SCRUGGS, BRUCE AND LANG.

(C) GRANT PUNITIVE DAMAGES OF $ 165,000 AS A TOTAL AMOUNT AGAINST THE FOLLOWING DEFENDANTS TO DETER WRONG DOING FOR VIOLATING CLEARLY ESTABLISHED LAW OF THE FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION THAT PROHIBITS CRUEL OR UNUSUAL PUNISHMENT AND EXCESSIVE FORCE AGAINST A PRETRAIL DETAINEE:

        $30,000 AGAINST JEFFREY BARNES, DEPUTY SHERIFF:

        $ 30,000 AGAINST MANUEL D. SCRUGGS, DEPUTY SHERIFF:

        $ 30,000 AGAINST RICHARD A. BRUCE, DEPUTY SHERIFF:

1    $ 30,000 AGAINST BRUCE LANG, DEPUTY SHERIFF:

2    $ 15,000 AGAINST ANTONIO MALLARE, DOCTOR:

3    $ 15,000 ROBERT BINKLEY, LIEUTENANT.

4  DATED: 1/21/02                          RESPECTFULLY SUBMITTED:

5

6                                          _____
7                                          MICHAEL E. ALLEN-H42389

8                        VERIFICATION

9        I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS
   TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BEIEF TO THE FOLLOWING
10 INFORMATION, ALLEGATIONS AND FACTS UNDER THE LAWS OF THE STATE OF
   CALIFORNIA. EXECUTED THIS 21 DAY OF JANUARY 2002.

11

12                                          SUBMITTED,

13

14                                          _____
15                                          MICHAEL E. ALLEN  /DECLARANT

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT #6

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF IMPERIAL**

| In the Matter of Michael Allen | Jud. Officer: Jeffrey B. Jones |
| | Clerk: Francisco Soto |
| | Bailiff: David Obeso |
| | CSR: Lori Kowalski |
| | Interpreter: |
| | Language: |
| | |
| | Plaintiff Counsel/DA: Wayne Robinson |
| DOB: 4/22/66 | Defendant Counsel/PD: Tim Reilly |

| Order: Judgment and Commitment | Case No. EMH00214 (JCF19796) |
| | El Centro Dept. 5 |
| Date: September 6, 2007 | |
| Charges: | |

The above entitled case came before this court on 6/21/07 on the filing of an indictment, charging the defendant with a crime to wit, BATTERY ON NON-CONFINED PERSON BY PRISONER in violation of PC4501.5 and CUSTODIAL POSSESSION OF WEAPON in violation of PC4502(a).

The records show the defendant appeared in court represented by his attorney at which time criminal proceedings were suspended. Doctors were appointed by the court to examine the defendant for determination of his mental competency. Hearing was held before this court without a jury and written reports were received from the above doctors in lieu of testimony.

IT IS THE FINDING OF THE COURT, after considering the doctor's written report regarding the question of mental competency of the defendant, that the defendant is mentally incompetent.

IT IS THE ORDER OF THE COURT that the defendant be committed to PATTON STATE HOSPITAL for care and treatment as a mentally incompetent person. Maximum term of commitment is 3 years. No credit for time served.

IT IS THE FURTHER ORDER OF THE COURT the authorities at PATTON STATE HOSPITAL report to the court within the next 90 days as to the condition and probability of recovery of the defendant, and thereafter the authorities shall report from time to time as to the condition of the defendant until his or her mental competency has been restored and the patient is ready to be returned to court for reinstatement of criminal proceedings. Review Hearing is set for 11/29/07 at 1:30 p.m. in Department 5.

IT IS THE FURTHER ORDER OF THE COURT that the Sheriff of the County of Imperial take and deliver the defendant to the proper authorities at PATTON STATE HOSPITAL to be cared for as provided by law and upon receiving a certification of mental competency pursuant to Section 1373 of the California Penal Code, return the defendant to this county and present him or her in this court as soon thereafter as possible.

Date: _____

JUDGE OF THE SUPERIOR COURT


Date: _____

JOSE O. GUILLEN, COURT EXECUTIVE OFFICER

By: _____
Deputy Clerk

48

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF IMPERIAL | |
|---|---|
| In the Matter of Michael Allen<br>      Plaintiff,<br><br>vs.<br><br>      Defendant.<br><br>**DOB:** | Jud. Officer:   **Jeffrey B. Jones**<br>Clerk:          **Toni Escalera**<br>Bailiff:        <u>**R. Flores**</u><br>CSR:            **Leyla Jones**<br>Interpreter:    **None**<br>Language:<br><br>Plaintiff Counsel/DA: <u>**Wayne Robinson**</u><br><br>Defendant Counsel/PD: <u>**Timothy Reilly**</u> |
| Minutes:     **Hearing: Receipts/Competency/Eval**<br><br>Date:        **August 9, 2007**<br>**Charges:** | Case No.     **EMH00214**<br>              **El Centro Dept. 5** |

Defendant is present, in custody.  Counsel for the defendant is present.

Defense counsel submits on the report filed by Imperial County Behavioral Health Services.

People are in agreement with the report.

The court receives the report into evidence and based on that fact **THE COURT FINDS,** the defendant suffers from a mental disorder and is unable to cooperate with his counsel in presenting his defense.  The Court reserves on reset of the report.

**IT IS THE ORDER OF THE COURT, matter is set for Placement Hearing on 09/06/2007 at 1:30 pm, Department 5.  Criminal proceedings remain suspended.  Matter is re-referred to the Imperial County Behavioral Health Services for placement and recommendation.**

Defendant is remanded to the custody of the Department of Corrections.

DIST:   ☐ DA    ☐ PD   ☐ DEF    ☐ JAIL    ☐ ATTY   ☐ PROB.   ☐ CITY ATTY   ☐ DOC

EXHIBIT #7

PSYCHIATRIC ASSESSMENT
CCI TEHACHAPI

ALLEN, Michael   H-42389 CCI-IVA 7/30/94

IDENTIFYING INFORMATION:

This is a 28 year old African-American man (4/22/66), who was seen
for psychiatric assessment on the morning of Saturday, July 30, 1994.
There were no referrals noted and the medical jacket gave no glue
as to the reason for the referral.

Mental status examination reveals a well-developed man, who was brought
to the interview by Ad-Seg officers, and he was in handcuffs.  He
was alert and cooperative for the interview, and told me that he
believed the reason for the interview was that he had written a 602
requesting psychiatric attention.  He reported that he was not a drug
abuser on the streets and worked as a truck driver, although he had
gone to CYA in the past for an attempted murder that had to do with
a gang activity.  He said that he was arrested in 1990, was in the
L.A. County Jail for two years, convicted, and given a sentence of
Life Without Possibility of Parole, and has been in CDC for two years.
He said he did not wish to discuss his case because it is on appeal,
but that he was not guilty.

He reports that he had some sort of disagreement with officers at
L.A. County Jail in 1990, was beaten and ended up in a hospital, and
said that since that time has been overly reactive and "paranoid"
by which he means that he startles at noises, is afraid to expose
his back, and has found himself becoming violent and reactive before
he can think clearly what is going on.  He said such an overreaction
against one of the correctional officers is why he is now in Ad-Seg
awaiting a D.A. referral on charges of Assault on a Correctional
Officer.  The inmate appeared sincere in his presentation.  He did
not appear to be psychotic, felt that it would be helpful to talk,
but was willing to have a trial on medication.  Once explained to
him, he signed appropriate consent forms.

DIAGNOSTIC IMPRESSIONS:

AXIS I:    POST TRAUMATIC STRESS DISORDER, MILD TO MODERATE.
AXIS II:   PERSONALITY DISORDER, NOS.
AXIS III:  NONE KNOWN.
AXIS IV:   THREE TO FOUR.
AXIS V:    FIFTY TO SIXTY.

This man's violent reactions while directly related to his diagnosis
is not determined by his diagnosis.  Nevertheless, he may be able
to improve his impulse control by the judicious use of a drug such
as Mellaril.  Therefore, I have recommended a trial of Mellaril 50mg

EX#1  Ex#2

EXHIBIT #8

DECLARATION IN SUPPORT OF STATEMENT
IN SUPPORT OF MICHAEL E. ALLEN, CAUSE OF ACTION

I, JORGE GUADARRAMA DECLARE:

I OBSERVED AND WITNESSED AS A PRISONER ATTENDING IMPERIAL COUNTY SUPERIOR COURT, EL CENTRO, AS A CALIPATRIA STATE PRISON, PRISONER I SEEN MICHAEL E. ALLEN'S, ATTORNEY ALLOWING, ATTORNEY AND CLIENT COMMUNICATION IN THE COURTROOM JURY BOX, IN THE PRESENCE OF 15 TO 20 CALIFORNIA DEPARTMENT OF CORRECTIONS PEACE OFFICERS 2 TO 3 FEET AWAY EAVESDROPPING ON ATTORNEY AND CLIENT COMMUNICATION, WITH TIMOTHY J. REILLY, DEPUTY PUBLIC DEFENDER NOT TAKING ANY ACTION TO PREVENT EAVESDROPPING, BY INVESTIGATING AGENCY C.D.C.R, CALIPATRIA PEACE OFFICER'S. THIS IS A WIDE SPREAD PROBLEM WITH ALL PRISONER'S AT CALIPATRIA STATE PRISON, WE DO NOT HAVE ANY PRIVACY FOR ATTORNEY AND CLIENT COMMUNICATION. THIS EXTENDS TO ATTORNEY AND CLIENT VISITS AT CALIPATRIA STATE PRISON, WHEN PRISONER'S IN ADMINISTRATION SEGREGATION MUST DISCUSS ATTORNEY AND CLIENT INFORMATION OVER INMATE MONITER TELEPHONES WITH THE INVESTIGATING AGENCY C.D.C.R EAVESDROPPING, THE SAME AGENCY THAT FILED CHARGES, AND HAVE A DISTRICT ATTORNEY'S LIAISON OFFICE WITH IMPERIAL COUNTY DISTRICT ATTORNEY'S OFFICE.

TIMOTHY J. REILLY, AND OTHER ATTORNEY'S ALLOWED THIS ATTORNEY AND CLIENT VIOLATION'S NOT PROTECTING CLIENT RIGHT'S.

SOMETYPE OF INJUNCTION AND DECLARATORY RELIEF IS NEEDED TO PREVENT THE ABOVE, A CLEAR VIOLATION OF RIGHT'S.

VERIFICATION

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT UNDER THE LAWS OF THE STATE OF CALIFORNIA. EXECUTED THIS TWENTYNINTH DAY OF OCTOBER, 2007, CALIPATRIA, CALIFORNIA.

RESPECTFULLY SUBMITTED,

DECLARANT

DECLARATION IN SUPPORT OF STATEMENT
OF MICHAEL E. ALLEN'S CAUSE OF ACTION

I    Below witness Declare:

ON NUMEROUS OCCASSIONS while Attending Imperial County Superior Court in El Centro, as a Calipatria State Prison Prisoner, I notice during Attorney and Client Communication in the JURY BOX of the courtroom. There is 15 TO 20 Calipatria Department of Corrections Peace officer's 2 to 3 feet away eavesdropping over hearing attorney and client communication when CDCR Peace officers are the investigating Agency. This breach of Attorney and Client Communication extends to the Attorney & Client visits at Calipatria State Prison, when Administration Segregation Prisoners must discuss Attorney and Client information over a inmate monitee telephone, monitored by the Investigating Agency CDCR Calipatria, the same Investigating Agency CDCR that filed charges and have a District Attorney's Liaison office with the Imperial County District Attorney's office's.

Prisoners have a Right to Attorney & Client Communication and I have witness this Right under Pen. Code 2601 is not being protected by Attorney's and Attorney's turning a blind eye and some type of Injunction and Declaertory Relief is need to prevent the above violations of Rights.

Dated: 10-29-07          Respectfully submitted,                    Respectfully submitted,

_JEROME GENE JETER (#J-18281)_          _Raymond Vailuu #P-50T._
          name                                                        name

Name _MAURO RUIZ #E50797_               name _____

          name _____          name _____

- VERIFICATION -

I declare under the penalty of Perjury the foregoing is true and correct under the laws of the state of California. Executed this 29th Day of October 2007, Calipatria, California, Imperial county.

                         Submitted Signatures

_Jerome H. Jeter_                       _Raymond Vailuu      #P50778_
          Declarant                                          Declarant

25

EXHIBIT # 9

**TITLE 15**

(6) Place a call to an "800," "900," "976," "911," "411," or other special service number. Inmates that have a verified need to utilize the (1-800) TDD or relay service shall notify the correctional staff to facilitate the (1-800) TDD call.

(7) Place a call to an inmate at any other facility.

(8) Place calls to victims, peace officers, or other persons who have made an official written request not to receive telephone calls.

(9) Knowingly participates in a forwarded, transferred, or three-party call on an inmate telephone.

(d) Except as provided in this section, no limitation shall be placed on the identities or relationships of persons to whom an inmate may place a collect call.

(e) All inmate calls placed on intrafacility and inmate telephones may be subject to monitoring and recording at any time by institution staff.

(f) A conspicuous notice in English and Spanish shall be posted at each inmate telephone capable of recording and monitoring stating in both languages: "All numbers dialed and conversations on this telephone may be recorded and may be monitored without any further notice. By using this telephone, you agree to the monitoring and recording. It is your responsibility to notify the person called that their conversation and telephone number may be monitored and recorded." Staff who authorize an inmate to use an unposted telephone for a nonconfidential call shall inform that inmate before the call is made regarding the notice of monitoring/ recording requirement.

(g) If staff designated by the institution head determine that an incoming call concerns an emergency or confidential matter, the caller's name and telephone number shall be obtained and the inmate promptly notified of the situation. The inmate shall be permitted to place an emergency or confidential call either collect or by providing for the toll to be deducted from the inmate's trust account. A confidential call shall not be made on an inmate telephone and shall not be monitored or recorded.

(1) Confidential calls may be approved on a case-by-case basis by the institution head or designee only upon written request from an inmate's attorney on the attorney's office letterhead stationery. The date, time, duration, and place where the inmate will make or receive the call, and manner of the call are within the discretion of the institution head, except as restricted herein. A confidential call from an inmate shall be placed as a collect call or by providing for the toll to be deducted from the inmate's trust account and made from a prison telephone or, with appropriate authentication of the caller, may be received from an attorney.

(2) It is within the discretion of the institution head, or his/her designee, to approve or deny a confidential call. As long as the attorney/client communication privilege is not violated, a confidential call may be denied where the institution head, or his/her designee, determines that normal legal mail or attorney visits were appropriate means of communication and were not reasonably utilized by the inmate or attorney. Where demand for confidential calls seriously burdens institutional operations, the institution head, or his/her designee, may prioritize confidential calls.

(3) Emergency calls on prison telephones between an inmate and clergy, other religious advisors, or health care professionals shall be approved or denied on a case-by-case basis by staff designated by the institution head.

(h) Telecommunication Device for the Deaf (TDD) telephones shall be made available to inmates with a documented severe hearing impairment for personal, emergency, and confidential calls, which shall be subject to the provisions of this section.

(1) Assistive device telephones and additional time on telephones may be necessary to provide accommodations for inmates and their callers with disabilities.

(2) The facility shall provide for the procedures necessary to ensure effective telephone communications for inmates with disabilities and/or the disabled person(s) with whom they are communicating:

(i) All calls made on inmate telephones may have an announcement before and at random intervals during the calls stating that the call is from an inmate at a California state correctional facility and is being recorded.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

[For related information see DOM Section 52060 and Subsection 12070.6.]

**3282. Use of Telephones by Inmates.**

(a) For purposes of this section:

(1) An "emergency call" means a telephone call regarding the serious illness or injury of the death of an inmate's immediate family member.

(2) A "confidential call" means a telephone call between an inmate and his/her attorney which both parties intend to be private.

(3) An "inmate telephone" means a telephone designated solely to accommodate inmate-originated nonconfidential personal calls.

(4) An "intrafacility telephone" means a telephone which is not capable of direct-dial connections to telephones outside of the facility.

(5) A "prison telephone" means a telephone that is capable of outside access and is not monitored or recorded.

(b) Facilities shall provide inmate telephones for use by general population inmates. Inmates may place collect telephone calls to persons outside the facility at designated times and on designated telephones, as set forth in local procedures. Limitations may be placed on the frequency and length of such calls based on the inmate's privilege group as outlined in section 3044, and to ensure equal access. Telephone calls requiring the use of a Telecommunication Device for the Deaf (TDD) or voice relay service shall have extended time scheduled due to the time delay which results from the TDD relay process.

(c) An inmate shall not:

(1) Use an intrafacility telephone except as specifically required or authorized by staff.

(2) Use a telephone capable of direct-dial connection with a public telephone system, except as authorized by staff.

(3) Charge a call to a credit card.

(4) Place a third-party call.

(5) Ask the operator for an emergency interruption.

EX# A  9

EXHIBIT #10

Tim

RECEIVED

AUG 0 3 2007

PUBLIC DEFENDERS

# Imperial County Behavioral Health Services

Adult Outpatient Clinic

120 North Eighth Street ♦ El Centro, CA 92243 ♦ (760) 482-4087

## P.C. 1369 Mental Health Competence Evaluation

NAME: Michael Allen  REPORT DATE: 7.31.07

CASE NUMBER: JCF19796  REPORT DUE: ASAP

---

REASON REFERRED: This evaluation was ordered to aid the Court in determining the defendant's mental competence.

METHODS OF EVALUATION: For the purposes of this evaluation the following sources of information were used:

- The court's Order of 6.21.07
- Evaluation of the defendant at Imperial County Jail on 7.31.07 of approximately 30 minutes
- Approximately 113 pages of CDRC reports

WAIVER: Before beginning this examination the defendant was informed that the Court had ordered an evaluation of the defendant's mental competence, and that the Court would be provided with a report of the undersigned's findings. The information provided by the defendant, therefore, was not to be considered private or confidential in the usual doctor-patient sense. The defendant appeared to understand the limitations to privacy, and gave permission to proceed on that basis.

BACKGROUND: The defendant is an African-American male of indeterminate age who is charged with one felony count of Custodial Possession of a Weapon arising from events reported to have occurred in a State Prison on April 25, 2005.

---

MENTAL STATUS DURING INTERVIEW:

Appearance and Behavior: The patient was a well-developed male of apparent African-American extraction, and of average height and weight. He was appropriately dressed and groomed, and he was free from any easily recognizable impairment. He sat quietly, made good eye contact, and he was cooperative throughout the interview.

Speech Characteristics and Thought Process: The patient spoke in a normal tone of voice, with spontaneity, but he needed much prompting and redirection to expand on responses. His rate of speech was average. His thought process was tangential.

Thought Content: The patient's thought content was apparently free from preoccupations, obsessions, and suicidal/homicidal ideation, plans or intent.

Perception: The patient denied auditory and visual hallucinations and other perceptual abnormalities.

Mood and Affect: In the context of this semi-structured clinical interview, the patient's affect was appropriate with respect to speech content and his life situation, restricted, and lacking in facial animation.

Sensorium, Cognitive Functioning and Insight: The patient appeared alert, with a stable level of consciousness throughout the interview, and was oriented as to person, place, and reason for the interview. His intelligence and insight seemed below average compared to peers with similar cultural, socioeconomic and educational backgrounds.

Mental Health Competency Evaluation                                                      p.2
Michael Allen (Case No. JCF19796)

COMPETENCY: The defendant's responses to the questions of the semi-structured "competency assessment instrument" suggested the following. The defendant does not have the capacity to understand the charges; the ability to understand the purpose of the criminal process and the adversary system; the ability to recognize his own situation as defendant; the ability to work with his/her attorney; nor the ability to relate pertinent facts or other information to assist counsel in presenting a defense.

FINDINGS:

- Due to a mental disorder the defendant is unable by his own admission to understand the nature and purpose of the proceedings.
- The defendant is unable to cooperate with his attorney in presenting his defense because he does not trust attorneys or judges.
- Treatment with antipsychotic medication is medically appropriate and necessary to help restore the defendant to mental competence, and to maintain his competence.
- The defendant does have the capacity to make decisions regarding antipsychotic medication, since he does have the necessary psychological maturity or insight to recognize he has a serious psychiatric condition.
- The defendant should be evaluated by a psychiatrist to determine if antipsychotic medication is appropriate.
- The undersigned psychiatrist has evaluated the defendant to determine if antipsychotic medication is appropriate.
- If the defendant is not treated with antipsychotic medications, it is possible that serious harm to the physical or mental health of the defendant will result.
- Administration of psychotropics is likely to render the defendant competent to stand trial.
- Less intrusive treatment would be unlikely to have substantially the same results.
- Antipsychotic medication is in the defendant's best medical interest in light of his medical condition.
- The defendant is not a danger to self or others.

Respectfully submitted:


_____                    _____
Louis Blumberg, Ph.D.                                  Alvaro Camacho, M.D.
Supervising Clinical Psychologist                          Psychiatrist
(Calif. License PSY5338)                              (Calif License A75737)

EXHIBIT #11

MICHAEL E. Allen H42384
P.O. Box 5002
CALIPATRIA, CALIF. 92233



CALIFORNIA SUPERIOR COURT
COUNTY of IMPERIAL

IN THE MATTER OF:

MICHAEL E. ALLEN

CASE NO# EMC0214

REQUEST FOR MARSDEN HEARING

COMPLAINT ON ATTORNEY TIMOTHY J.
REILLY. BY MICHAEL E. ALLEN
THAT WOULD LIKE SUBMITTED TO
THE COURT RECORD:
JUDGE: JONES, DEPT# 5
DATE: 11-29-07 Time: AS THE MATTER ASAP
— EX PARTE —

TO THE Honorable Judge JONES I hereby notify the court that the main cause of my incompetence is the Representation of Timothy J. Reilly and The Imperial County Public Defenders office and I would like the following to be known why it is difficult to assist Attorney Reilly and The Imperial County Public Defenders office as follows:

(1) Mr. Reilly Attorney like to discuss Attorney & client communication EX#A over inmate monitor telephones, and at all times failing to utilize the Attorney visiting Booth and in the courtroom utilize the JURY BOX to have Attorney and client communication when the courtroom also has a designated Attorney and client visiting Room. I can not even discuss embarrassing subjects with Mr. Reilly without conversation being monitor or over heard. EX#1 declaration of witness

(2) Mr. Reilly failed to investigate the facts of Price that are invalid and unlawful conviction when I was under a drug therapy. didn't know right from wrong. Head Trauma, improperly Tried. Adjudge and convicted for Ads lebefore while I was Legally insane under a drug therapy and convicted for Ads while insane, no type of Competency Hearing, The Raising of incompetency on trail or Appeals never done on trail or Appeals including and

— 1 —

incompetent due to drug therapy that will make this indictment and commitment illegal. EX#2 medical Expert Report and Head TRAUMA.

(3) No where in Mental Health Evaluation Report, it have me with symtems of Psychotic EX#3 but Timothy J. Reilly is going to Allow Antipsychotic medication psychotropic mind Altering drug for symtems I don't have and Medline Plus Trusted Health Information, A service of the U.S. National Library of Medicine and The National Institutes of Health shows all the symtems of Psychotic EX#4 and none of this is shown in EX#3 mental Health Evaluation Report.

(4) Mr. Reilly failed to investigate why the Mental Health evaluation Report, why the Psychiatrist did not inform the court the likely or potential side effects of a medication Approved, I don't have the symtems of and most important of all, what Adverse Reaction This will have to all the current medication I take Crohns Disease. EX#5 and enlight of this would some type of Alternate treatment be Appropriate.

- RELIEF -

(a) A MARDSEN Hearing be conducted, New Attorney Appointed to Address the enclosed issues to investigate the facts of this complaint for I Also have a constitutional protected liberty interest in Avoiding the wrongful administration of Antipsychotic medication when I have no symtems of Psychotic. and Alternative:

(b) Attorney beAppointed per welfare and Institutional code Sec. 5365/5302 on should Medication of Antipsychotic medication be Approved when I have no symtems.

Date: 11-15-07

Respectfully Submitted

*M. A*

Michael G. Allen-H42387

- VERIFICATION -

I declare the foregoing facts are true and correct to the best of my Knowledge and belief.

Dated: 11-15-07

Submitted,

*M. Al*

Michael G. Allen. H42387 Declarant