# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br>CDCR# H-42389,<br><br>                       Plaintiff,<br><br>vs.<br><br>TIMOTHY J. REILLY,<br>Deputy Public Defender,<br><br>                       Defendant. | Civil No.  07-2331 JLS (CAB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

## I.  Procedural History

On December 12, 2007, Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Imperial, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged that the Deputy Public Defender appointed to represent him in his civil commitment hearings violated his right to due process by failing to adequate represent him.

In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion for Temporary Restraining Order ("TRO") [Doc. No. 3]. This Court granted Plaintiff's Motion to Proceed *IFP*, denied his Motion for TRO and dismissed his Complaint for failing to state a claim upon which relief could be

granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Jan. 11, 2008 Order at 7.

However, the Court granted Plaintiff leave to file an Amended Complaint but cautioned Plaintiff that he must correct the deficiencies of pleading identified by the Court. *Id.* at 7. On January 30, 2008, Plaintiff filed his First Amended Complaint ("FAC").

**II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As the Court stated in its previous Order, notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, once again, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

The only named Defendant in Plaintiff's First Amended Complaint is Deputy Public Defender Thomas Reilly. As stated above, in order to proceed with a section § 1983 action, Plaintiff must be able to demonstrate that the person he seeks to hold liable is "acting under color of state law." *See* 42 U.S.C. § 1983. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant or civil committee during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).

Here, Plaintiff argues that Deputy Public Defender Reilly is a state actor because he is an employee of the Imperial County Public Defenders Office. (FAC at 2.) In this matter, Plaintiff seeks to hold Defendant Reilly responsible because he allegedly failed to turn over documents to Plaintiff to use in a subsequent civil proceeding. However, as the Court previously stated, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42,

53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Thus, because Defendant Reilly was performing actions in the "traditional role of an attorney for a client," he is not a "state actor" for § 1983 purposes, no matter how ineffective Plaintiff alleges Defendant Reilly may have been. *Miranda*, 319 F.3d at 468.

Accordingly, Plaintiff's claims against the Deputy Public Defender Reilly must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

**III.   Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.**  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: March 19, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge