MICHAEL E. ALLEN-H42389
CALIPATRIA STATE PRISON
P.O. BOX-5002
CALIPATRIA, CALIF. 92233



**FILED**
APR 9 - 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN,
     Plaintiff,

VS.

TIMOTHY J. REILLY,
Deputy Public Defender,
     Defendant.

CIVIL No# 07-2331-JLS-CAB

NOTICE OF APPEAL TO THE NINTH CIRCUIT COURT OF APPEALS. FROM THE SOUTHERN DISTRICT OF CALIFORNIA, JUDGMENT DISMISSING 42 U.S.C. 1983 for FAILURE TO STATE A CLAIM, PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE RULE 4 (a)(1)

Notice is hereby given to the United States District Court, Southern District of California. Notice of Appeal to the United States Courts of Appeals Ninth Circuit pursuant to Federal Rule of Appellate Procedure Rule (a)(1) with a Request for permission to Appeal with the Record forward to the Courts of Appeals for Plaintiff can have the dismissal of 42 U.S.C. 1983 for failure to State a claim Review on the following issue in good faith:

(1) Plaintiff filed a 42 U.S.C. 1983 civil Rights complaint for the violations of The United States Constitution First Amendment Rights To Access To Courts with Actual Injury Exhibit#1 and The U.S. District Court, Southern District of California wrongfully classified. Reviewed and screened on the initial filing of 42 U.S.C. 1983 as a violation of Due process Exhibit#2 Line 23-24.

-1-

Plaintiff 1st Amended complaint has nothing to due with effective Representation or How Defendant Reilly Represent plaintiff or lawyers traditional functions as counsel.... Plaintiff 42 U.S.C 1983 is on Denial of Access to courts when Defendant Reilly fail to perform legally Required duty "to promptly comply with Request for copies of significant documents. Thats need to be present in the case of Allen v. Barnes, Case No# CV-95-5429-CAS-RZ to word of wrongful settlement and Judgment and at all times Defendant Reilly conceal and suppress these documents causing the deprivation and obstruction of Access to Courts with Actual Injury causing the Deprivation of plaintiff's Access to Courts in Allen v. Barnes. for at all times plaintiff Access to Courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commense court proceeding Affecting Access to Courts. <u>Hatfield v. Ballecox,</u> "9th cir 1987" 290 F.2d 632, 637.

Review is needed as to did the U.S District court wrongfully screen plaintiff 42 U.S.C. 1983 failure to State a Claim under Due Process <u>Ex#2</u> when 42 U.S.C. 1983 was a Denial of Access to Courts and and does plaintiff 42 U.S.C. 1983 State a Claim under Denial of Access to Courts for Defendant Reilly failure to perform legally Required duty of giving plaintiff significant documents cause the deprivation of plaintiff's constitutional Rights of Access to Courts.

(2) The U.S District Court, Southern District of California, did not consider plaintiff State of Claim for Violation of Americans with Disability thats was filed in 42 U.S.C 1983 Complaint Exhibit#<u>1</u> which claim was stated and at no time did the court even Screen the Americans Disability Act Claim in order to dismiss. Ex# <u>2</u>

This need to be Reviewed by the Appellate court as to did plaintiff State a Claim under the Americans Disability Act.

(3) Did the court wrongfully deny Reasonable Accommodations to a court Appointed Attorney and guardian ad litem.

-2-

- <u>RELIEF</u> -

That permission to Appeal be granted and the Record in the U.S. District Court, Southern District of California be transferred to the Ninth Circuit Court of Appeals for Review and consideration.

Dated: 4-2-08

Submitted,

*Michael E. Allen*
MICHAEL E. ALLEN-H42389

# *VERIFICATION*

**STATE OF CALIFORNIA**
**COUNTY OF IMPERIAL**

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, __Michael E. Allen__ DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE __Plaintiff__ IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __2nd__ DAY OF: __April__ 20__08__ AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) __M. Allen__
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, __Michael E. Allen__ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002, CALIPATRIA, CALIFORNIA #92233-5002.

ON __4-2-08__ 20__ I SERVED THE FOREGOING: __Notice of Appeal to 9th Circuit__

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

Jerry Brown, Attorney General
110 West "A" Street Suite #1100
San Diego, Calif. 92101

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: __4-2-08__   __M. Allen__
(DECLARANT/PRISONER)

Case 3:07-cv-02331-JLS-CAB   Document 12   Filed 04/09/2008   Page 5 of 19
Case 3:07-cv-02331-JLS-CAB   Document 11   Filed 03/20/2008   Page 1 of 1
AO 450 Judgment in a Civil Case

# United States District Court

SOUTHERN DISTRICT OF CALIFORNIA

Michael Allen

V.

Timothy J. Reilly

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER:   07cv2331 JLS (CAB)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

Plaintiff's First Amended Complaint is dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is Denied.

| March 20, 2008 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

s/M. Zvers
(By) Deputy Clerk

ENTERED ON March 20, 2008

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL ALLEN,
CDCR# H-42389,

    Plaintiff,

vs.

TIMOTHY J. REILLY,
Deputy Public Defender,

    Defendant.

Civil No.   07-2331 JLS (CAB)

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**

## I.  Procedural History

On December 12, 2007, Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Imperial, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged that the Deputy Public Defender appointed to represent him in his civil commitment hearings violated his right to due process by failing to adequate represent him.

In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion for Temporary Restraining Order ("TRO") [Doc. No. 3]. This Court granted Plaintiff's Motion to Proceed *IFP*, denied his Motion for TRO and dismissed his Complaint for failing to state a claim upon which relief could be

granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Jan. 11, 2008 Order at 7.

However, the Court granted Plaintiff leave to file an Amended Complaint but cautioned Plaintiff that he must correct the deficiencies of pleading identified by the Court. *Id.* at 7. On January 30, 2008, Plaintiff filed his First Amended Complaint ("FAC").

## II.  Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, once again, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

The only named Defendant in Plaintiff's First Amended Complaint is Deputy Public Defender Thomas Reilly. As stated above, in order to proceed with a section § 1983 action, Plaintiff must be able to demonstrate that the person he seeks to hold liable is "acting under color of state law." *See* 42 U.S.C. § 1983. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant or civil committee during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).

Here, Plaintiff argues that Deputy Public Defender Reilly is a state actor because he is an employee of the Imperial County Public Defenders Office. (FAC at 2.) In this matter, Plaintiff seeks to hold Defendant Reilly responsible because he allegedly failed to turn over documents to Plaintiff to use in a subsequent civil proceeding. However, as the Court previously stated, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42,

53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Thus, because Defendant Reilly was performing actions in the "traditional role of an attorney for a client," he is not a "state actor" for § 1983 purposes, no matter how ineffective Plaintiff alleges Defendant Reilly may have been. *Miranda*, 319 F.3d at 468.

Accordingly, Plaintiff's claims against the Deputy Public Defender Reilly must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: March 19, 2008

Honorable Janis L. Sammartino
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL ALLEN,<br>CDCR# H-42389,<br><br>                Plaintiff,<br><br>vs.<br><br>TIMOTHY J. REILLY,<br>Deputy Public Defender,<br><br>                Defendant. | Civil No.   07-2331 JLS (CAB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 3];**<br><br>**(2) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(3) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

      Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Imperial, California, proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Deputy Public Defender appointed to represent him in his civil commitment hearings violated his right to due process by failing to adequate represent him.

///

///

1  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,
2  he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)
3  [Doc. No. 2], along with a Motion for Temporary Restraining Order [Doc. No. 3].

**I.  Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

///
///
///
///
///

**II.  Motion for Temporary Restraining Order [Doc. No. 3]**

In addition to the filing of his Complaint and Motion to Proceed IFP, Plaintiff also filed a Motion for TRO [Doc. No. 3], as well as a Declaration in Support of his TRO.

Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

Plaintiff's Motion for TRO does not comply with Rule 65(b)'s important procedural requirement of notice. Neither Plaintiff's Complaint nor his Motion for TRO have been served on the named Defendant. In addition, Plaintiff has not submitted a sworn affidavit or declaration certifying that any efforts have been made to give notice of his Motion or Complaint to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b).

As noted above, under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party or that party's attorney *only* if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED.R.CIV.P. 65(b). Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify to the Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." *Id.*

Plaintiff's Motion for TRO and/or Preliminary Injunction does not comply with these elemental procedural requirements of Federal Rule of Civil Procedure 65(b). Moreover, Plaintiff has failed to show the likelihood of success on the merits required to justify extraordinary injunctive relief. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). The Ninth Circuit recognizes two tests for determining whether a district court should grant a preliminary injunction. Under the traditional standard, a plaintiff must show: (1) a strong

likelihood of success on the merits; (2) a possibility of irreparable injury should the injunction not be granted; (3) that the balance of hardships tips in his or her favor; and in some cases (4) that an injunction advances the public interest. *See Save Our Sonoran, Inc. v. Flowers*, 381 F.3d 905, 911-12 (2004) (citing *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.1995)). Alternatively, the plaintiff may show "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* As will be shown below when the Court conducts the required sua sponte screening, Plaintiff has not shown a likelihood of success on the merits.

Accordingly, Plaintiff's Motion for Temporary Restraining Order [Doc No. 3] is **DENIED** without prejudice.

### III.   Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, Plaintiff cannot state a claim against Defendant Reilly because he is not a "person acting under color of state law." To the extent that Plaintiff is seeking to file a § 1983 action against the Deputy Public Defender who was appointed to represent him in his criminal or civil commitment action, his claim must be dismissed. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant or civil committee during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).

Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against the Deputy Public Defender Reilly must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

## IV. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for TRO [Doc. No. 3] is **DENIED** without prejudice.

2. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

////
////

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6. The Clerk of the Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: January 11, 2008

*[signature]*
Honorable Janis L. Sammartino
United States District Judge

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals  **Date:** 04/11/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: Michael E Allen v. Timothy J Reilly

U.S.D.C. No.: 07cv2331 JLS (CAB)      U.S.D.C. Judge: Janis L. Sammartino

Complaint/Indictment/Petition Filed: Complaint

Appealed Order Entered: 3/20/2008

Notice of Appeal Filed: 4/9/2008

Court Reporter: n/a

COA Status: [ ] Granted in full/part (appeal only)    [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee:   [ ] Paid      [ ] Not Paid      [x] No Fee Required
USA/GOVT. APPEAL:  [ ] Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order): 1/11/2008

Was F/P Status Revoked?   [ ] Yes   [x] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**

Michael E Allen
H-42389

Calipatria State Prison
PO Box 5002
Calipatria, CA 92233

**Appellee Counsel:**

N/A

Counsel Status:  [ ] Retained   [ ] Appointed   [x] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: H-42389

Bail: _____

Custody:    x  _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

|   |   |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
|   | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
|   | Magistrate Judge's Report and Recommendation |
|   | COA Order |
| x | F/P Order |
|   | Minute Order |
| x | Other: Clerk's Judgment entered 3/20/2008, Order Dismissing First Amended Complaint entered 3/20/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer                                       **L. Hammer**

Deputy's Name                                         Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:   Clerk, U.S. Court of Appeals
      P.O. Box 193939
      San Francisco, CA 94119-3939

Re:   **USCA No:**
      **USDC No:**   07cv2331 JLS (CAB)
      **Allen v. Reilly**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in __ set(s) of __ volume(s). | | |
| | Reporter's transcript's transcripts in __ set(s) of __ volume(s). | | |
| | Exhibits in __ envelope(s) __ box(es) __ folders(s) | | |
| x | Judgement Order | x | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Order Dismissing First Amended Complaint entered 3/20/2008 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date:   04/11/08         By: **L. Hammer**
                         Lauren Hammer, **Deputy**