MICHAEL E. ALLEN-H42389

CALIPATRIA STATE PRISON

P.O. Box- 5002

CALIPATRIA, Calif. 92233

FILED

2008 APR 16 PM 4:17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**NUNC PRO TUNC**

APR -9 2008

MICHAEL E. ALLEN,

Plaintiff,

vs.

TIMOTHY J. REILLY,
Deputy Public Defender

Defendant.

CIVIL NO# 07-2331-JLS-CAB

MOTION FOR RECONSIDERATION OF DISMISS-
ING 42 U.S.C. 1983 FOR FAILURE TO
STATE A CLAIM AND OBJECTIONS TO
MOTION TO DISMISS

TO THE Honorable Janis L. Sammartino, U.S. District Judge,
plaintiff hereby ask for a motion for Reconsideration and if Reconsideration
is denied plaintiff objection be on Record:

(1) Plaintiff filed 42 U.S.C. 1983 on Impeding and obstructing
Access to courts with Actual Injury. Deprivation of first Amendment
Rights EX#1 but the court screen and Review plaintiff 42 U.S.C.
1983 under Due Process EX#2 Line 23-24, and found Plaintiff
failed to state a claim Applied Due Process standards to first Amendment
complaint Denial of Access to courts with Actual Injury when
Denial to Access to courts criteria supposed to be Applied. but wasn't.

This is a error Applying Due Process criteria to Access to
courts claims. especially since Plaintiff 42 U.S.C. 1983 first Amended
complaint for Access to courts Has nonething to due with Defendants

—1—

effective Representation or The traditional Role of an Attorney or Adversarial functions Due Process 5th/14th or 6th Amendment.

In 1st Amended complaint denial of Access to courts, plaintiff clearly stated "Defendant Reilly fail to perform legally Required duty to Promptly comply with Reasonable Request for copies of significant documents cause the deprivation of plaintiff constitutional Rights to Access to courts in the case of Allen v. Barnes when plaintiff was proper and plaintiff Access to courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or Appropriate in order to commense or Prosecute court proceedings Affecting Access to courts. Hatfield v. Balleaux "9th cir 1987" 290 f.2d 632, 637.

If Defendant Reilly would have stayed within the scope of Attorney, traditional functions and performing legally Required duty and promptly complying with Reasonable Request for copies of significant documents Defendant Reilly would have immunity but when Defendant Reilly through his personal involvement as evidence by Affirmative Acts, participation failed to perform legally Required duty by not promptly complying with Reasonable Request for copies of significant documents cause the deprivation of plaintiff constitutional Rights of Access to courts in the case of Allen v. Barnes which plaintiff was proper and at All times Defendant Reilly Denying significant documents for plaintiff to file in the case of Allen v. Barnes is what the civil Rights Act provide Relief for under Denial of Access to courts first Amendment Right of the U.S. constitutional.

(2) Also in 42 U.S.C. 1983 plaintiff stated A claim for violations of American with Disability Act <u>EX#1</u>  The court did not Address or screen. <u>EX#2</u>  order dismissing Amended complaint <u>EX#2</u>.

(3) The court did not Address Plaintiff Request for A court

Appointed Attorney or guardian Ad litem on Reasonable Request for Accommodations. in court Appointed programs is this wrong.

## — RELIEF —

That this motion for Reconsideration be granted based on the Here in facts and the wrongly Applied Due Process criteria when Denial of Access to courts criteria suppose to have been Applied

Dated: 4-2-08                                    Respectfully submitted.

Michael E. Allen

EX#/

MICHAEL E. ALLEN-H42389

CALIPATRIA STATE PRISON

P.O. BOX-5002

CALIPATRIA, CALIF. 92233


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


MICHAEL E. ALLEN,
        Plaintiff.

CIVIL NO# 07-2331-JLS-CAB

FIRST AMENDED COMPLAINT TO 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT REQUESTING JURY TRAIL ON (I) IMPEDING AND OBSTRUCTING ACCESS TO COURTS WITH ACTUAL INJURY OF DEPRIVATION OF FIRST AMENDMENT RIGHTS AND (II) VIOLATIONS OF TITLE # II AMERICANS WITH DISABILITY ACT OF 1990

TIMOTHY J. REILLY, DEPUTY PUBLIC DEFENDER OF IMPERIAL COUNTY OFFICE,
        Defendant.


CIVIL RIGHTS COMPLAINT

   This is a 42 U.S.C. 1983, Civil Rights violation filed on the behalf of Michael E. Allen, currently a state prisoner for (I) VIOLATIONS OF THE UNITED STATES CONSTITUTION FIRST AMENDMENT ACCESS TO COURTS pg# 3-7 and (II) Violations of Title # II Americans with Disability Act of 1990 on pg. 8-11, CAUSE OF ACTIONS I - THROUGH - IV pages# 12-17; Relief pg 18-19.
   Plaintiff Request for Jury Trail and seeks monetary Damages and emotional and mental damages. including punitive damages.

JURISDICTION

   On October 18, 2007. Cause of Action occurred in Imperial County which. is located in the Jurisdiction of the United States District Court, Southern District of California.

- PARTIES -

(1) Plaintiff Michael E. Allen, is the plaintiff in the Herein case alleging deprivations and violations of First Amendment Right of the United States Constitution To Access To Courts The opportunity to prepare, serve and file whatever pleadings or other documents that are necessary or Appropriate in order to commense or prosecute court proceeding Along with violations of Title #II Americans with Disability Act of 1990 Against Defendant Timothy J. Reilly.

(2) Defendant Timothy J. Reilly, Imperial County Deputy Public Defender of Imperial County Public Defenders office is sued in his individual Capacity for The violations of Plaintiff First Amendment Rights of Access To Courts Depriving Plaintiff of Documents. That Timothy J. Reilly was legally Require To Turn over obstructing Plaintiff Access To Courts To prepare, serve and file whatever pleadings and violations of Title#II Americans with Disability Act. which he being Sued in His individual capacity,

— COLOR OF LAW / color of Authority —

Defendant Timothy J. Reilly acted under Color of Law and Color of Authority as officer of The Courts, a employee of Imperial County Public Defenders office and failed to perform legally Required duties under California Business and Professional Code Section 6068(a) " A Attorney's Duty to support the Constitution and The Laws of The United States. including Promptly complying with Reasonable Request for Copies of significant documents. CALF. Business and Professional Code sec. 6068(a)(n)_

Civil Rights Act provide for Relief, Against those who through Their personal involvement as evidence by Affirmative Acts, participation or failure to perform legally Required duties, caused The deprivation of Anothers constitutional Rights. Leer v. Murphy 844 F.2d 628, 633 9th cir 1988; Johnson v. Duffy, 588 F.2d 740, 743 "9th cir 1978.

Congress purpose of enacting 1983 was To creat A novel civil Remedy for Violations established by constitutional Right. Martinez v. City of Oxnard. 270 F.3d 852 "9th cir 2001,

Defendant Timothy J. Reilly herein in this complaint Refer to As Defendant Reilly violated establish constitutional Rights As follows:

## - SUBSTANTIAL FACTS -

## STATEMENT OF CLAIMS

### I.

## VIOLATIONS OF FIRST AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION OF AMERICA ACCESS TO COURTS

(3) From September 18, 2007 To October 29, 2007, plaintiff Had A case in United States District Court, Central District of California, Allen v. Baenes, case No# CV-95-5429-CAS-(RZ), which plaintiff Had a deadline date of October 11, 2007 To show why Post settlement Judgment should not be enter. Exhibit # 1.

(4) Plaintiff Have a first Amendment constitutional Right To Access To courts To prepare, serve and file whatever pleadings or documents that are necessary or appropriate in order To commense or prosecute court proceeding Affecting Access to courts in The case of Allen v. Baenes civil Rights violation case.

(5) From September 18, 2007, To October 28, 2007 Defendant Timothy J. Reilly, suppress and denied plaintiff documents showing plaintiff was legally mentally incompetent and declare Legally mentally incompetent. these Legally mentally incompetent documents was crucialy with Defendant Timothy J. Reilly, at All times did not turn over to plaintiff, or The United States District Court Central District of California and plaintiff need The Legally mentally incompetent documents to have the oppolunity To prepare, serve and file The defense That no Judgment should be enter on the Legally mentally incompetent in the case of The civil Rights case of Allen v. Baenes.

(6) On September 18, 2007, The United States District Court, Central District of California in the case of Allen v. Baenes, #case No# CV-95-5429-CAS-RZ, informed plaintiff Any party having objections To Post settlement Report and Recommondation shall not later than October 11, 2007 To file and serve written statement of objections

with points and Authorities in support there of. Exhibit # 1.

(7) Defendant Reilly was written on September 25, 2007 to promptly turn over Legally mentally incompetent documents to plaintiff. for they are needed in the case of Allen v. Barnes To show The United States District Court, Central District of California with proof plaintiff is Mentally Incompetent.

(8) Plaintiff Receive no Reply from the letter written to Defendant Reilly on September 25, 2007 for Legally mentally incompetent documents.

(9) On September 28, 2007, plaintiff file a complaint with The California State Bar on Defendant Reilly, That Defendant Reilly disregarded plaintiff Request to provide plaintiff with Legally mentally incompetent documents for plaintiff can proceed in the Civil Matter of Allen v. Barnes, Civil Rights case.

(10) Plaintiff Alleges Somewhere between October 1, 2007 To october 28, 2007. The California State Bar Advised Defendant Reilly to make copies of pertinent Legally mentally incompetent documents and To provide them to plaintiff immediately. Ex# 2.

(11) On October 29, 2007 while Attending Imperial county Superior court Defendant Reilly turned over Legally mentally incompetent documents.

(12) Defendant Reilly turned over Legally mentally incompetent documents 18 days after October 11, 2007 on October 29, 2007, pass the deadline date for plaintiff to show by proof of Legally mentally incompetent with Appropriate objections To Post Settlement Report and Recommendation not later than October 11, 2007. Ex# 1

(13) On October 18, 2007, United States District Court, Central District of California Allen v. Barnes entered Judgment on plaintiff dismissing civil Rights case. Exhibit # 3.

(14) from September 18, 2007 To october 11, 2007 Defendant Reilly, Refuse to turn over Legally mentally incompetent documents, impeding and obstructing plaintiff Access to courts in The Civil Rights case of Allen v. Barnes, from preparing and serving documents of proof of Legally mentally incompetent, depriving plaintiff of

First Amendment Constitutional Rights to prepare, serve, file documents showing Legally mentally incompetent that was necessary and appropriate to show in objections why Post settlement Judgment should not be enter in the case of Allen v. Barnes.

(15) Plaintiff Have a constitutional Right under the first Amendment of the United States Constitution to Access to courts.

(16) From September 18, 2007 to October 11, 2007 Defendant Reilly suppression and denial of Legally mentally incompetent documents. impeded plaintiff showing by proof evidence to support United States District court. Central District of California Local Rules 83-5.1 "No claim in Any Action involving incompetent person shall be settled, compromised or dismissed without leave of the court embodied in order, judgment or decree." Exhibit # 4   L.R. 83-5.1 / L.R. 83-5.2.

(17) Defendant Reilly Refusal to turn over Legally mentally incompetent documents from September 18, 2007 to October 11, 2007 for proof of legally mentally incompetent left Judgment order not embodied with any Reference to plaintiff being legally mentally incompetent Ex # 3.

(18) From September 18, 2007 to October 11, 2007 Defendant Reilly had a legal Required duty as a member of The California State Bar. shall not Suppress Any evidence That a member or members client have a legal obligation to and a Attorney have a obligation to Reveal. California State Bar Rules of Professional Conduct Rule 5-220.

(19) From September 18, 2007 to October 11, 2007. Defendant Reilly had a legally Required duty to promptly comply with Reasonable Request for copies of Significant documents, California State Bar Rules of Professional conduct Rule 3-500 and California Business and Professional conduct Section 6068 (m).

(20) Defendant Reilly from September 18, 2007 to October 11, 2007 failure to perform legally Required duties in California State Bar Rules of Professional conduct Rule 5-220, To not suppress evidence, As Defendant Reilly did, from

September 18, 2007 to October 11, 2007 of Legally mentally incompetent documents fail to perform legal require duties that cause the deprivation of plaintiffs Constitutional Rights to Access to Courts to prepare, serve and file whatever pleadings, on No Judgment shall be enter on the incompetent plaintiff.

(21) Defendant Reilly from September 18, 2007 to October 11, 2007 failure to perform legally Required duties of California state Bar Rules of Professional Conduct Rule 3-500 and California Business and Professional Code section 6068 (m) "To promptly comply with Reasonable Request for copies of Significant documents of Legally mentally incompetence of plaintiff to prepare, serve and serve pleadings on Legally mental incompetent for Judgment will not be enter on the civil Rights case of Allen v. Barnes deprived plaintiff of his constitutional Rights to Access to Courts to prepare, serve and file whatever pleadings, with proof on incompetence.

(22) Defendant Reilly acted in bad faith on September 18, 2007 to October 11, 2007 violating legally Required duties to not suppress evidence and to promptly comply with Plaintiff Request for copies incompetence documents.

(23) Plaintiff Alleges Defendant Reilly impeded plaintiff from submitting proof of Legally mentally incompetence from September 18, 2007 to October 11, 2007 That no claim in Any Action involving the incompetent person shall be Settled Compromised or dismissed. EX # 4   At all times concerning the civil Rights case of Allen v. Barnes.

(24) Defendant Reilly suppression of evidence of Legally mentally incompetent documents from September 18, 2007 to October 11, 2007, impeding and obstructing plaintiff from preparing, serving and filing Legally mentally incompetent documents to ward of Judgment on the incompetent on October 18, 2007 cause the deprivation of plaintiff Constitutional protected Rights which Defendant Reilly is liable for Dismissal of the case of Allen v. Barnes on October 18, 2007. for his acts and omissions of suppressing documents that would not have allowed judgment on the Legally mentally incompetent.

(25) Defendant Reilly Acts and omissions of failing to turn over legally mentally incompetent documents would have relieve plaintiff from judgment.

(26) On October 18, 2007 the dismissal of the case of Allen v. Barnes, plaintiff loss $810,000 in monetary damages, trail rights and all claims on damages EX# 5.

(27) The State Bar of California did not condone Defendants Reilly Actions to disregard plaintiff request to provide legally mentally incompetent documents so plaintiff can proceed and prosecute the civil rights action of Allen v. Barnes. EX# 2.

## — LIBILITY —

(28) Defendant Reilly is liable under civil rights act that provide relief against those who through their personal involvement as evidence by affirmative acts, participation in or failure to perform legally required duties cause the deprivation of plaintiff access to courts in the civil rights action of Allen v. Barnes case No# 95-5424-CAS-RZ, in the United States District court, is a claim for 42 U.S.C. 1983, for Defendant Reilly went beyond his individual capacity from September 18, 2007 to October 11, 2007, suppressing and denying plaintiff of legally mentally incompetent documents which Defendant Reilly fail to perform his legally required duties to promptly turn over legally mentally documents, a copy there of and not suppress documents, Defendant Reilly had a obligation to reveal documents was the cause of deprivation of plaintiff's constitutional rights of access to courts to proceed and prosecuted the case of Allen v. Barnes in the U.S. District court, Central District of California.

(29) for Defendant Reilly obligation to turn over legally mentally incompetent documents from September 18, 2007 to October 28, 2007 and refrain from suppressing legally mentally incompetent documents, a duty which Defendant Reilly must eventually perform should be held liable for deprivation of my access to courts constitutional deprivations the loss of $810,000 EX# EX#5

## CLAIMS #II

### SUBSTANTIAL FACTS

### VIOLATIONS OF TITLE #II OF THE AMERICAN WITH DISIBILITY ACT OF 1990, 42 U.S.C. 12101 - 12132

b.

(30) Plaintiff is a individual with a disability of Legally mentally incompetent Exhibit #6 a mental impairment under the American with Disability Act from August 9, 2007 To October 29, 2007. That effected plaintiff major Activities that plaintiff was declared mentally incompetent to stand for trail and plaintiff have long time mental impairments of Post Traumatic Stress Disorder that dates back to 1990 - 1994 and Today, EX #7.

(31) Plaintiff is a individual qualified to participate in and receive the benefits of the Public Entity's Services, programs And Activities of the Imperial County Public Defenders office.

(32) Plaintiff was excluded from the Services, programs and Activities of Imperial County Public Defenders office By Defendant Reilly and denied The benefits of Imperial County Public Defenders office By Defendant Reilly by The Reasons of plaintiff disability Legally mentally incompetent. as follows:

(33) Plaintiff was denied The Benefits and services of Imperial County Public Defenders office California State Bar Rules of Professional conduct Rule 5-200 which all Law office and Attorney's must follow. that a member of the State Bar shall not suppress Any evidence That The Attorney client has A legal obligation to Reveal or to produce as Legally mentally incompetent documents to plaintiff.

(34) Plaintiff was denied the Benefits, Services, programs and Activities of Imperial County Public Defenders office By Imperial County Deputy Public Defendant Reilly which all Law offices and Attorneys must follow That includes promptly complying with Reasonable Request for copies of significant documents as Legally mentally incompetent documents" That are under State Bar Rules of Professional

conduct Rule 3-500 and California Business and Professional code section 6068(m).

(35) Plaintiff was denied the Benefits, services, programs and Activities of Imperial County Public Defenders office By Defendant Reilly. To Attorney and client privilege confidential communication.

(36) Plaintiff was excluded from services, Benefits, programs and Activities of Attorney and client Privilege communication by Imperial county Public Defenders office By Defendant Reilly. as follows:

(37) while Attending Imperial County Superior court from June 2007 to october 2007, Defendant Reilly A Imperial County Deputy Public Defender denied plaintiff the Benefit of Attorney and client privilege communication by conducting and Breaching Attorney and client privilege communication in Imperial County Superior courtroom Jury Box. when Imperial County Superior court Department #5 Have a designated Attorney and client interview Room and Defendant Reilly continue to not Allow the benefits, service, programs and Activities of Attorney, client Privilege communication by communicating confidential Attorney and client communication in the presence of 15 To 20 employees of the Prosecuters Investigating team Calipatria California Department of Corrections Correctional officers 2 to 3 feet away eavesdropping Ex# 8 .

(38) At All times Defendant Reilly visited plaintiff at Calipatria State Prison Again excluded plaintiff from services, Benefits, programs and Activities of Attorney and client privilege confidential communication by Defendant Reilly discussing Attorney and Client Privilege confidential communication over inmate monitor telephones. that are subject to monitoring and Recording At any time by CDC (Ex# 9 ) The investigating Agency of the Imperial County Prosecuters office when Calipatria State Prison Have a designated Attorney and client visiting Booths at Calipatria State Prison, and confidential call services. Ex# 9.

(39) Plaintiff was excluded from the services, benefits, programs and activities of Imperial County Public Defenders office by Defendant Reilly by not promptly complying with the benefits, services with request for copies of significant legally mentally incompetent documents from 9-18-07 to 10-28-07 causing actual damages of $810,000 thousand in monetary funds, trail rights, in the civil Rights Action of Allen v. Barnes. EX# 5.

(40) Plaintiff excluding from services, benefits, programs and Activities by Imperial county Public Defenders office by Defendant Reilly dealing with Attorney and client privilege communication was the direct cause of plaintiff's emotional and mental damages and declared mentally incompetent, unable to trust Attorneys. EX# 10 pg#2 Line.

(41) on November 15, 2007. Plaintiff filed a complaint in Imperial county Superior court on Imperial county Deputy Public Defender Defendant Reilly for discussing Attorney and client privilege communication over the inmate Monitor telephones and while in the Imperial county Superior court utilize the Jury box to have Attorney and client communication when the courtroom have a designated Attorney and client Interview room. EX# 11.

(42) Plaintiff was excluded from the participation in services, programs, Activities and benefits by Imperial county Public Defenders office a Public entity and local government by Defendant Reilly of the Benefits, services, Activities and programs of Attorney and client privilege communication and the Benefits and services to promptly comply with Reasonable request for copies of significant, legally mentally incompetent documents from September 18, 2007 to october 28, 2007 by Reason of plaintiff's disability and mental impairments.

(43) Local governments and Public Entities as Imperial county Public Defenders office and Defendant Reilly may not Refuse to Allow a person with a disability to participate in services, programs, benefits or Activities simply because the person has a disability.

(44) Imperial County Public Defender office. Deputy Public Defender did not furnish Auxiliary Aids. and Services as Attorney Ad litem, Guardian Ad litem, conservator or Any type of guardian to soley assist and facilitate communication between plaintiff and Defendant Reilly since plaintiff mental impairment in part was unable to trust Attorneys and Judges. Ex#10.

(45) Imperial County Public Defenders office. Deputy Public Defender did not furnish Auxiliary Aids and Services to Assist in accommodating plaintiff's Access to courts in The case of Allen V. Barnes, CASENO#45-5424-CAS-RZ in the United States District court. Central District of California. That Imperial County Public Defenders office Deputy Public Defender Defendant Reilly could have provided Reasonable Accommodations, for mental disabilities as Assistance from a Guardian or provided a letter to the courts identifying the nature and severity of plaintiff's disability and limitations including a breif description of plaintiff's Request for Accommodations by the United States District Court, Central District of California in the case of Allen V. Barnes, civil Rights matter.

(46) Plaintiff is a qualified person with a disability under the Americans with Disability Act who meets the essential eligibility Requirements for programs. Services. Activities and Benefits offered by A Public Entity Imperial County Public Defenders office and Defendant Reilly.

(47) Public Entities As Imperial County Public Defenders office and Defendant Reilly must ensure that individuals with disabilities are not excluded from Services. programs. Activities and Benefits under Title#II of THe Americans with Disability Act program Access.

(48) Imperial County Public Defenders office and Defendant Reilly are in Violation of The Section 504 of The Rehabilitation Act of 1973 which The Imperial County Public Defenders office Recieve federal financial assistance and excluded, denied plaintiff, a qualified person with a disability Access To Services. program. Benefits and Activities of Attorney and client privilege communication, Reasonable Request for copies of significant documents,

I

## FIRST CAUSE OF ACTION

## VIOLATIONS OF FIRST AMENDMENT RIGHT OF
## ACCESS TO COURTS, UNDER THE FIRST AMENDMENT
## RIGHTS OF THE UNITED STATES CONSTITUTION

a.

(49) The Acts and omissions of Defendant Reilly. Impeded and obstructed Access To courts. to prepare, serve and file what ever pleadings or documents That were necessary and appropriate in order to commense and prosecute the Proceeding in the civil Rights case of Allen v. Barnes case No# CV-95-5429 CAS-RZ by suppressing, with holding, not turning over Legally mentally incompetent documents from September 18, 2007 To October 28, 2007, which Defendant Reilly failed to perform his legally Required duty To promptly comply with Reasonable Request for copies of significant documents and not suppress Evidence Defendant Reilly had a legal obligation to reveal and to produce, cause the deprivation of plaintiff's constitutional Rights of the United States of America. First Amendment Right to Access to court with Actual Injury of The case of Allen v. Barnes case No# CV-95-5429-CAS-R2 civil Rights case being dismissed on October 18, 2007. Loss of Trail Rights, $10,000 Thousand in Monetary Damages and There is a strong cause of Action, on the merits if Defendant Reilly would not have failed to perform legally Required duties and Produce or turn over Legally mentally incompetent documents "No claim involving Legally mentally incompetent could have been settled, compromised or dismissed."

(I) In Paragraphs # 3 Through 29, in complaint showing facts That Raise To cause of Action plaintiff was denied first Amendment Right to United States constitution. ACCESS TO courts with Actual injury.

## – CASE LAW IN SUPPORT –

The Supreme court has stated "It is established beyond doubt that prisoners have Constitutional Right of Access To courts." Bounds v. Smith, (1977) 430 U.S. 817, 821, 97 S.Ct. 1491.

– 12 –

Actual injury claims that raises out of Access to courts first Amendment violation of the United States Constitution of America are actionable under 42 U.S.C. 1983, Civil Rights violations. <u>Lewis v. Casey</u>, (1996) 518 U.S. 243, 135 Led 2d 606.

Prisoners possess Right of Access to courts not only to pursue Appeals but also Assert Civil Rights Action. <u>Madid v. Gomez</u>, "9th cir 1999" 190 f.3d 990; The court Has since Acknowledge that the Right of Access To courts extends to civil Rights cases. <u>Wolf v. McDonnell</u>, (1974) 418 U.S. 539, 579, 94 S.Ct. 2963, 2968.

Access To courts means The opportunity to prepare, serve and file whatever pleadings or other documents are necessary or Appropriate in order to commense or prosecute court proceedings Affecting Access To courts. <u>Hatfield v. Balleaux</u>, "9th cir 1987" 290 f.2d 632, 637.

<u>Civil Rights Act provides for Relief</u>, only Against those, through their personal involvement, as evidence by affirmative acts, participation in anothers Affirmative Acts or failure to perform legally Required duties, caused the deprivation of Anothers constitutionally protected Right is Actionable Under 42 U.S.C. 1983. <u>Leer v. Murphy</u>, "9th cir 1988" 844 f.2d 628, 633; <u>Johnson v. Duffy</u>, 9th cir 1978' 588 f.2d 740, 743; <u>Fayle v. Stapley</u>, "9th cir 1979" 607 f.2d 858 and <u>Hess-elgessor v. Reilly</u> "9th cir 1971" 440 f.2d 901, 902-903.

## — TO COMMENCE ACTION —

Plaintiff should be Allowed to commence cause of Action for Deprivation of Access To court, Against Defendant Reilly. for the suppression of documents, failure to turn over documents from September 18, 2007 To october 28, 2007 that cause the deprivation of First Amendment Rights of The United States constitution that caused Actual injury. that Civil Rights Acts of 42 U.S.C. 1983 provides Relief for and Defendant Reilly step beyond his individual capacity in failure to perform legally Required duty's that caused deprivation of plaintiff's constitutional Rights.

## II.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF TITLE #II OF AMERICANS

## WITH DISIBILITY ACT OF 1990

## 42 U.S.C. Sec. 12101-12132

(50) Plaintiff Has Stated a claim under Title #II of Americans with Disability Act of 1990 : 2002 in PARAGRAPHS # 30-Through-47 [1] when plaintiff is a individual with a disability Legally mentally incompetent, and suffers from Post Traumatic Stress disorder;(2) Plaintiff was otherwise qualified to participate in and Receive the Benefits of Public's Entities, Imperial county Public Defenders office, services, programs and Activities by Imperial county Public Defenders office and employee Defendant Reilly to Attorney and client Privilege Communication and the Benefits and services of not suppressing Evidence of Legally mentally incompetent documents from September 18. 2007 To october 28. 2007 when Defendant Reilly had a legal obligation to Reveal or to produce. including promptly complying with Reasonable Request for copies of significant documents; (3) Plaintiff was excluded from participation in and denied the benefits of Public entity's services, programs and activities by Imperial county Public Defenders office by employee Defendant Reilly to Attorney and client Privilege communication and the Benefits and services from September 18. 2007 To october 28. 2007, Defendant Reilly legal obligation to Reveal and Produce Legally mentally incompetent documents and the Benefits and services of Defendant Reilly promptly complying with Reasonable Request for copies of significant documents; (4) The exclusion. denial of benefits. programs, services and Activities was by Reason of plaintiff's disability.

## CASE LAW IN SUPPORT

To State a claim of disability under Title #II of the Americans with Disability Act of 1990 plaintiff must Allege four elements (i) plaintiff

is an individual with disability; (2) The Plaintiff is otherwise qualified to participate in or receive the benefits of some public entity's services, programs or Activities; (3) The plaintiff was either excluded from participation, Benefits, services, programs or Activities or denied the benefits of the public entity's Services, programs or Activities and (4) The exclusion, denial of benefits was by reason of plaintiff's disability Thompson v. Davis. "4th cir 2002" 282 f.3d 780.

. Americans with Disabilities Act prohibits exclusion, denial of Benefits, and services to a qualified individual with disabilities Regardless of Public entity's motive or intent.
Schonfeld v. City of Carlsbad. 978 f. Supp 1329, S.D. Cal. 1997.

### Colorable claim

Plaintiff Has stated a colorable claim of violations of Title #II Americans with Disability Act.

### III.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF AMERICANS WITH DISABILITIES ACT IS VIOLATION OF CALIFORNIA'S UNRUH CIVIL RIGHTS ACT AND ACTUAL DAMAGES SUFFERED ARE THUS COMPENSABLE

(51) In paragraph#s 39. plaintiff was excluded from services, Benefits, programs and Activities of Imperial County Public Defenders office By Defendant Reilly by not promptly complying with Benefits, services with Request for copies of significant Legally mentally incompetent documents from 9-18-07 To 10-28-07 cause Actual damages of $ 810,000 thousand in monetary funds and Trail Rights.

### CASE LAW IN SUPPORT

Violations of American with Disability Act is violations of

California's Unruh Civil Rights Act and Actual damages suffered are thus compensable. Americans with Disability Act of 1990 & 2-101. 42 U.S.C. 12101-12111, west. Ann. Cal. Civil Code Sec. 51, 52 <u>Boemio v. Love's Restaurant</u>, 954 f. Supp. 204 "S.D. Cal 1997".

-IV-

<u>FOURTH CAUSE OF ACTION</u>

<u>UNDER 42 U.S.C. 1983 Emotional</u>

<u>AND MENTAL DAMAGES IS COMPENSABLE</u>

(52)   <u>IN PARAGRAPHS # 40</u>, plaintiff excluding from services. Benefits, programs and activities By Imperial County Public Defenders office By Defendant Reilly dealing with Attorney and client privilege communication was the direct cause of plaintiff's emotional and mental stress, declared incompetent unable to trust Attorney's.

<u>CASE LAW IN SUPPORT</u>

Violations of Americans with Disabilities Act is violation of California Unruh Civil Rights Act and Actual damages suffered are thus compensable. Americans with Disabilities Act of 1990 & 2-101 42 U.S.C. 12101-12111, West's Ann. Cal. Civ. Code Sec. 51, 52, <u>Boemio v. Love's Restaurant</u>, 954 f. Supp. 204 "S.D. Cal. 1997".

Mental and Emotional distress is compensable under Section 42 U.S.C. 1983. <u>Jones v. Los Angeles Community College Dist.</u>, 702 f. 2d 203 "9th cir 1983".

Harm due to mental and emotional distress is compensable under 42 U.S.C. 1983 providing plaintiff demonstrate that injury Resulted directly from wrongful deprivation of federal law and constitutional violations. <u>Alexander v. City of Menlo Park</u>, 787 f. 2d 1371 9th cir 1986"; <u>Moore v. Green</u>, 431 f.2d 584, 9th cir 1970.

## V

## FIFTH CAUSE OF ACTION

## VIOLATION OF REHABILITATION ACT SECTION 504 THAT "NO QUALIFIED INDIVIDUAL WITH A DISABILITY IN THE UNITED STATES SHALL BE EXCLUDED FROM, DENIED THE BENEFITS OF ANY PROGRAM OR ACTIVITY THAT EITHER RECEIVES FEDERAL FINANCIAL ASSISTANCE OR IS CONDUCTED BY ANY EXECUTIVE AGENCY

(53) In paragraph #48, Imperial County Public Defenders office and Defendant Reilly are in violation of Section 504 of The Rehabilitation Act of 1973 which Imperial County Public Defenders office Receive Federal Financial assistance and plaintiff was excluded, denied By Defendant Reilly, a qualified person with disability Access To Services, programs, Benefits and activities of Attorney and Client privilege communication, and Reasonable Request for copies of significant documents.

### - CASE LAW IN SUPPORT -

Congress intended Relevant CASE Law under Rehabilitation Act to Apply to term disability in Americans with Disabilities Act. Rehabilitation Act of 1973 & 2 et. Seq 29 U.S.C.A. 701, 793.

Miller v. Automobile Club of Southern California, 897 F. Supp. 1289 " S.D. Cal. 1995."

Under the Rehabilitation Act and ADA failure To Accommodate limitation constitutes discrimination because of disability, 29 U.S.C. Sec 701 Rehabilitation Act.

### Commence of Action

Plaintiff Has started a colorable claim for violations of The Rehabilitation Act section 504 which section 504 may also be enforced through private lawsuits.

## - RELIEF -

WHEREFORE PLAINTIFF REQUEST THE HONORABLE COURT TO GRANT THE FOLLOWING FOR VIOLATIONS OF THE UNITED STATES CONSTITUTION FIRST AMENDMENT COMPLAINT TO ACCESS TO COURTS WITH ACTUAL INJURY, VIOLATIONS OF TITLE #II OF AMERICANS WITH DISABILITY, EMOTIONAL AND MENTAL DAMAGES INCLUDING VIOLATIONS OF THE REHABILITATION ACT OF 504:

(A) GRANT RELIEF FOR MONETARY AND COMPENSATIONAL DAMAGES FOR VIOLATIONS OF THE UNITED STATES CONSTITUTION FIRST AMENDMENT RIGHTS ACCESS TO COURTS WITH ACTUAL INJURY FIRST CAUSE OF ACTION AND THIRD CAUSE OF ACTION FOR THE VIOLATIONS OF AMERICAN WITH DISABILITIES ACT WHICH ACTUAL DAMAGES SUFFERED ARE COMPENSABLE:

(I) $810,000 Thousand Against Defendant Timothy J. Reilly Imperial County Deputy Public Defender;

(II) Grant $700,000 Thousand for the following Injuries of emotional and mental damages caused by Defendant Timothy J. Reilly Imperial County Deputy Public Defender.

(B) Grant Punitive DAMAGES of $200,000 Thousand Against The Defendant Timothy J. Reilly Imperial County Deputy Public Defender For violating Clearly Established law under The Americans with Disability Act of 1990 and Rehabilitation Act of 1973.

(C) Grant Any And all other Relief As The JURY find Appropriate.

(a) Damages in total Sum of $810,000 Thousand,

(b) Punitive damages $200,000 Thousand in Total Sum.

(c) Emotional and mental Stress Total sum $700,000

(d) Total and maximum Amount of sum # 2,000,000 million for All deprivation in this complaint. Two million dollars.

Plaintiff Request that a district judge be designated to decide dispositive matters and Trail by Jury in this case.

Dated: 1-23-08                      Written for:

_M. Al_____

Michael  E. Allen - H42389
California State Prison
P.O. Box - 5002
California, Calif 92233

— VERIFICATION —

This is A Declaration under the penalty of perjury that the foregoing facts in this complaint are true and correct to the best of my knowledge and belief the following Information, Allegations and facts are the truth under the Laws of The State of California. Executed on this 23rd day of January 2008, In Imperial County.

Written and submitted for:

_M. Al_____

Michael   E.  Allen / declarant

EX#2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL ALLEN,
CDCR# H-42389,

               Plaintiff,

    vs.

TIMOTHY J. REILLY,
Deputy Public Defender,

             Defendant.

Civil No.  07-2331 JLS (CAB)

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**

## I.    Procedural History

On December 12, 2007, Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Imperial, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged that the Deputy Public Defender appointed to represent him in his civil commitment hearings violated his right to due process by failing to adequate represent him.

In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion for Temporary Restraining Order ("TRO") [Doc. No. 3]. This Court granted Plaintiff's Motion to Proceed *IFP*, denied his Motion for TRO and dismissed his Complaint for failing to state a claim upon which relief could be

1  granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See* Jan. 11, 2008 Order at 7.

2  However, the Court granted Plaintiff leave to file an Amended Complaint but cautioned

3  Plaintiff that he must correct the deficiencies of pleading identified by the Court.  *Id.* at 7.  On

4  January 30, 2008, Plaintiff filed his First Amended Complaint ("FAC").

5  **II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

6  As the Court stated in its previous Order, notwithstanding payment of any filing fee or

7  portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints

8  filed by prisoners against officers or employees of governmental entities and dismiss those or

9  any portion of those found frivolous, malicious, failing to state a claim upon which relief may

10  be granted, or seeking monetary relief from a defendant immune from such relief.  *See* 28 U.S.C.

11  §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

12  (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

13  Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only

14  frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.   However 28 U.S.C.

15  §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule

16  on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal

17  pursuant to FED. R. CIV. P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires

18  a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*

19  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).   The district court should grant leave to

20  amend, however, unless it determines that "the pleading could not possibly be cured by the

21  allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

22  defect."  *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

23  1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

24  "[W]hen determining whether a complaint states a claim, a court must accept as true all

25  allegations of material fact and must construe those facts in the light most favorable to the

26  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

27  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while liberal

28  construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

1   1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that

2   were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268

3   (9th Cir. 1982).

4          As currently pleaded, once again, it is clear that Plaintiff's First Amended Complaint fails

5   to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof

6   requirements upon a claimant: (1) that a person acting under color of state law committed the

7   conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

8   immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983;

9   *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*,

10  474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

11         The only named Defendant in Plaintiff's First Amended Complaint is Deputy Public

12  Defender Thomas Reilly. As stated above, in order to proceed with a section § 1983 action,

13  Plaintiff must be able to demonstrate that the person he seeks to hold liable is "acting under color

14  of state law." *See* 42 U.S.C. § 1983. A person "acts under color of state law [for purposes of

15  § 1983] only when exercising power 'possessed by virtue of state law and made possible only

16  because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454

17  U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys

18  appointed to represent a criminal defendant or civil committee during trial, do not generally act

19  under color of state law because representing a client "is essentially a private function ... for

20  which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States*

21  *v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).

22         Here, Plaintiff argues that Deputy Public Defender Reilly is a state actor because he is

23  an employee of the Imperial County Public Defenders Office. (FAC at 2.) In this matter,

24  Plaintiff seeks to hold Defendant Reilly responsible because he allegedly failed to turn over

25  documents to Plaintiff to use in a subsequent civil proceeding. However, as the Court previously

26  stated, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients,

27  investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not

28  act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42,

1   53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th

2   Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under

3   § 1983 because, so long as he performs a traditional role of an attorney for a client, "his

4   function," no matter how ineffective, is "to represent his client, not the interests of the state or

5   county.").

6       Thus, because Defendant Reilly was performing actions in the "traditional role of an

7   attorney for a client," he is not a "state actor" for § 1983 purposes, no matter how ineffective

8   Plaintiff alleges Defendant Reilly may have been. *Miranda*, 319 F.3d at 468.

9       Accordingly, Plaintiff's claims against the Deputy Public Defender Reilly must be

10  dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28

11  U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

12  **III.   Conclusion and Order**

13      Good cause appearing, **IT IS HEREBY ORDERED**:

14      Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon

15  which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover,

16  because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time,

17  leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.

18  1996) (denial of a leave to amend is not an abuse of discretion where further amendment would

19  be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D.

20  Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in

21  law, this action should be dismissed without leave to amend; any amendment would be futile.")

22  (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

23      The Clerk shall close the file.

24      **IT IS SO ORDERED.**

25

26  DATED: March 19, 2008

27                          *Janis L. Sammartino*
                            Honorable Janis L. Sammartino

28                          United States District Judge

# United States District Court

### SOUTHERN DISTRICT OF CALIFORNIA

Michael Allen

V.

Timothy J. Reilly

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER:    07cv2331 JLS (CAB)

☐   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒   **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

Plaintiff's First Amended Complaint is dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is Denied.

| March 20, 2008 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

s/M. Zvers

(By) Deputy Clerk

ENTERED ON March 20, 2008

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Michael G. Allen _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _____ Plaintiff _____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _____ 2nd _____ DAY OF: _____ April _____ 2008 AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) _____ M. Sel _____
(DECLARANT/PRISONER)

___

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Michael G. Allen AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002,
CALIPATRIA, CALIFORNIA #92233-5002.

ON 4-2-08 _____ 2008 I SERVED THE FOREGOING: Motion for
Reconsideration and objection to Motion To Dismiss

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

Jerry Brown, Attorney General
110 West "A" Street, Suite #1100
San Diego, Calif 92101

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 4-2-08 _____ _____ M. Sel _____
(DECLARANT/PRISONER)