# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN, CDCR #H-43289, <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY J. REILLY, <br><br> Defendant. | Civil No. 07-2331 JLS (CAB) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> [Doc. No. 14] |

On December 12, 2007, Michael Allen ("Plaintiff"), an inmate currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"), along with a Motion for Temporary Restraining Order ("TRO").

On January 11, 2008, this Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion for TRO and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* Jan. 11, 2008 Order at 6-7. Specifically, the Court informed Plaintiff that he could not proceed with his civil rights claim against the Deputy Public

Defender because he is not a "person acting under color of state law" which is an essential element of a § 1983 action. *Id.* (citing 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981)).  Nonetheless, the Court provided Plaintiff with the opportunity to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. (*Id.* at 7.) On January 30, 2008, Plaintiff filed his First Amended Complaint but the Court found that he failed to correct the problems previously identified by the Court.  Thus, on March 19, 2008, the Court once again dismissed Plaintiff's First Amended Complaint because he failed to name a "state actor" as set forth by 42 U.S.C. § 1983. *See* Mar. 19, 2008 Order at 3.  Plaintiff now seeks reconsideration of the Court's Order because he believes that the Court should have analyzed his access to courts claim and should have found that Defendant Reilly was a "state actor" for purposes of § 1983. (Pl.'s Mot. at 1-2.)

## I.   Plaintiff's Motion for Reconsideration

### A.   Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*,

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i).  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b).  Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief.  FED.R.CIV. P. 60(b).

455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**B.    Discussion**

In both Plaintiff's original Complaint, as well as his First Amended Complaint, he attempted to hold the Deputy Public Defender appointed to represent him in his criminal proceedings, liable for an access to courts claim because he failed to promptly turn over files to Plaintiff. As the Court informed Plaintiff in both Orders, a Deputy Public Defender is not considered a "state actor" for § 1983 purposes. *See Georgia v. McCullom*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25. Plaintiff seeks to convince the Court in his Motion that he should be able to proceed with his access to courts claim despite not being able to show that the Defendant is the proper Defendant in a 1983 action. Case law is clear that no matter how ineffective Plaintiff maintains Defendant Reilly was in failing to turn over his case files in a prompt manner, he is not a "state actor." *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs the traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Here, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

////
////
////
////

**II.     Conclusion and Order**

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 14]. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: May 1, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge